## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all other similarly situated,<br>Plaintiff | : : : : | |
| v. | : : : | NO. 15-01429 |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co.<br>700 S. Flower Street, Ste. 200<br>Los Angeles, CA 90017 | : : : : : : : : : | |
| and | : : | |
| CITY OF PHILADELPHIA<br>100 S. Broad Street<br>Philadelphia, PA 19110 | : : : | **JURY TRIAL DEMANDED** |
| and | : : | |
| PHILADELPHIA SHERIFF'S OFFICE<br>100 South Broad Street, 5th Floor<br>Philadelphia, PA 19110<br>Defendants | : : : | |

## AMENDED CLASS ACTION COMPLAINT

### I.   PARTIES

1.     Plaintiffs, Lisa and Mark Butterline ("Plaintiffs"), are citizens of Pennsylvania and reside in Philadelphia County.  Lisa Butterline resides at 32 Briaroot Lane, Levittown, Pennsylvania 19054.  Mark Butterline resides at 7310 Loretto Avenue, Philadelphia, Pennsylvania 19111.

2.    Defendant, The Bank Of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co. ("Bank of New York"), is incorporated in New York and a citizen of New York.  Bank of New York is located at 700 S. Flower Street, Ste. 200, Los Angeles, CA 90017.

3.    Defendant City of Philadelphia is a political subdivision of Pennsylvania and City of the First Class, located entirely within and comprising all of Philadelphia County and with offices at 100 S. Broad Street, Philadelphia, PA 19110.

4.    Defendant, the Philadelphia Sheriff's Office ("Sheriff's Office"), is an entity of the City of Philadelphia, capable of being sued, and having its offices at 100 S. Broad Street, 5th Floor, Philadelphia, Pennsylvania 19110.

## II.    VENUE

5.    Venue is proper in this Court because all transactions occurred in Philadelphia County which is located in the Eastern District of Pennsylvania.  Venue is proper pursuant to 28 U.S.C. § 1391(e)(2).

## III.    JURISDICTION

6.    Subject matter jurisdiction is proper in this district under 28 U.S.C. §1331. Further, this action exceeds $5 million in damages.  Plaintiffs are seeking damages against Defendants, City of Philadelphia and Philadelphia Sheriff's Office pursuant to 42 U.S.C. §§ 1981 and 1983.  Further, Defendants personally availed themselves of jurisdiction in Pennsylvania.

IV.    FACTS

7.    Plaintiffs owned a property located at 2713 East Huntingdon Street, Philadelphia, Pennsylvania 19125.

8.    Plaintiffs suffered financial distress due to loss of employment and illnesses and were unable to maintain payment on their mortgage for the above property.

9.    Because of the failure to meet the requirements of the mortgage, the mortgagee, Bank of New York, filed a complaint for mortgage foreclosure on November 15, 2007 in Philadelphia County Court of Common Pleas.

10.    On April 23, 2009, after litigation and the foreclosure process, Defendant, Bank of New York, filed an Order for Judgment against Plaintiffs in the amount of $62,764.79. A true and correct copy of the Order for Judgment and accompanying documents are attached hereto, made a part hereof and marked Exhibit "A".

11.    Thereafter, Bank of New York filed a Praecipe for Writ of Execution and Writ of Execution listing plaintiffs' home for sheriff's sale. A true and correct copy of the Praecipe and Writ of Execution are attached hereto, made a part hereof and marked Exhibit "B".

12.    Pursuant to said judgment, the property went up for Sheriff's Sale on November 1, 2011.

13.    After competitive bidding from third parties on the property, Defendant, Bank of New York, won the bid for $93,000.

14.    On July 23, 2012, the property was deeded from the Defendant, Sheriff's Office, to Defendant, Bank of New York, for consideration in the amount of $93,000. A true and correct copy of the deed is attached hereto, made a part hereof and marked Exhibit "C".

15.    Pursuant to the Defendant, Sheriff's Office's policy, Defendant, Bank of New

York, was never required to pay $93,000, but was only required to pay the costs owed to the city

of Philadelphia. These costs totaled $16,291.11. It is upon information and belief that

Defendant, Bank of New York, only had to pay $3,045 after the above judgment was entered.

Further, the Defendant, Sheriff's Office, never filed a Schedule of Distribution identifying who

was to be paid pursuant to the sale. The Schedule of Distribution is a list of the liens on the

property sold at sheriff's sale that is required to be kept on file and available for inspection in the

sheriff's office unless the property is sold to the plaintiff for costs only. Pa. R.C.P. 3136(a).

Attached hereto, made a part hereof and marked Exhibit "D" is a printout from the sheriff's

office concerning the sale.

      16.     The Defendant, Sheriff's Office, acknowledges that it is their policy not to collect

any other monies from the sale but only the costs owed to the City of Philadelphia. Attached

hereto and made a part hereof as Exhibit "E" for December 18, 2014 letter.

      17.     According to the Sheriff's Office, when the bank wins the bid at the sheriff's sale,

the bank will not pay the full amount of the bid. The bank will only pay taxes owed to

Defendant, Sheriff's Office, which include water bill, transfer tax, etc. See Exhibit "F" for

December 24, 2014 letter. When the winning bidder is a third party and not the executing

creditor, the Sheriff's Office retains the amount exceeding the judgment and costs and provides

the additional funds to the owner only upon application, known as a Defendant Asset Recovery

Claim, if one is made, without alerting the owner of the funds' availability.

      18.     In December, 2014 plaintiffs filed a Defendant Asset Recovery Claim pursuant to

the Philadelphia Sheriff's Office's local rules. Pursuant to this action, labeled DART, plaintiff

requested all surplus funds obtained during the sale. However, on December 18, 2014 the City

of Philadelphia rejected its claim stating that when the bank takes a property in foreclosure, it is

only required to pay costs and, therefore, there are no surplus funds.  Plaintiffs now bring this action.

## V.    SUMMARY OF LAW

19.    Pursuant to the Pennsylvania Rules of Civil Procedure 3136, when a home is sold due to a foreclosure, the defendant, Sheriff's Office, shall prepare a Schedule of Proposed Distribution of Proceeds of the sale which shall be kept on file and should be available for inspection with the Sheriff's Office unless the property is sold to the plaintiff for costs only. Pa.R.C.P. No. 3136(a).

20.    Pursuant to the Pennsylvania Rules of Civil Procedure 3136(d), all monies obtained through the Sheriff's Sale should be distributed pursuant to the Schedule of Distribution.

21.    Upon information and belief, the Philadelphia Sheriff's Office does not distribute the proceeds of the sheriff's sale in accordance with the proposed schedule of distribution to the homeowners or property owners who lose their real property at sheriff's sale unless they file a Defendant Asset Recovery Claim with the sheriff's office to recover the funds due and owing to them.

22.    Contrary to the Pennsylvania Rules of Civil Procedure, the Defendant, Sheriff's Office, has a policy when a bank owns or wins the bid, the bank only pays the costs owed to the City of Philadelphia.  These costs include water bills, city transfer taxes and other liens on the home.

23.    Under Pennsylvania law, when a homeowner's house goes into foreclosure and the accepted bid by the Defendant, Sheriff's Office, exceeds the costs and liens owed on the house, the foreclosed homeowner is entitled to excess funds from the sale.  See, *In Re: Sheriff's*

*Excess Proceeds Litigation*, 98 A.3d 706, fn. 2 (Cmwlth. Ct. 2014).

24.     In this case, Defendant Bank of New York received a judgment in the amount of $62,764.79.  However, they purchased the home for $93,000 which is in excess of their judgment plus costs owed on the property.  Thus, Plaintiffs were entitled to the difference of what was sold and the liens and costs owed on the property.

25.     It is based upon information and belief that the Defendant, Sheriff's Office, only requires, when the executing creditor wins the bid, to pay the costs, thereby unlawfully preventing homeowners who lost their homes from receiving the amount of the bid over and above the executing creditor's judgment plus costs pursuant to a sale as entitled to them under Pennsylvania law.  Thus, Plaintiffs bring this action against Defendant Bank of New York and Defendant Sheriff's Office for failure to provide monies in excess of Bank of New York's judgment plus costs owed at Sheriff's Sale.

26.     All property not claimed by plaintiff within three years is deemed abandoned by Pennsylvania law.  72 PS § 1301.9.

## VI.     CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action pursuant to Rule 23(b)(3) and (b)(2) of the Federal Rules of Civil Procedure on behalf of themselves and the following classes:

> (1)  Individuals whose real estate was foreclosed upon and was purchased by an executing creditor for more than their judgment plus costs which was only required by the defendant, Sheriff's Office to pay costs, thereby failing to provide money to the property owners who had equity in their property and whose properties sold for more than the judgment plus the costs owed on the property.

> and

> (2) Individuals whose real estate was foreclosed upon by the Bank

of New York and did not receive excess funds because the Bank of
New York only paid the costs owed to the city rather than the
amount over and above its judgment plus costs that is owed to
plaintiffs and members of the class.

and

(3) Individuals whose real property was sold yet the Philadelphia
sheriff's office has failed and refused to distribute the proceeds in
accordance with the schedule of distribution in accordance with Pa.
R.C.P. 3136(d) unless the real property owner files a Defendant
Asset Recovery Claim with the sheriff's office requesting a
distribution.

28.     This action has been brought and may be properly maintained as a class action

under Federal law and satisfies numerosity, commonality, typicality and adequacy requirements

for maintaining a class action under Federal Rules of Civil Procedure Rule 23(a). \

29.     The purposed class is so numerous that individual joinder of all its members is

impractical.

30.     Upon information and belief, there are hundreds of people who have lost their

homes in the City of Philadelphia and whose home was purchased by the executing creditor who

owned the loan but did not provide any funds in excess of the liens owed on the property.

31.     Upon information and belief, joinder of all individuals is impractical because of

the large number of members of the class.  In fact, the class members are likely dispersed over a

large geographical area with some members presently residing outside of Philadelphia County

and this judicial district.

32.     Upon information and belief, many members of the class would likely have

difficulty pursuing their rights individually.

**Common Questions of Law and Fact**

33.     Common questions of law and fact exist to all members of the class in that they all had their right to excess funds from a foreclosure sale prevented by the defendants' policy of only requiring the bank pay costs rather than the full purchase price of the winning bid.

34.     The common questions of law and fact include but are not limited to:

a)   whether the defendant, Sheriff's Office is required to demand payment of the difference between the winning bid and the executing creditor's judgment plus costs on homes purchased by the executing creditor at a Sheriff's Sale;

b)   whether the defendant, Sheriff's Office is required, pursuant to Pennsylvania Rules of Civil Procedure 3133 and 3136 to file a Schedule of Distribution where the amount bid exceeds the credit bid available to the executing creditor pursuant to Pa. R.C.P. 3133 plus costs;

c)   whether an executing creditor is required to pay the difference between the amount of the winning bid, minus the amount of any proceeds to which the lien creditor is entitled pursuant to Pa. R.C.P. 3133;

d)   whether the defendant, Sheriff's Office violated plaintiffs' and members of the class' Constitutional rights by not requiring Bank of New York to pay the difference between the winning bid and its judgment;

e)   whether the Philadelphia sheriff's office violates Pa. R.C.P. 3136(d) by not distributing the proceeds of sale in accordance with the proposed schedule of distribution if one is filed and in the present case, not even preparing a schedule of distribution even though the property was sold for more than plaintiff's judgment plus costs; and

f) whether the Bank of New York owes plaintiffs and members of the class

money for not paying to the Sheriff's office the difference between its

judgment and the winning bid, which would have included monies

payable to the Butterlines or other real property owners.

### A.  Typicality

35.     Plaintiffs' claims are typical of the claims of the class since plaintiffs and

members of the class sustained damages arising out of defendants' course of conduct.  The harms

suffered by plaintiffs are typical of the harms suffered by the class.

### B.  Adequacy

36.     Plaintiffs are adequate representatives of the class because they have personal

interest in the outcome of the action and will fairly and adequately protect the interests of the

class.  Plaintiffs have no interests that are adverse to the interests of the members of the class

37.     Plaintiffs have retained counsel who are substantially experienced and successful

in prosecuting class actions and/or are knowledgeable concerning Sheriff's sales.  The named

plaintiffs are being represented by Daniel C. Levin, Esquire, Levin, Fishbein, Sedran & Berman,

Christopher G. Hayes, Esquire, The Law Offices of Christopher G. Hayes and Michael Louis,

Esquire, MacElree Harvey, Ltd.

38.     Plaintiff knows of no conflict between members of the class or between counsel

and members of the class.

39.     This action, in part, seeks declaratory and injunctive relief.  As such, the

plaintiffs seek class certification under Federal Rules of Civil Procedure Rule 23(b)(2) in that all

class members are subject to the same policy of requiring the executing creditor to only pay the

costs owed on the property rather than the difference between the executing creditor's judgment

as a credit bid pursuant to Pa. R.C.P. 3133 and the winning bid, thereby preventing plaintiffs and members of the class from receiving excess sums from the Sheriff's Sale.

40.    Common questions of law and fact exist to all members of the class and predominate over any questions that affect only individual class members.  These common questions of law and fact include, without limitation, the common and predominate question of whether the defendant, the Sheriff's *de facto* policy of only requiring the bank to pay liens and costs owed on the property rather than full amount bid and failing to file a Schedule of Distribution with the Sheriff's Office, and then distributing the proceeds of sale in accordance with the schedule of distribution as secured by Pa. R.C.P. 3136(d), thereby preventing plaintiffs from collecting excess funds that are owed to them when their property is sold at foreclosure.

41.    Class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since joinder of all individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a large geographical area.  Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress their wrongs done to them.  The cost to the federal court system of adjudicating thousands of individual cases would be enormous.  Individualized litigation would also magnify the delay and expense of all parties and the court system.  By contrast, the conduct of this action is a class action and this district presents far fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the class.

42.    Upon information and belief, there are no other actions pending to address the defendants' flagrant violation of the rights of individuals.

43.    In the alternative, certification under Federal Rules of Civil Procedure Rule

23(b)(3), plaintiffs also seek partial certification under Federal Rules of Civil Procedure Rule
23(c)(4).

## FIRST CAUSE OF ACTION
## DENIAL OF PROCEDURAL DUE PROCESS

44.    Plaintiffs incorporate by reference paragraphs 1 through 43 of this complaint as if
fully set forth herein.

45.    Plaintiffs and members of the class did not receive procedural due process which
was free from arbitrary and illegitimate government actions when their property was taken after
the Sheriff's Sale of their home/real property without requiring the payment of the full amount of
the purchase price and remittance of amounts owed to the Plaintiffs and members of the class, or
the schedule of distribution required by law.

46.    Plaintiffs and members of the class' Fifth and Fourteenth Amendments rights
were violated from prohibition of unreasonable seizure and taking of property.

47.    Plaintiffs and members of the class had a constitutional right to interest in funds
owed to them from the sale of their home sold in Sheriff's Sale that were not distributed to them
as required by Rule 3136(d).

48.    The defendants, City of Philadelphia and Philadelphia Sheriff's Office violated
plaintiffs' constitutional rights by failing to accept the bid by the defendant, Bank of New York
and other executing creditors and only requiring them to pay costs rather than the difference
between the executing creditor's receipt or credit bid pursuant to Pa. R.C.P. 3133 and the amount
actually bid at the sheriff's sale.

49.    Further, the defendants, City of Philadelphia and Philadelphia Sheriff's Office
violated plaintiffs and members of the class' constitutional rights by not filing a Schedule of

Distribution to identify to property owners and members of the class who was entitled to the proceeds of the Sheriff's Sale and not distributing the excess proceeds to the homeowners/property owners unless they filed a Defendant Asset Recovery Claim with the sheriff's office requesting the distribution.

50.     The defendants, City of Philadelphia and Philadelphia Sheriff's Office took property from plaintiffs and members of the class that was owed to them by allowing the bank to only pay costs to the defendant, Sheriff's Office and also failing to file a Schedule of Distribution and then distributing the proceeds in accordance with the Schedule of Distribution as required by law.

51.     Plaintiffs and members of the class' property interest are established by Pennsylvania law.  Pursuant to Pennsylvania law, a real property owner whose property that goes into foreclosure is entitled to any excess funds from sale owed after the liens and costs are paid. Thus, under Pennsylvania law, plaintiffs and members of the class are entitled to excess funds from a Sheriff's Sale.

52.     As a direct and proximate result of the unconstitutional acts described above the plaintiffs and members of the class have been injured.

53.     The defendants were, at all relevant times, acting under color of state law, thus making the Plaintiffs and members of the class entitled to a remedy for the violations of their constitutional rights under 42 U.S.C. §1983 .

54.     Defendant, Sheriff's Office knew that their policy was illegal and acted wilfully, knowingly and with specific intent to deprive plaintiff and members of the class of their property interest.

55.     As a direct and proximate result of the unconstitutional acts described above,

plaintiffs and members of the proposed class have been irreparably injured.

**SECOND CAUSE OF ACTION**
**BREACH OF IMPLIED CONTRACT**
**AGAINST BANK OF NEW YORK**

56.     Plaintiffs incorporate by reference paragraphs 1 through 55 of this complaint as if fully set forth herein.

57.     Every contract, including the note and mortgage between plaintiffs and Bank of New York, imposes on the parties thereto a duty of good and fair dealing in the performance and enforcement of the contract. Liazis v. Kosta, Inc., 421 Pa. Super. 502, 618 A.2d 450 at 454 (1992).

58.     The defendant, Bank of New York breached its duty of good faith and fair dealing with plaintiffs and members of the class by failing to pay the winning bid on a Sheriff's Sale.

59.     A bank is required to pay the difference between the amount of the winning bid, minus the amount of any proceeds to which the lien creditor is entitled pursuant to Pa. R.C.P. 3133.

60.     The Bank of New York owes plaintiffs and members of the class money for not paying to the Sheriff's office the difference between its judgment and the winning bid, which would have included monies payable to the Butterlines or other homeowners.

61.     Defendant, Bank of New York's policy is to only pay the costs owed to the city and not provide any excess funds to the sheriff which would ultimately be paid to the homeowners.

62.     Defendant, Bank of New York breached its duty of good faith and fair dealing with plaintiffs and members of the class by failing to pay the difference between the amount bid and its judgment.

63.     As a direct and proximate result of Bank of New York's action, plaintiffs and members of the class are entitled to damages.

## THIRD CAUSE OF ACTION
## DEMAND FOR DECLARATORY JUDGMENT

64.     Plaintiffs incorporate by reference paragraphs 1 through 63 of this complaint as if fully set forth herein.

65.     The policy, custom and practice of the defendant, the Sheriff is unconstitutional. Defendant is not collecting full bids from executing creditors who win the bid at the Sheriff's Sale.

66.     The defendant, the Sheriff does not file a Schedule of Distribution when an executing creditor wins the bid at a Sheriff's Sale identifying who is entitled to which proceeds from the sale.

67.     The defendant, the Sheriff is violating constitutional rights of plaintiffs and members of the class by only requiring the executing creditor to pay costs owed to the city when the executing creditor wins the bid when the sheriff should be requiring the executing creditor to pay the difference between the credit bid permitted to an executing creditor under Pa. R.C.P. 3133 and the amount of the actual bid thereby preventing plaintiffs and members of the class from receiving excess funds from the sheriff's sale.

68.     Plaintiffs and members of the class request that this Court issue a declaratory judgment and that it declare defendants' policies unconstitutional.

## VII.   DEMAND FOR TRIAL BY JURY

69.     Plaintiffs hereby demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs and the class are entitled to the prayer for the following relief:

    A.      An order certifying this action to be maintained as a class action;

    B.      A judgment against defendants on plaintiff's First and Second Cause of Action of awarding compensatory and punitive damages to the named plaintiffs and each member of the proposed class in an amount to be determined by the jury and/or the Court on both an individual and classwide basis;

    C.      A declaratory judgment against the Philadelphia Sheriff's Office's policy, practice and procedure of not distributing the proceeds of sale to defendant real property owners without them filing a Defendant Asset Recover Claim requesting their money and in requiring executing creditors to pay the difference between the amount bid and the amount of the credit bid allowed pursuant to Pa. R.C.P. 3133 and not filing a Schedule of Distribution to identify to all class members' their rights to excess funds;

    D.      A monetary award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 23.

                              Respectfully submitted,

Date:  May 14, 2015                /s/ Daniel C. Levin
                                    Daniel C. Levin, Esquire
                                    **LEVIN, FISHBEIN, SEDRAN & BERMAN**
                                    510 Walnut Street, Suite 500
                                    Philadelphia, PA 19106

Christopher G. Hayes, Esquire
**THE LAW OFFICE OF CHRISTOPHER G. HAYES**
225 S. Church Street
West Chester, PA 19382

Michael Louis, Esquire
**MACELREE HARVEY, LTD.**
17 West Miner Street, PO Box 660
West Chester, PA 19381

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on this 14th day of May, 2015, I have served a true and correct copy of a Plaintiff's Amended Complaint upon all counsel of record via the Court's electronic notification system.

/s / Daniel C. Levin
**DANIEL C. LEVIN, ESQUIRE**

# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF Philadelphia COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
     Plaintiff

ACTION OF MORTGAGE FORECLOSURE

Term
No.  071100509

                          vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortgagor(s) and
Record Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125
     Defendant(s)

## ORDER FOR JUDGMENT

      Please enter Judgment in favor of  THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE and against LISA BUTTERLINE and MARK S. BUTTERLINE  for failure to file an Answer in the above action within (20) days, or by agreement if defendant is THE UNITED STATES OF AMERICA, from the date of service of the Complaint, in the sum of $62,764.79.

      I hereby certify that the above names are correct and that the precise residence address of the judgment creditor is THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE, 3451 Hammond Avenue Suite 150 Waterloo, IA 50702 and that the name(s) and last known address(es) of the Defendant(s) is/are LISA BUTTERLINE, 2713 East Huntington Street, Philadelphia, PA 19125 and MARK S. BUTTERLINE, 2713 East Huntington Street, Philadelphia, PA 19125 .

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff
Attorney I.D. #56129
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322

Case ID: 071100509

CHECK #_____

# AFFIDAVIT OF SERVICE

| PLAINTIFF/S/<br>**THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR<br>TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE** | COURT NUMBER<br>**NOVEMBER 2007    000509** |
|---|---|
| DEFENDANT/S/<br>**LISA BUTTERLINE<br>MARK S. BUTTERLINE** | XX  COMPLAINT - MORTGAGE FORECLOSURE<br>_____ WRIT OF EXECUTION - MORTGAGE ORECLOSURE<br>_____ COMPLAINT – EJECTMENT<br>_____ WRIT OF POSSESSION |

| **SERVE**<br><br>**AT** | { | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE<br>**MARK S. BUTTERLINE**<br><br>ADDRESS (Street or Road, Apartment No., City, Boro, Twp., State and ZIP Code)<br>**2713 East Huntington Street Philadelphia, PA 19125** |
|---|---|---|

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE:

ADDRESS OF ATTORNEY FOR PLAINTIFF
GOLDBECK McCAFFERTY & McKEEVER
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA  19106

EDWARD RAMOS, hereby certifies in accordance with law that he did serve upon above named Defendant a true and correct copy of the above-captioned on the _____8th_____ day of _Novermber_ 20 _07_ at _7.03_ o'clock _A_ .M., in the following manner:

( ) Defendant(s) personally served.
(✓) Adult family member with whom said Defendant(s) reside(s).
    Relationship is _Co defendant_
( ) Adult in charge of Defendant's residence who refused to give name or relationship.
( ) Manager / Clerk of place of lodging in which Defendant(s) reside(s).
( ) Agent or person in charge of Defendant's office of usual place of business.
( ) _____ an officer of said Defendant company.
( ) POSTED in accordance with Court Order.
( ) Other _____

On the _____ day of _____, 20___, at _____ o'clock, ___ .M., Defendant not found because:

( ) Moved    ( ) Unknown    ( ) Vacant    ( ) Other _____.

I certify the foregoing to be true and correct.

SWORN TO AND SUBSCRIBED:                    SIGNATURE _Edward Ramos_
Before me this _____ day
of _____ Nov 9 _____

2007:   PRINT NAME _EDWARD RAMOS_

_____Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA L. HAND, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 19, 2010

55530
Case ID: 071100509

CHECK #_____

# AFFIDAVIT OF SERVICE

| PLAINTIFF/S/<br>**THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR**<br>**TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE** | COURT NUMBER<br>**NOVEMBER 2007   000509** |
|---|---|

| | |
|---|---|
| | xx    COMPLAINT - MORTGAGE FORECLOSURE |
| | ____    WRIT OF EXECUTION – MORTGAGE ORECLOSURE |
| | ____    COMPLAINT – EJECTMENT |
| | ____    WRIT OF POSSESSION |

DEFENDANT/S/
**LISA BUTTERLINE**
**MARK S. BUTTERLINE**

**SERVE**

**AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE
**LISA BUTTERLINE**

ADDRESS (Street or Road, Apartment No., City, Boro, Twp., State and ZIP Code)
**2713 East Huntington Street Philadelphia, PA 19125**

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE:

ADDRESS OF ATTORNEY FOR PLAINTIFF
     GOLDBECK McCAFFERTY & McKEEVER
     Suite 5000 – Mellon Independence Center
     701 Market Street
     Philadelphia, PA 19106

EDWARD RAMOS, hereby certifies in accordance with law that he did serve upon above named Defendant a true and correct copy of the above-captioned on the _____8th_____ day of _____November_____ 20_07_ at _9:03_ o'clock _A_ .M., in the following manner:

( ✓ )   Defendant(s) personally served.
( )   Adult family member with whom said Defendant(s) reside(s).
     Relationship is _____
( )   Adult in charge of Defendant's residence who refused to give name or relationship.
( )   Manager / Clerk of place of lodging in which Defendant(s) reside(s).
( )   Agent or person in charge of Defendant's office of usual place of business.
( )   _____ an officer of said Defendant company.
( )   POSTED in accordance with Court Order.
( )   Other _____

On the _____ day of _____, 20___, at _____ o'clock, ____ .M., Defendant not found because:

( )   Moved     ( )   Unknown     ( )   Vacant     ( )   Other _____.

I certify the foregoing to be true and correct.

SWORN TO AND SUBSCRIBED:        SIGNATURE _Edward Ramos_
Before me this _9_ day:
of _____Nov_____
2007:    PRINT NAME    EDWARD RAMOS
       COMMONWEALTH OF PENNSYLVANIA

     Notary Public

NOTARIAL SEAL
BARBARA L. HAND, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 19, 2010

Case ID: 071100509

## In the Court of Common Pleas of Philadelphia County

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702

                   Plaintiff

            vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
**(Mortgagor(s) and Record Owner(s))**
2713 East Huntington Street
Philadelphia, PA 19125

                  Defendant(s)

No. 071100509

### PRAECIPE FOR JUDGMENT

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

Enter the Judgment in favor of Plaintiff and against LISA BUTTERLINE and MARK S. BUTTERLINE  by default for want of an Answer.

**I CERTIFY THAT FOREGOING ASSESSMENT OF DAMAGES IS FOR SPECIFIED AMOUNTS ALLEGED TO BE DUE IN THE COMPLAINT AND IS CALCULABLE AS A SUM CERTAIN FROM THE COMPLAINT.**

(Copy of Assessment of Damages Attached)

I certify that written notice of the intention to file this praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of this praecipe. A copy of the notice is attached.  Pa.R.C.P. 237.1

_____
Michael T. McKeever
Attorney for Plaintiff
I.D. #56129

AND NOW _____, Judgment is entered in favor of THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE and against LISA BUTTERLINE and MARK S. BUTTERLINE  by default for want of an Answer  and damages assessed in the sum of $62,764.79 as per the above certification.

_____
Prothonotary

Case ID: 071100509

OFFICE OF THE PROTHONOTARY

## COURT OF COMMON PLEAS
ROOM 284, CITY HALL, PHILADELPHIA, PA 19107

JOSEPH EVERS
     Prothonotary

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
     Plaintiff

Term
No. 071100509

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
**Mortgagor(s) and
Record Owner(s)**

2713 East Huntington Street
Philadelphia, PA 19125
     Defendant(s)

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING
TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION
OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF
COLLECTING THE DEBT.**

N O T I C E

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified that a Judgment has been entered against
you in the above proceeding as indicated below:

Joseph Evers
Prothonotary

    **X**    Judgment by Default
_____    Money Judgment
_____    Judgment in Replevin
_____    Judgment for Possession
_____    Judgment on Aware of Arbitration
_____    Judgment on Verdict
_____    Judgment on Court Findings
_____    Confession of Judgment

IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, PLEASE CALL:
ATTORNEY Michael T. McKeever at the following telephone number:
     (215) 627-1322

5-60 (2) (Rev. 4/78)55

Case ID: 071100509

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

Kindly assess the damages in this case to be as follows:

| | |
|---|---|
| Principal Balance | $42,397.30 |
| Interest from 11/01/2006 through 04/20/2009 | $9,317.66 |
| Reasonable Attorney's Fee | $2,119.87 |
| Late Charges | $541.14 |
| Costs of Suit and Title Search | $900.00 |
| Escrow Payments Due 16 X $18.66 | $298.56 |
| Escrow Advance | $5,631.03 |
| Property Inspection | $161.25 |
| Expense Advances | $997.98 |
| Corporate Advance | $400.00 |
| | $62,764.79 |

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff

AND NOW, this            day of             , 2009 damages are assessed as above.

_____

Pro Prothy

Case ID: 071100509

## VERIFICATION OF NON-MILITARY SERVICE

The undersigned, as the representative for the Plaintiff corporation within named do hereby verify that I am authorized to make this verification on behalf of the Plaintiff corporation and that the facts set forth in the foregoing verification of Non-Military Service are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are made subject to penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

     1.    That the above named Defendant, LISA BUTTERLINE, is about unknown years of age, that Defendant's last known residence is 2713 East Huntington Street Philadelphia, PA 19125, and is engaged in the unknown business located at unknown address.

     2.    That Defendant is not in the Military or Naval Service of the United States or its Allies, or otherwise within the provisions of the Soldiers' and Sailors' Civil Relief Action of Congress of 1940 and its Amendments.

Date: 4/20/09        _____

Case ID: 071100509

## VERIFICATION OF NON-MILITARY SERVICE

The undersigned, as the representative for the Plaintiff corporation within named do hereby verify that I am authorized to make this verification on behalf of the Plaintiff corporation and that the facts set forth in the foregoing verification of Non-Military Service are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are made subject to penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

1.     That the above named Defendant, MARK S. BUTTERLINE, is about unknown years of age, that Defendant's last known residence is 2713 East Huntington Street Philadelphia, PA 19125, and is engaged in the unknown business located at unknown address.

2.     That Defendant is not in the Military or Naval Service of the United States or its Allies, or otherwise within the provisions of the Soldiers' and Sailors' Civil Relief Action of Congress of 1940 and its Amendments.

Date: 4/20/09      _____

Case ID: 071100509

55530FC

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

DATE OF THIS NOTICE:  **November 29, 2007**

TO:

    **LISA BUTTERLINE**
    2713 East Huntington Street
    Philadelphia, PA 19125

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702

*Plaintiff*

    vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
(Mortgagor(s) *and* Record Owner(s))
2713 East Huntington Street
Philadelphia, PA 19125

*Defendant(s)*

In the Court of
Common Pleas
of Philadelphia County

CIVIL ACTION - LAW

Action of
Mortgage Foreclosure

NOVEMBER 2007 Term
No. 000509

TO:    **LISA BUTTERLINE**
    2713 East Huntington Street
    Philadelphia, PA 19125

## IMPORTANT NOTICE

    YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

        COMMUNITY LEGAL SERVICES, INC.
        Law Center North Central
        3638 North Broad Street
        Philadelphia, PA 19140
        215-227-2400 or 215-981-3700
        PHILADELPHIA BAR ASSOCIATION
        One Reading Center
        Philadelphia, PA 19104
        215-238-6333

*Joseph A. Goldbeck, Jr*
**GOLDBECK McCAFFERTY & McKEEVER**
BY: Joseph A. Goldbeck, Jr., Esq.
Attorney for Plaintiff
Suite 5000 – 701 Market Street.
Philadelphia, PA 19106   215-825-6318

Case ID: 071100509

55530FC

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A
DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED
FOR THE PURPOSE OF COLLECTING THE DEBT.**

DATE OF THIS NOTICE:  **November 29, 2007**

TO:

    **MARK S. BUTTERLINE**
    2713 East Huntington Street
    Philadelphia, PA 19125

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702

                           *Plaintiff*

                  vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
(Mortgagor(s) *and* Record Owner(s))
2713 East Huntington Street
Philadelphia, PA 19125

                       *Defendant(s)*

In the Court of
Common Pleas
of Philadelphia County

CIVIL ACTION - LAW

Action of
Mortgage Foreclosure

NOVEMBER 2007 Term
No. 000509

TO:   **MARK S. BUTTERLINE**
       2713 East Huntington Street
       Philadelphia, PA 19125

## IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY
OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET
FORTH AGAINST YOU.  UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT
MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER
IMPORTANT RIGHTS.  YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A
LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH
INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE
ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE
PERSONS AT A REDUCED FEE OR NO FEE.

COMMUNITY LEGAL SERVICES, INC.
Law Center North Central
3638 North Broad Street
Philadelphia, PA 19140
215-227-2400 or 215-981-3700
PHILADELPHIA BAR ASSOCIATION
One Reading Center
Philadelphia, PA 19104
215-238-6333

                                   *Joseph A. Goldbeck, Jr*
                                 **GOLDBECK McCAFFERTY & McKEEVER**
                                 BY: Joseph A. Goldbeck, Jr., Esq.
                                 Attorney for Plaintiff
                                 Suite 5000 – 701 Market Street.
                                 Philadelphia, PA 19106   215-825-6318

Case ID: 071100509

PRAECIPE FOR WRIT OF EXECUTION - (MORTGAGE FORECLOSURE)
P.R.C.P 3180-3183

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney I.D.#56129
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322
Attorney for Plaintiff



| | |
|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE<br>3451 Hammond Avenue<br>Suite 150<br>Waterloo, IA 50702<br>    Plaintiff<br><br>              vs.<br><br>LISA BUTTERLINE<br>MARK S. BUTTERLINE<br>**Mortgagor(s) and**<br>**Record Owner(s)**<br><br>2713 East Huntington Street<br>Philadelphia, PA 19125<br>    Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>of Philadelphia County<br><br>CIVIL ACTION – LAW<br><br>ACTION OF MORTGAGE FORECLOSURE<br><br>Term<br>No.  071100509 |

## PRAECIPE FOR WRIT OF EXECUTION

TO THE PROTHONOTARY:

Issue Writ of Execution in the above matter:

          Amount Due          $62,764.79 _____

          Interest from 04/21/2009 to Date of   _____
          Sale at 8.90%
                                         _____

          (Costs to be added)

_____
GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff

Case ID: 071100509

Form CP 45

Mortgage Foreclosure
Ground Rent (rem)

GOLDBECK McCAFFERTY & McKEEVER
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA  19106
(215) 627-1322

# Commonwealth of Pennsylvania

## COUNTY OF PHILADELPHIA

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
    Plaintiff

           vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
**Mortgagor(s) and**
**Real Owner(s)**
2713 East Huntington Street
Philadelphia, PA 19125
    Defendant(s)

COURT OF COMMON PLEAS

Term

No.  071100509

## WRIT OF EXECUTION

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A
DEBT OWED TO OUR CLIENT.  ANY INFORMATION OBTAINED FROM YOU WILL BE
USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

TO THE SHERIFF OF PHILADELPHIA COUNTY:

    To satisfy the judgment, interest and costs in the above matter you are directed to levy upon and sell the following
described property:
PREMISES:    2713 East Huntington Street, Philadelphia, PA 19125

See Exhibit "A" attached



AMOUNT DUE                  $62,764.79

Interest From 04/21/2009 Through Date of Sale

(Costs to be added)

JOSEPH H. EVERS, Prothonotary

By _____

Date _____

5-82 (Rev. 1/80)

Case ID: 071100509

Term _____

No. 071100509

IN THE COURT OF COMMON PLEAS

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortagor(s) and
Record Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125

WRIT OF EXECUTION
(Mortgage Foreclosure)

| | |
|---|---|
| REAL DEBT | $62,764.79 |
| INTEREST from | $ |
| COSTS PAID: | |
| PROTHY | $ |
| SHERIFF | $ |
| STATUTORY | $ |
| COSTS DUE PROTHY | $ |
| Office of Judicial Support | |
| Judg. Fee | |
| Cr. | |
| Sat. | |

PREMISES:
2713 East Huntington Street
Philadelphia, PA 19125

Michael T. McKeever
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

Case ID: 071100509

WRIT OF                                              NO.

Location:  2713 East Huntington Street Philadelphia, PA 19125

WARD  18th ward

Approximate Size:  1190 square feet

BRT#:  31416640

Improvements:  Residential Property

Subject to Mortgage:  No

Subject to Rent:  No

C.P. No.:   Term, No. 071100509

Judgment:  $62,764.79

Attorney:  Michael T. McKeever

To be sold as the property of:  LISA BUTTERLINE and MARK S. BUTTERLINE

                                        Sheriff of Philadelphia County
                                        JOHN GREEN

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150          BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Case ID: 071100509

# EXHIBIT B

PRAECIPE FOR WRIT OF EXECUTION - (MORTGAGE FORECLOSURE)
P.R.C.P 3180-3183

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney I.D.#56129
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322
Attorney for Plaintiff



---

| | |
|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE<br>3451 Hammond Avenue<br>Suite 150<br>Waterloo, IA 50702<br>     Plaintiff<br><br>         vs.<br><br>LISA BUTTERLINE<br>MARK S. BUTTERLINE<br>**Mortgagor(s) and**<br>**Record Owner(s)**<br><br>2713 East Huntington Street<br>Philadelphia, PA 19125<br>     Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>of Philadelphia County<br><br>CIVIL ACTION – LAW<br><br>ACTION OF MORTGAGE FORECLOSURE<br><br>Term<br>No.  071100509 |

---

## PRAECIPE FOR WRIT OF EXECUTION

TO THE PROTHONOTARY:

Issue Writ of Execution in the above matter:

| | |
|---|---|
| Amount Due | $62,764.79 |
| Interest from 04/21/2009 to Date of Sale at 8.90% | |
| (Costs to be added) | |

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff

Case ID: 071100509

Form CP 45

Mortgage Foreclosure
Ground Rent (rem)

GOLDBECK McCAFFERTY & McKEEVER
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

# Commonwealth of Pennsylvania

## COUNTY OF PHILADELPHIA

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
     Plaintiff

COURT OF COMMON PLEAS

Term

       vs.

No. 071100509

LISA BUTTERLINE
MARK S. BUTTERLINE
**Mortgagor(s) and**
**Real Owner(s)**
2713 East Huntington Street
Philadelphia, PA 19125
     Defendant(s)

## WRIT OF EXECUTION

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

TO THE SHERIFF OF PHILADELPHIA COUNTY:

     To satisfy the judgment, interest and costs in the above matter you are directed to levy upon and sell the following described property:
PREMISES:    2713 East Huntington Street, Philadelphia, PA 19125

See Exhibit "A" attached



AMOUNT DUE            $62,764.79

Interest From 04/21/2009 Through Date of Sale

(Costs to be added)

JOSEPH H. EVERS, Prothonotary

By _____

Date _____

071100509
23 APR 2009 08:...am
...
933

5-82 (Rev. 1/80)

Case ID: 071100509

.Term _____  No. 071100509

IN THE COURT OF COMMON PLEAS

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortgagor(s) and
Record Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125

WRIT OF EXECUTION
(Mortgage Foreclosure)

REAL DEBT                          $62,764.79
INTEREST from                      $
COSTS PAID:
      PROTHY                       $
      SHERIFF                      $
      STATUTORY                    $
COSTS DUE PROTHY                   $
Office of Judicial Support
Judg. Fee
Ct.
Sat.

PREMISES:
      2713 East Huntington Street
      Philadelphia, PA 19125

Michael T. McKeever
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

Case ID: 071100509

WRIT OF                                            NO.

Location:  2713 East Huntington Street Philadelphia, PA 19125

WARD  18th ward

Approximate Size:  1190 square feet

BRT#:  31416640

Improvements:  Residential Property

Subject to Mortgage:  No

Subject to Rent:  No

C.P. No.:   Term, No. 071100509

Judgment:  $62,764.79

Attorney:  Michael T. McKeever

To be sold as the property of:  LISA BUTTERLINE and MARK S. BUTTERLINE

                              Sheriff of Philadelphia County
                              JOHN GREEN

                                                      Case ID: 071100509

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150         BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Case ID: 071100509

# EXHIBIT C



This Document Recorded
10/31/2012        State RTT: 0.00
02 32PM          Local RTT: 1,857.80
Doc Code- DS      Commissioner of Records, City of Philadelphia

52553909
Pages: 1 of 4
10/31/2012 02 32PM
Doc Id- 52553909
Receipt #: 1171117
Rec Fee- 230.00

# Know all Men by these Presents

*THAT I, JEWELL WILLIAMS Sheriff of the County of Philadelphia and JOSEPH C. VIGNOLA*

*Undersheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in*

*consideration of the sum of ($93,000.00) to me in hand paid, do hereby grant and convey to THE*

*BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A THE BANK*

*OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR TO JPMORGAN*

*CHASE BANK N.A. AS TRUSTEE FOR RAAC 2005RP1.*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150        BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Property Address: 2713 East Huntingdon Street, Philadelphia, PA 19125

Case ID: 121102761
Case ID: 12110276
Control No.: 1309063



52553909
Page: 1 of 4
10/31/2012 02 32PM

This Document Recorded
10/31/2012    State RTT    0 00
02 32PM       Local RTT   1 497 80
Doc Code  DS   Commissioner of Records

Doc Id  52553909
Receipt #: 1171117
Rec Fee   230 00
City of Philadelphia

# Know all Men by these

# Presents

*THAT I, JEWELL WILLIAMS Sheriff of the County of Philadelphia and JOSEPH C. VIGNOLA Undersheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in consideration of the sum of ($93,000.00) to me in hand paid, do hereby grant and convey to THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RAAC 2005RP1*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150      BOARD OF REVISION NO. 31-4-166400, 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Property Address: 2713 East Huntington Street, Philadelphia, PA 19125

*The same having been sold to the said grantee, on November 01, 2011 after due advertisement,*

*according to the law, under and by virtue of a Writ of Execution issued/Decree entered on July 13,*

*2011 out of the Court of Common Pleas as of 071100509 at the suit of*

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN
CHASE BANK, N.A., AS TRUSTEE

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE

In Witness whereof, I have hereunto affixed my signature, this 23rd day of July

Anno Domini Two Thousand Twelve.

**SEALED AND DELIVERED**
**IN THE PRESENCE OF**

_____

_____

_____
Jewell Williams, Sheriff

By: _____
Joseph C. Vignola, Undersheriff

Commonwealth of Pennsylvania

County of Philadelphia

On this, this **JUL 2 8 2012** before me, the undersigned officer, personally appeared
JEWELL WILLIAMS, BY HIS UNDERSHERIFF, _____, Sheriff of the County
of Philadelphia, Pennsylvania, known to me (or satisfactory proven) to be the person described in the foregoing
instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes
therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____
Prothonotary
PROTHONOTARY
STANLEY J. CHMIELEWSKI
DEPUTY PROTHONOTARY

---

Book No. 6
Writ No. 362
Control No. _____

## Deed = Poll

JEWELL WILLIAMS, SHERIFF
JOSEPH C. VIGNOLA, UNDERSHERIFF

THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A. AS TRUSTEE, F/K/A THE
BANK OF NEW YORK TRUST COMPANY, N.J.
AS TRUSTEE, AS SUCCESSOR TO JPMORGAN
CHASE BANK N.A. AS TRUSTEE FOR RAAC
2005RP1

TO

THE BANK OF NEW YORK TRUST COMPANY,
N.A, AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE

071100509

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE

Premises: 2713 East Huntington Street Philadelphia,
PA 19125

---

The Address of the above-named Grantee is
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702:

_____
On behalf of the Grantee

KML Law Group, P.C.
BNY Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106

| | BOOK NO. | PAGE NO |
|---|---|---|
| | DATE RECORDED | |
| | CITY TAX PAID | |

## PHILADELPHIA REAL ESTATE

## TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is/is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

### A.  CORRESPONDENT - All inquiries may be directed to the following person:

| NAME  KML LAW GROUP, P.C. | TELEPHONE NUMBER<br>(215) 627-1322 | | |
|---|---|---|---|
| STREET ADDRESS<br>SUITE 5000 BNY INDEPENDENCE CENTER<br>701 MARKET STREET | CITY<br>Philadelphia | STATE<br>PA | ZIP CODE<br>19106 |

### B.  TRANSFER DATA

| | DATE OF ACCEPTANCE OF DOCUMENT |
|---|---|
| GRANTOR(S)/LESSOR(S)<br>SHERIFF OF PHILADELPHIA COUNTY | GRANTEE(S)/LESSEE(S)<br>THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A |
| STREET ADDRESS<br>Land Title Building, 100 South Broad Street, 5th Floor | STREET ADDRESS<br>3451 Hammond Avenue, Suite 150 |

| CITY<br>Philadelphia | STATE<br>PA | ZIP CODE<br>19110 | CITY<br>Waterloo | STATE<br>IA | ZIP CODE<br>50702 |
|---|---|---|---|---|---|

### C.  PROPERTY LOCATION

| STREET ADDRESS<br>2713 East Huntington Street | CITY, TOWNSHIP  BOROUGH<br>Philadelphia  -  Philadelphia | |
|---|---|---|
| COUNTY<br>Philadelphia | SCHOOL DISTRICT | TAX PARCEL NUMBER<br>N/A |

### D.  VALUATION DATA

| 1. ACTUAL CASH CONSIDERATION<br>$93,000.00 | 2. OTHER CONSIDERATION<br>+ -0- | 3. TOTAL CONSIDERATION<br>= $93,000.00 |
|---|---|---|
| 4. COUNTY ASSESSED VALUE<br>$12,576.00 | 5. COMMON LEVEL RATIO<br>FACTOR<br>X  3.97 | 6. FAIR MARKET VALUE<br>= $49,926.72 |

### E.  EXEMPTION DATA

| 1A AMOUNT OF EXEMPTION<br>0% | 1B. PERCENTAGE OF<br>INTEREST CONVEYED 0% |
|---|---|

2.      Check Appropriate Box Below for Exemption Claimed

☐    Will or intestate succession_____
       _____ (NAME OF DECEDENT)                    (ESTATE FILE NUMBER)

☐    Transfer to Industrial Development Agency

☐    Transfer to agent or straw party  (Attach copy of agency/straw party agreement.)

☐    Transfer between principal and agent. (Attach copy of agency/straw trust agreement.) Tax paid prior deed $ _____

☐    Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation
       (Attach copy of resolution.)

☒    Transfer from mortgagor to a holder of a mortgage in default  Mortgage Book JTD 1923, Page 539
                                                          Assignment of Mortgage #  doc-51854259

       Mortgagee (grantor) sold property to Mortgagor (grantee)

☐    Corrective deed. (Attach copy of the prior deed.)

☐    Other  (Please explain exemption claimed, if other than listed above.) _____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY<br>*Sharon Horton* | DATE: July 13, 2012 |
|---|---|

82-127 (Rev 6/93)(SEE REVERSE)

# EXHIBIT D

## REAL ESTATE

| | | STATUS |
|---|---|---|
| TERMS DATE | | **SOLD** |

ORIGINAL
10/4 /2011

Postponement D
11/1 /2011

| BOOK | WRIT | CASE# | COURT | TERM | NUMBER |
|---|---|---|---|---|---|
| 6 | 363 | 60363 | COMMON PLEAS | 0711 | 0509 |

**PLAINTIFF**

THE BANK OF NEW YORK TRUST COMPANY

**DEFENDANT**

LISA BUTTERLINE AND MARK S. BUTTERLINE

DATE SOLD

| REAL DEBT | STREET ADDRESS | UNIT | |
|---|---|---|---|
| $62,764.79 | 2713 EAST HUNTINGTON ST. | | MULTI |

Bankruptcy Number

| ATTORNEY | GOLDBECK, MCCAFFERTY, MCKEEVER, ESQ. | New/Edit Attorney |
|---|---|---|

Sales Status Update

Comments

FIRM  Goldbeck McCafferty McKeever

111 S Independence Mall East
Suite 500
Philadelphia          PA       19106
(215) 627-1322

FIRM  Goldbeck McCafferty McKeever

111 S Independence Mall East
Suite 500
Philadelphia          PA       19106
(215) 627-1322

FIRM  Goldbeck McCafferty McKeever

111 S Independence Mall East
Suite 500
Philadelphia          PA       19106
(215) 627-1322

Sale Info:  Plaintiff : $93,000.00 : GOLDBECK

Philadelphia Civil Process Current Data - [Case Ledger]

Civil   Reports   Edit   Print   Filter   Help

Filter On/Off   Clear Filter   Search

## Case Ledger

Case #        Balance
$172.69

| Date | | Name | | |
|---|---|---|---|---|
| 10/28/2011 | 42210 | Cardanis-Grant | Advertising | $13.63 |
| 10/28/2011 | 42211 | Cardanis-Grant | Advertising | $13.63 |
| 11/1/2011 | 284022 | GOLDBECK, MCCAFFERTY, MCKEEVE | Deposit At Sale (Succ. B | $8,278.00 |
| 11/3/2011 | 42403 | Marinucci's Deli | professional fee | $1.59 |
| 11/21/2011 | 42789 | Neighborhood Leader | Advertising | $18.06 |
| 11/21/2011 | 42790 | Cardanis-Grant | Advertising | $3.19 |
| 11/30/2011 | 42934 | Cardanis-Grant | Advertising | $6.89 |
| 12/1/2011 | 42938 | Cardanis-Grant | Advertising | $6.66 |
| 12/1/2011 | 42939 | Sun Communications | Advertising | $37.74 |
| 12/2/2011 | 42990 | FIRST DISTRICT PLAZA | Location | $9.00 |
| 12/8/2011 | 43162 | Legal Intelligencer ALM | Advertising | $47.92 |
| 12/13/2011 | 43189 | Smart Devine | Professional Fees | $156.81 |
| 12/13/2011 | 43189V | Philadelphia - For Voided Check# 43189 | Professional Fees | ($156.81) |
| 12/14/2011 | 43273 | Smart Devine | Professional Fees | $156.81 |
| 12/15/2011 | 43277 | Legal Intelligencer ALM | Advertising | $55.80 |
| 12/15/2011 | 43278 | Cardanis-Grant | Advertising | $8.56 |
| 12/15/2011 | 43279 | Cardanis-Grant | Advertising | $13.63 |
| 12/15/2011 | 43280 | Legal Intelligencer ALM | Advertising | $47.51 |
| 12/24/2011 | 43332 | Cardanis-Grant | Advertising | $8.38 |
| 12/24/2011 | 43708 | Cardanis-Grant | Advertising | $7.38 |
| 12/30/2011 | 43779 | Ward | Advertising | $41.82 |
| 1/6/2012 | 43916 | City Line Abstract Company- Distribution F | Distribution Fee | $667.50 |
| 4/5/2012 | 45811 | FIRST DISTRICT PLAZA | Location | $8.88 |
| 7/11/2012 | 298857 | GOLDBECK, MCCAFFERTY, MCKEEVE | Balance On Sale | $1,261.50 |
| 7/13/2012 | 299017 | GOLDBECK, MCCAFFERTY, MCKEEVE | Additional Deposits | $3,152.11 |
| 7/19/2012 | 50695 | WATER REVENUE BUREAU- Water/Sew | Water Rents | $5,603.63 |
| 7/19/2012 | 50706 | Phila Gas Works - | PGW | $229.07 |
| 7/19/2012 | 50712 | DEPARTMENT OF REVENUE - CITY TR | Commission | $2,160.00 |
| 7/19/2012 | 50713 | DEPARTMENT OF REVENUE - CITY TR | Conduct/Proc | $200.00 |
| 8/29/2012 | 301886 | #Error | Adjustment | ($1,261.50) |
| 10/6/2012 | 53050 | DEPARTMENT OF RECORDS-CITY TRA | City Transfer Tax | $1,497.80 |
| 10/6/2012 | 53071 | DEPARTMENT OF RECORDS-RECORD | Record Deed | $250.00 |
| 10/6/2012 | 53074 | Prothonotary | Acknow Deed | $4.00 |
| 5/30/2013 | 59029 | Scoop Usa | Advertising | $19.12 |
| 6/10/2013 | 59094 | Cardenas-Grant Communications | Advertising | $3.37 |

Summary for Case #= 00369 (79 detail records)
Sum                                                       $13,248.11    $13,073.42

Page: 172665   No Filter

Ready



**DEPOSITS**

| Check # | Date | Category | Amount |
|---|---|---|---|
| Adjustment | 10/1/2007 | Adjustment | $116.00 |
| 206895 | 8/20/2011 | Deposit With Writ | $1,700.00 |
| 51623 | 11/1/2011 | Deposit At Sale (Su | $8,278.00 |
| 221802 | 7/11/2012 | Balance On Sale | $1,261.50 |
| 221824 | 7/13/2012 | Additional Deposits | $3,152.11 |
| Adjustment | 8/29/2012 | Adjustment | ($1,261.50) |

**ADVERTISING**

| DATE | AMOUNT |
|---|---|
| | $1,597.41 |
| | $64.20 |

*93,000*

| POLICY # | | DISTRIBUTION | REAL DEBT | $62,764.79 |
|---|---|---|---|---|
| Received: | | AGENCY | | *21* |

SALES SETUP | CALENDAR | BUDGET | DISC. DOCUMENT | PRINT CASHIER RECORD

## FEE

| | | | |
|---|---|---|---|
| Case# | 8038 | | |
| Street Addres | 273 EAST HUNTINGTON ST | Unit | CLR 5.53 |
| Defendant | LISA BUTTERLINE AND MARK S BUTTERLINE | | |

| Assessment | Fair Market Value | Opening Bid | Purchase Price | |
|---|---|---|---|---|
| $32,000.00 | $176,960.00 | $14,700.00 | $93,000.00 | ☑ Bidding |

PLAINTIFF ☑    ASSIGNED ☐    STAYED ☐    THIRD PARTY ☐

| | | | | |
|---|---|---|---|---|
| Delinquent Real Estate Tax | $0.00 | Advertising | | $1,661.61 |
| Current Real Estate Tax | $0.00 | Writ/Rec Proc | ☑ | $100.00 |
| Tax Lien Sale | $0.00 | Staying Sale | | $0.00 |
| Water Rents | $5,603.63 | Conduct/Proc | ☑ | $200.00 |
| Nuisance Claim | $0.00 | Commission | | $2,160.00 |
| Meter Install | $0.00 | Prothonotary 1 | ☐ | $0.00 |
| City Transfer Tax | 0.16590 $5,308.80 ☑ | Acknow Deed | ☑ | $4.00 |
| State Transfer Tax | 0.05530 $0.00 ☐ | Prothonotary 2 | ☐ | $0.00 |
| Record Deed | 3 $230.00 ☑ | City Attorney | ☐ | $0.00 |
| PGW | $229.07 | Deed Prepare | 1 ☐ | $0.00 |
| | | Recertification | 0 | $0.00 |
| Petition & Rule: | $0.00 | Distribution Polic | | $678.00 |
| Search: | $0.00 | Condo Fees | | $0.00 |
| | | City Law Cost | | $0.00 |

| | | | |
|---|---|---|---|
| Total Deposits | $13,246.11 | adjustment 10/1/2007 | $116.00 |
| Attorney Refund: | $0.00 | | $0.00 |
| Total Charges | $16,291.11 | | $0.00 |
| Policy Fund Distribution | $0.00 | | $0.00 |
| Plaintiff Owe's | $3,045.00 | | |
| Account Balance | ($3,045.00) | | |

# EXHIBIT E



**City and County of Philadelphia**
**Office of the Sheriff**

**Defendant Asset Recovery Team**
**Land Title Building**
**100 S Broad Street, 5th Floor**
**Philadelphia, PA 19110**
**(215) 686-3537/32 (Office)    (215) 686-3554 (Fax)**

Jewell Williams                                                                    Lt. Monte' Guess
Sheriff                                                                             D.A.R.T. Unit Supervisor

December 18, 2014

Mr. Daniel C. Levin, Esq.
510 Walnut Street
Suite 500
Philadelphia, PA 19106

RE:    <u>**Lisa Butterline and Mark S. Butterline**</u>
       <u>**2713 E. Huntingdon Street**</u>

Dear Mr. Levin:

The Defendant Asset Recovery Team (D.A.R.T.) received you inquiry for 2713 E. Huntingdon Street; that property was judicially sold at Sheriff Sale on November 1st, 2011.  That property went to the attorney on the writ; when that is done the attorney for the bank only has to pay the pending cost (i.e. Sheriff's cost, transfer taxes, water).  The bidding did reach $93,000.00; but since the bank owns and won the bid, they would only pay cost.  Because of this your clients are not due any monies from the Sheriff Sale.

This case is considered CLOSED.

I hope that I have been helpful; should you require any additional information; please feel free to contact this office at your earliest convenience.

Sincerely,

Lt. Monte Guess

CC: FILE

# EXHIBIT F



**City and County of Philadelphia**
**Office of the Sheriff**

**Defendant Asset Recovery Team**
**Land Title Building**
**100 S Broad Street, 5th Floor**
**Philadelphia, PA 19110**
**(215) 686-3537/32 (Office)   (215) 686-3554 (Fax)**

Jewell Williams                                                Lt. Monte' Guess
Sheriff                                                        D.A.R.T. Unit Supervisor

December 24, 2014

Mr. Daniel C. Levin
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697

RE:   **Lisa Butterline & Mark S. Butterline**
      **2713 E. Huntingdon Street**

Dear Mr. Levin:

The Defendant Asset Recovery Team (D.A.R.T.) is in receipt of your fax inquiring about payments made for the above property.  All your questions should be directed to the law firm handling the foreclosure for the bank.  The law firm will be able to give you a detailed breakdown of what was owed at the time of sale.

Goldbeck, McCafferty, McKeever, Esq.
111 S Independence Mall East
Suite 500
Philadelphia, PA 19106
215-627-1322

Again, when the Attorney on the writ wins the bid at Sheriff Sale they will not pay the amount the bid went to; they will only pay taxes, Sheriff Cost, water, Philadelphia Gas Works, etc.

Sincerely,

Lt. Monte Guess

CC: FILE