# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF NEW YORK MELLON TRUST COMPANY, CITY OF PHILADELPHIA, and the PHILADELPHIA SHERIFF'S OFFICE, <br><br> Defendants. | Civil Action No. 15-cv-01429-JS |

**DEFENDANT BANK OF NEW YORK MELLON TRUST COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**

**BLANK ROME LLP**
Laura E. Vendzules
LVendzules@blankrome.com
Michael A. Iannucci
Iannucci@blankrome.com
One Logan Square
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555

*Attorneys for Defendant,
Bank of New York Mellon Trust Company*

Table of Contents

Page

INTRODUCTION ...............................................................................................................1

FACTUAL BACKGROUND ............................................................................................2

    A.    Plaintiffs' Default on Their Mortgage ..........................................................2

    B.    Judgment in Foreclosure Entered Against Plaintiffs ..................................3

    C.    The Sheriff's Sale .......................................................................................3

    D.    Plaintiff's Illegal Occupancy Resulting in Two Court Ordered Evictions...4

LEGAL ARGUMENT........................................................................................................4

    A.    Standard of Review on a Motion to Dismiss .............................................5

    B.    Plaintiffs' Claims Agaist BONY are Baseless and Must be Dismissed .......6

        1.    Plaintiffs' Breach of the Implied Duty of Good Faith and Fair Dealing Fails Because There Was No Contract Between the Parties at the Time of the Sheriff's Sale ......................................................6

        2.    There was No Implied Contract between Plaintiffs and BONY ......8

        3.    Pennsylvania Rules of Civil Procedure 3133 and 3136 have no Impact on Plaintiffs..........................................................................8

    C.    Plaintiffs' Class Claims Should Be Stricken ............................................10

CONCLUSION................................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc.*,
  No. 11-7709, 2012 U.S. Dist. LEXIS 141111 (E.D. Pa. Sept. 28, 2012)
  (Sánchez, J.) ...................................................................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937 (2009) ............................................................................5

*Barabin v. Aramark Corp.*,
  210 F.R.D. 152 (E.D. Pa. 2002) *aff'd*, No. 02-8057, 2003 WL 355417 (3d Cir.
  Jan. 24, 2003) ...........................................................................................................12, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................5

*Burton v. Teleflex, Inc.*,
  707 F.3d 417 (3d Cir. 2012) ............................................................................................7

*Carrera v. Bayer Corp.*,
  727 F.3d 300 (3d Cir. 2013) ....................................................................................10, 11

*City of Rome v. Glanton*,
  958 F. Supp. 1026 (E.D. Pa. 1997) ..................................................................................7

*Clavell v. Midland Funding LLC*,
  No. 10-3593, 2011 WL 2462046 (E.D. Pa. June 21, 2011) ..........................................11

*EMC Mortg. v. Biddle*,
  2015 PA Super. 79 (2015) ...............................................................................................6

*Hirsch v. Schiff Bens Group LLC*,
  No. 10-2574, 2011 U.S. Dist. LEXIS 35588 (E.D. Pa. 2011) ........................................8

*In re Fosamax Liab. Litig.*,
  248 F.R.D. 389 (S.D.N.Y. 2008) ..................................................................................11

*In re Herbert*,
  86 B.R. 433 (Bankr. E.D. Pa. 1988) ................................................................................7

*In re Life USA Holding, Inc.*,
  242 F.3d 136 (3d Cir. 2001) ..........................................................................................12

140383.02727/100520854v.1

*In re Presque Isle Apartments*,
    112 B.R. 744 (Bankr. W.D. Pa. 1990) ................................................................................7

*In re Sheriff's Excess Proceeds Litig.*,
    98 A.3d 706 (Pa. Commw. Ct. 2014) .................................................................................9

*JHE, Inc. v. SEPTA*,
    No. 1790..............................................................................................................................7

*Liazis v. Kosta, Inc.*,
    421 Pa. Super. 502 (Pa. Super. Ct. 1992) ...........................................................................7

*Luppe v. Cheswick Generating Station*,
    No. 12-929, 2015 U.S. Dist. LEXIS 9791 (W.D. Pa. Jan. 28, 2015)................................10

*McHale v. NuEnergy Group*,
    No. 01-4111, 2002 U.S. Dist. LEXIS 3307 (E.D. Pa. Feb. 27, 2002) .................................7

*Mikhail v. Kahn*,
    991 F. Supp. 2d 596 (E.D. Pa. 2014) ..................................................................................3

*Reyes v. Zions First Nat'l Bank*,
    No. 10-345, 2013 U.S. Dist. LEXIS 136312 (E.D. Pa. Sept. 23, 2013)
    (Sánchez, J.) ......................................................................................................................12

*Seiple v. Comty. Hosp. of Lancaster*,
    No. 97-cv-8107, 1998 WL 175593 (E.D. Pa. Apr. 14, 1998) ("Pennsylvania
    does not recognize a claim for breach of covenant of good faith and fair
    dealing as an independent cause of action.") .....................................................................7

*Semenko v. Wendy's Int'l*,
    No. 12-cv-0836, 2013 WL 1568407 .....................................................................10, 11, 12

*Stephen and Mikal Bencze v. Liberty Mutual Ins. Co.*,
    Case No. 141003255 ...........................................................................................................4

*Woodard v. FedEx Freight East, Inc.*,
    250 F.R.D. 178 (M.D. Pa. 2008)........................................................................................11

*Zarichny v. Complete Payment Recovery Servs.*,
    No. 14-3197, 2015 U.S. Dist. LEXIS 6556 (E.D. Pa. Jan. 21, 2015) (finding
    class allegations may be stricken at the motion to dismiss stage by reliance
    upon Fed. R. Civ. P. 12(f), 23(c)(1)(A) and 23(d)(1)(D)) ........................................10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................5

| | |
|---|---|
| FED. R. CIV. P. 23(b)(3) | 12 |
| Federal Rule of Civil Procedure 23 | 10, 12 |
| PA. R. CIV. P. 3136(a) | 9 |
| Pennsylvania Rule of Civil Procedure 3133 | 6, 8, 9 |
| Pennsylvania Rule of Civil Procedure 3136 | 2, 8, 9, 12 |

## INTRODUCTION

After approximately seven years of ignoring their contractual mortgage obligations by defaulting on their loan, which culminated in the Pennsylvania Court of Common Pleas entering judgment against them, and after the Court issued two eviction notices against them, Plaintiffs Mark and Lisa Butterline (the "Butterlines" or "Plaintiffs") then filed this Complaint.

Plaintiffs' Complaint alleges that the Bank of New York Mellon Trust Company ("BONY") somehow breached the parties' implied contract or the implied covenant of good faith and fair dealing because another defendant, the Philadelphia Sheriff's Office, allegedly did not collect the full amount of BONY's bid at the Sheriff's Sale. Succinctly stated, Plaintiffs' allegations against BONY arise from the conduct of a third party who was, by Plaintiffs' own admission, following its own procedures, and over whom BONY exercised no control. (Compl. ¶¶ 15-17.)

Putting aside the inherently flawed logic of Plaintiffs' claim against BONY, Plaintiffs' allegations fail for an even more basic reason: no contract existed between Plaintiffs and BONY at the time of the Sheriff's sale. Pennsylvania law is clear that in order to maintain a breach of the implied covenant of good faith and fair dealing claim, there must be a contract between the parties. Here, there was none. Simply put, the contract between the parties was extinguished at the time the state court entered default judgment against Plaintiffs in April 2009. As such, Plaintiffs' sole claim against BONY must be rejected. Also, to the extent Plaintiffs seek to allege an implied contract with BONY, that also fails because Plaintiffs have not—because they cannot—plead any facts supporting such a claim. There is no contractual relationship between BONY, the judgment creditor, and Plaintiffs, the debtor, regarding the Sheriff's Sale. BONY certainly does not have any contractual or any other duty or responsibility—express or implied—

to Plaintiffs to direct how the Philadelphia Sheriff's Office or the City of Philadelphia interprets, implements and enforces their own policies.

Not only are Plaintiffs' substantive claims against BONY baseless, but Plaintiffs' class action claims should also be stricken because a class action would be improper, ineffective and impractical means of litigating a case rife with individualized issues. Indeed, this Court would be required to conduct discovery into each proposed class member's individualized facts, including discovery relating to *different* loans, securing an interest in *different* properties, from *different* creditors, concerning Sheriff's sales conducted on *different* dates. At a bare minimum, this Court would have to conduct mini-trials for each putative class member in order to determine the amount owed on the particular loan and the amount ultimately paid by the judgment creditor, whether the Sheriff's sale resulted in excess funds, the amount of those funds and whether each individual class member exhausted his administrative remedies mandated by Pennsylvania Rule of Civil Procedure 3136.

Accordingly, Plaintiffs' misguided and improper attempt to foist liability on BONY based on (1) a non-existent contract, and (2) the Philadelphia Sheriff's office's policies and procedures should be rejected, and the Complaint against BONY dismissed, with prejudice. Alternatively, Plaintiffs' class allegations should be stricken.

## FACTUAL BACKGROUND

### A. Plaintiffs' Default on Their Mortgage

This matter arises from Plaintiffs' admitted breach of the parties' mortgage and note. Plaintiffs executed a mortgage (the "Mortgage") on March 26, 1999, granting a security interest in the property located at 2713 East Huntingdon Street, Philadelphia, Pennsylvania (the "Property"). The Mortgage secured Plaintiffs' obligations under a Note (the "Note"), pursuant to

which they agreed to pay $46,800.00 plus interest. (True and correct copies of the Mortgage and Note are attached as Exhibits 1 and 2, respectively.[1])

Plaintiffs' defaulted on the Mortgage, and BONY initiated a foreclosure action in November 2007. (Compl. ¶ 9.)

### B. Judgment in Foreclosure Entered Against Plaintiffs

In 2009, the Court entered judgment in BONY's favor and against Plaintiffs. BONY filed an Order for Judgment against Plaintiffs in or around April 23, 2009. (Compl. ¶ 10 and Ex. A.) In addition to the Order for Judgment, other costs and judgment creditors with liens on the Property existed when the Property was set for sale. A breakdown of all costs and judgment is as follows:

| Order for Judgment | $62,764.79 |
|---|---|
| Other Judgment Creditors | $3,616.13 |
| Costs | $16,291.11 |
| **Total Lien on Property** | **$82,672.03**[2] |

### C. The Sheriff's Sale

The Property went up for Sheriff's sale on November 1, 2011. (Compl. ¶ 12.) BONY purchased the property at Sheriff's sale with a bid of $93,000. (Compl. ¶ 14 and Ex. C.)

Following BONY's successful bid, the Sheriff's office accepted the costs associated with the Property, totaling $16,291.11, and deeded the Property to BONY. (Compl. ¶ 15 and Ex. D.)

---

[1] The Mortgage was publicly recorded with the Commissioner of Records in April 1999. This Court can take judicial notice of all documents cited herein because the documents are (1) exhibits to Complaint, (2) documents from other judicial proceedings or (3) are publicly available documents integral to the Complaint. *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 640 (E.D. Pa. 2014); *Ally Fin., Inc. v. Mente Chevrolet Oldsmobile, Inc.*, No. 11-7709, 2012 U.S. Dist. LEXIS 141111, at *8-*9 (E.D. Pa. Sept. 28, 2012) (Sánchez, J.).

[2] A true and correct copy of the schedule from sale of the Property stating the junior judgment creditors' liens on the Property, which is a public record, is attached hereto as Exhibit 3.

3

### D. Plaintiffs' Illegal Occupancy Resulting in Two Court Ordered Evictions

Following the judicial foreclosure sale, Plaintiffs refused to vacate the Property. Ultimately, BONY evicted them in or around January 2014. A true and correct copy of the Eviction Order is attached hereto as Exhibit 4.

But, BONY's difficulties with Plaintiffs did not end there. In fact, pursuant to the claims asserted in a separate action brought by the Property's adjoining landowner that is currently pending in the Philadelphia Court of Common Pleas, Plaintiffs' caused $90,000 in damages to their neighbor's property, including flooding the Property and the adjoining landowners' property after illegally re-entering the Property post-eviction. A true and correct copy of the Complaint in that action, captioned *Stephen and Mikal Bencze v. Liberty Mutual Ins. Co.*, Case No. 141003255, in the Philadelphia Court of Common Pleas is attached hereto as Exhibit 5.

As such, BONY was forced to file—and the Court ordered—a second eviction, specifically granting the use of "such force as may be necessary at the Sheriff's discretion to enter upon the Property." A true and correct copy of the Court's Order is attached hereto as Exhibit 6. Plaintiffs were evicted from the Property in February 2015.

This Complaint followed.

### LEGAL ARGUMENT

Despite their illegal occupation of the Property, admitted seven-year breach of their contractual Mortgage obligations, and only after the state court issued two eviction orders to remove Plaintiffs from the Property, do Plaintiffs now claim that they are somehow entitled to damages from BONY based on an alleged breach of the implied covenant of good faith and fair dealing in conjunction with the Sheriff's sale of the Property. Plaintiffs' claims against BONY border on absurd.

4

140383.02727/100520854v.1

In an attempt to support their baseless claims Plaintiffs allege that, after BONY was the successful bidder on the Property at Sheriff's sale the Sheriff's office was prohibited from accepting only costs from BONY, instead of the amount bid. (Compl. ¶¶ 56-63.) This claim lacks any legal or factual basis thus mandating dismissal. Moreover, as a practical matter, there is absolutely no credence to the Complaint's suggestion that alleged conduct by the Philadelphia's Sheriff's Office could support a claim against BONY.

Putting the substantive fatalities of Plaintiffs' Complaint aside, this lawsuit cannot be maintained as a class action because this Court would be required to conduct an individualized, fact-intensive investigation concerning each putative class members' specific circumstances. Proceeding as a class action is impractical, improper and will waste both the Court's and the parties' resources.

### A. Standard of Review on a Motion to Dismiss

A complaint should be dismissed if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In order to state a valid cause of action, a plaintiff must provide factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court refined these pleading requirements, stating that the facts pled must amount to more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Pursuant to *Twombly* and *Iqbal*, a well-pleaded complaint must contain more than mere legal labels and conclusions. Under any formulation of this standard, the threadbare allegations contained in Plaintiffs' Complaint are insufficient to state any claim upon which relief can be granted against BONY.

5

## B. Plaintiffs' Claims Against BONY are Baseless and Must be Dismissed

Plaintiffs assert one claim, but potentially two causes of action, against BONY. Though it appears Plaintiffs' singular claim is a breach of the implied covenant of good faith and fair dealing, they labeled Count II of their Complaint generally as a "Breach of Implied Contract." (Compl., Count II.) Whether Plaintiffs meant to claim a breach of the implied duty of good faith and fair dealing or an implied contract theory is of no moment because both claims fail as a matter of law.

Plaintiffs' allege that BONY "breached its duty of good faith and fair dealing with plaintiffs and members of the class by failing to pay the winning bid on a Sheriff's Sale." (Compl. ¶ 58.) Plaintiffs further allege that a bank is required to pay the difference between the amounts of the winning bid at a Sheriff's sale, minus the amount of any proceeds to which the lien creditor is entitled pursuant Pennsylvania Rule of Civil Procedure 3133. (*Id.* ¶ 59.) As such, Plaintiffs summarily conclude that BONY owes Plaintiffs money for not paying to the Sheriff's Office the difference between its judgment and the winning bid, and further deduce that they are somehow entitled to the difference. (*Id.* ¶ 60.) Plaintiffs are wrong on the law.

### 1. Plaintiffs' Breach of the Implied Duty of Good Faith and Fair Dealing Fails Because There Was No Contract Between the Parties at the Time of the Sheriff's Sale

The entirety of Plaintiffs' contract-based claims hinge on a non-existent contract. To be clear, the parties' contract was extinguished in April 2009—*two years prior to the Sheriff's sale*—when the Philadelphia Court of Common Pleas entered judgment by default. It is well established law that a default judgment extinguishes the mortgage.[3] *EMC Mortg. v. Biddle*, 2015

---
[3] Notably, § 18 of the Mortgage provides that Plaintiffs would have the right to reinstate the Mortgage prior to the earlier of five days before the sale or "the entry of a judgment enforcing the Security Instrument." Since the foreclosure judgment occurred before the sale, the right to reinstatement terminated at the time of the judgment. (*See* Compl., Ex. A, § 18.)

6

PA Super. 79, 6 (2015); *In re Presque Isle Apartments,* 112 B.R. 744, 747 (Bankr. W.D. Pa. 1990); *In re Herbert,* 86 B.R. 433, 436 (Bankr. E.D. Pa. 1988).

Without a contract, Plaintiffs' breach of implied covenant of good faith and fair dealing claim is untenable. *Burton v. Teleflex, Inc.*, 707 F.3d 417 (3d Cir. 2012); *Seiple v. Comty. Hosp. of Lancaster*, No. 97-cv-8107, 1998 WL 175593, at *2 (E.D. Pa. Apr. 14, 1998) ("Pennsylvania does not recognize a claim for breach of covenant of good faith and fair dealing as an independent cause of action."); *City of Rome v. Glanton*, 958 F. Supp. 1026, 1038 (E.D. Pa. 1997); *see also McHale v. NuEnergy Group*, No. 01-4111, 2002 U.S. Dist. LEXIS 3307, at *23 (E.D. Pa. Feb. 27, 2002); *JHE, Inc. v. SEPTA,* No. 1790 Nov. Term 2001, 2002 Phila. Ct. Com. Pl. LEXIS 78 (Pa. Com. Pl. May 17, 2002). Accordingly, Plaintiffs' breach of the implied covenant of good faith and fair dealing claim (Count II) should be dismissed.

Even if this Court were to ignore the plethora of cases holding that the foreclosure judgment entered against Plaintiffs extinguished the parties' contractual obligations, Plaintiffs' implied duty of good faith and fair dealing claim fails even if the Mortgage and Note *were* valid at the time of the Sheriff's sale. To be clear, the Mortgage and Note would only impose a duty of good faith and fair dealing concerning activity relating to the performance and enforcement of those contracts. *Liazis v. Kosta, Inc.*, 421 Pa. Super. 502 (Pa. Super. Ct. 1992). Here, Plaintiffs' claims against BONY have nothing whatsoever to do with either the performance or enforcement of the Mortgage or Note, but rather concern only the Philadelphia Sheriff's Office internal procedures for collecting payment after a Sheriff's sale. (Compl. ¶¶ 59-62.) It is indisputable that the Philadelphia Sheriff's Office is neither a party to nor third-party beneficiary of the Mortgage or Note; thus any duty on BONY's part cannot be extended to the Philadelphia Sheriff's Office's conduct in connection with the Sheriff's sale. (*See* Exs. 1 and 2.) And, it is

7

facially absurd to suggest that BONY can be liable to evicted borrowers under an implied contract theory based on the Philadelphia Sheriff's Office's conduct or how it interprets, implements and enforces its own policies.

### 2. There was No Implied Contract between Plaintiffs and BONY

Plaintiffs do not explicitly allege that there is an implied contract between Plaintiffs and BONY; however, the heading of Count II is labeled as a "Breach of Implied Contract." (*See* Compl., Count II.)[4] Assuming Plaintiffs intended to make an implied contract claim, it also fails.

In order to allege the existence of an implied contract, Plaintiffs must plead facts that, when viewed in the context of the parties' relationship, indicate a mutual intention to contract. *Hirsch v. Schiff Bens Group LLC*, No. 10-2574, 2011 U.S. Dist. LEXIS 35588, at *10-*11 (E.D. Pa. 2011) ("a complaint alleging the existence of an implied contract . . . must actually allege a fact pattern which might show that there was a meeting of the minds and that there were mutual undertakings."). The Complaint is devoid of any such facts and should be dismissed. *Id.* at *11.

### 3. Pennsylvania Rules of Civil Procedure 3133 and 3136 have no Impact on Plaintiffs

Plaintiffs do not because they cannot establish a breach of the implied covenant of good faith and fair dealing or an implied contract between the parties. Rather, they summarily state that BONY "fail[ed] to pay the difference between the amount bid [$93,000] and its judgment [$62,764.79]" in alleged violation of Pennsylvania Rule of Civil Procedure 3133. (Compl. ¶¶ 10, 13, 59-62.) Plaintiffs' tortured reading of Rule 3133 is a red-herring and should be rejected.

Fatal to Plaintiffs' allegations is the inescapable fact that Rule 3133 does not impose *any* duties on BONY. A plain reading of Rule 3133 requires the Sheriff's Office to credit BONY

---

[4] Notably, the substantive paragraphs in Count II concern only Plaintiffs' breach of the implied covenant of good faith and fair dealing claim, discussed *supra*.

8

with the amount BONY is owed, and permits the Sheriff's Office to pay itself costs from the bid.[5] Plaintiffs' analysis of Rule 3133 is mystifying at best and mutilated at worst. Rule 3133 has no bearing on Plaintiffs and, in any event, cannot be used to manufacture a contractual breach by BONY.

Furthermore, while Rule 3136 requires the Sheriff's Office to prepare a schedule of proposed distribution of the proceeds of sale, no schedule needs to be filed if "the property is sold to the plaintiff [*i.e.,* in the foreclosure action, the judgment creditor] for costs only." PA. R. CIV. P. 3136(a). Neither 3136 nor any other Rule prevents the Sheriff from accepting certain costs alone for the Property from BONY, even when a bid for more than costs has been offered.[6]

Because Plaintiffs (1) do not—and cannot—articulate a valid contract (and otherwise failed to articulate any breach of the implied covenant of good faith and fair dealing); (2) fail to allege any facts to demonstrate an implied contract between the parties at the time of the

---

[5] PA. R. CIV. P. 3133 states, in pertinent part:

> Whenever real or personal property sold on execution is purchased by the plaintiff or any other lien creditor entitled to receive all or part of the proceeds of the sale, the sheriff upon proof of that fact shall accept on account of the purchase price the receipt of the purchaser up to the amount of the proceeds to which the purchaser is entitled. The sheriff may require payment in cash of all legal costs distributable from the proceeds of the sale.

By way of example, if a foreclosure property is sold to a bank that has bid $60,000 and is owed $40,000 by the judgment debtor, the sheriff must credit the bank $40,000. The Sheriff can pay itself costs from the remaining $20,000. This rule says nothing about what the Sheriff must do with whatever remains from the $20,000, after costs.

[6] Plaintiffs appear to rely on language from one Pennsylvania case that states "[w]hen a foreclosure sale generates proceeds in excess of existing tax liens and costs, [Rule 3136] requires the Sheriff to distribute the excess proceeds to the former property owner after approximately 40 days." *In re Sheriff's Excess Proceeds Litig.*, 98 A.3d 706 (Pa. Commw. Ct. 2014). However, neither this nor any other case requires the Sheriff to accept the total bid. Instead, *In re Sheriff's* stands only for the proposition that in the event proceeds are *actually* collected and exceed the liens and costs, the excess must be distributed to the property owner. Here, there is no allegation that the Sheriff's Office never collected proceeds exceeding the liens and costs.

9

Sheriff's Sale; and (3) attempt to rely on a tortured interpretation of two rules of civil procedure that are inapplicable to BONY, Count II of the Complaint should be dismissed.

### C. Plaintiffs' Class Claims Should Be Stricken

Putting aside Plaintiffs' incurably defective substantive claims, this Court should also strike the class claims because this matter, on its face, should not proceed as a class action. Class allegations are ripe for striking at the motion to dismiss stage where, as here, the face of the complaint demonstrates that Rule 23's requirements cannot be satisfied. *Zarichny v. Complete Payment Recovery Servs.*, No. 14-3197, 2015 U.S. Dist. LEXIS 6556, at *4-*5 (E.D. Pa. Jan. 21, 2015) (finding class allegations may be stricken at the motion to dismiss stage by reliance upon FED. R. CIV. P. 12(f), 23(c)(1)(A) and 23(d)(1)(D)); *Luppe v. Cheswick Generating Station*, No. 12-929, 2015 U.S. Dist. LEXIS 9791, at *4-*5 (W.D. Pa. Jan. 28, 2015) (same). A defendant need not wait for the plaintiff to move for class certification before challenging the class where Plaintiffs own allegations demonstrate that numerous individualized inquiries and "mini-trials" would be required to determine if a class could possibly be certified. *Luppe*, 2015 U.S. Dist. LEXIS 9791, at *6; *see, e.g., Zarichny*, 2015 U.S. Dist. LEXIS 6556, at *28-*29. The plaintiff bears the burden of advancing a *prima facie* showing that the class action requirements of Federal Rule of Civil Procedure 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. *Semenko v. Wendy's Int'l*, No. 12-cv-0836, 2013 WL 1568407, at *2 (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)).

Class ascertainability is also an "essential prerequisite of a class action" and requires the court to engage in a "rigorous analysis" of the class allegations. *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013). Where a proposed class definition includes individuals that cannot be identified without "extensive and individualized fact-finding", the putative class is overbroad and unascertainable because the court has no way to distinguish between those who might be

entitled to recovery and those who are not. *Id.* at 307; *see also Clavell v. Midland Funding LLC*, No. 10-3593, 2011 WL 2462046 (E.D. Pa. June 21, 2011). Critically, in order to maintain a class action, the court must be able to determine the class's membership "without having to answer numerous fact-intensive inquiries." *In re Fosamax Liab. Litig.*, 248 F.R.D. 389, 396 (S.D.N.Y. 2008); *see also Sememko*, 2013 WL 1568407, at *10-*11 (citing *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) (holding that class certification was properly denied without discovery where plaintiffs could not make a prima facie showing of Rule 23's prerequisites or that discovery measures were not likely to produce persuasive information substantiating the class action allegations); *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178, 182 (M.D. Pa. 2008) (noting that a "district court will strike class action allegations without permitting discovery or waiting for a certification motion where the complaint and any affidavits clearly demonstrate that the plaintiff cannot meet the requirements for a class action.").

Here, the proposed class is unascertainable because it consists almost entirely of individualized questions that require a rigorous analysis of the specific facts underlying each putative class member. For example, Plaintiffs' claims are premised on the allegation that the putative class members did not receive funds to which they were entitled. (Compl. ¶¶ 27(1), (2) and (3); 30.) However, such claims could not be adjudicated on class-wide basis, but instead, would require this Court to make individualized inquiries as to whether each class member was actually owed excess funds and did not, in fact, receive them. For those who did not receive them, this Court would need to determine the amount said individual plaintiff did not receive which would require the Court to analyze the amount due on the loan, the amount due as noted in

11

the judgment, what the judgment creditor bid and whether there were excess funds at all. No amount of class discovery will avoid this highly individualized and complicated inquiry.[7]

Further, in what would also amount to a mini-trial of each potential class member, the court would need to assess whether each class member properly exhausted their administrative remedies under PA. R. CIV. P. 3136. Rule 3136 provides a specific process for the judgment debtor to follow should the debtor want to object to the proposed distribution. If the judgment debtor did not file an exception to an available distribution list, the judgment debtor could not collect excess funds. This threshold inquiry of whether a proper exception was filed can only be done on an individual basis. Because "proof of the essential elements of the cause of action requires individual treatment," in this case, it is unsuitable for class certification. *Reyes v. Zions First Nat'l Bank*, No. 10-345, 2013 U.S. Dist. LEXIS 136312, at *13 (E.D. Pa. Sept. 23, 2013) (quotation omitted) (Sánchez, J.).

Much like Plaintiffs' claims are unascertainable, so too are do they fail to meet the requirements for a class action because individual issues predominate over common issues. *See* FED. R. CIV. P. 23(b)(3); *Semenko*, 2013 WL 1568407, at *11. The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. *Barabin v. Aramark Corp.*, 210 F.R.D. 152, 161-62 (E.D. Pa. 2002) *aff'd*, No. 02-8057, 2003 WL 355417 (3d Cir. Jan. 24, 2003). The Rule 23(b)(3) predominance requirement incorporates the commonality requirement of Rule 23(a), but even if Rule 23(a)'s commonality requirement is satisfied, predominance may not be as it is more demanding. *In re Life USA Holding, Inc.*, 242

---

[7] Demonstrating the complexity of this calculation, even the Butterlines' Complaint miscalculates what is allegedly owed to them. While the Butterlines admit that BONY filed an Order for Judgment on April 23, 2009 for $62,764.79, the Complaint fails to add to the Order for Judgment costs and liens of other judgment creditors. (Compl. ¶ 10.) Accounting for these other fees, the Butterlines actually owed a total of $82,672.03. Were the $93,000 bid to have been paid, this would leave only a total of $10,327.97.

12

F.3d 136, 144 (3d Cir. 2001). A predominance of common questions does not require a unanimity of common questions but rather requires that common questions outweigh individual questions. *Barabin*, 210 F.R.D. at 161 (internal citations omitted). As discussed, individual issues for each putative plaintiff predominate over any common issues. Accordingly, Plaintiffs' class allegations should be stricken.

## CONCLUSION

For all the reasons set forth above, BONY's motion to dismiss should be granted and Plaintiffs' Complaint against BONY dismissed with prejudice. In the alternative, Plaintiffs' class claims should be stricken.

Respectfully submitted,

**BLANK ROME LLP**

Date: June 15, 2015  *s/ Laura E. Vendzules*
Laura E. Vendzules
Michael A. Iannucci

*Attorneys for Defendant,
Bank of New York Mellon Trust Company*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2015, the foregoing was served via ECF or by email on the following:

Daniel C. Levine, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Christopher G. Hayes, Esq.
THE LAW OFFICE OF CHRISTOPHER G. HAYES
225 S. Church Street
West Chester, PA 19382

Michael Louis, Esq.
MACELREE HARVEY, LTD.
17 West Miner Street, PO Box 660
West Chester, PA 19381

*s/ Michael A. Iannucci*
Michael A. Iannucci