**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all other similarly situated, | : <br> : <br> : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : No: 2:15-cv-01429-JS |
| BANK OF NEW YORK MELLON TRUST CO., CITY OF PHILADELPHIA, and the PHILADELPHIA SHERIFF'S OFFICE | : <br> : <br> : |
| | : |
| Defendants | : |

_____

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BANK OF NEW YORK MELLON TRUST COMPANY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**

Plaintiffs, Lisa and Mark Butterline ("Plaintiff" or "Butterline"), by and through their undersigned counsel, hereby respectfully submit their opposition to Defendant Bank of New York Mellon Trust Company's motion to dismiss Plaintiffs' Complaint.

As demonstrated below, the Complaint exceeds the applicable standards and Defendant's motion to dismiss should be denied. In the alternative, Plaintiffs respectfully request leave to amend their Complaint in a manner consistent with the Court's ruling.[1]

## I.    INTRODUCTION

Plaintiffs, on behalf of themselves and all others similarly situated, have filed this class

---

[1] When leave of court is sought to file an amended complaint, it should be "freely given." See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fed.R.Civ.P.* 15(a). Here, this matter is in its early stages and there is no undue delay in seeking such amendment, if necessary. Moreover, any such amendment is not sought to delay these proceedings or harass Defendant. BONY would not be prejudiced by the granting of leave to amend since they have had notice of the general nature of the claim, there is no issue with the statute of limitations and Plaintiffs' claims are not futile. Finally, there is not a pattern of amending the Complaint to conform to the evidence.

action Complaint against Defendant Bank of New York Mellon Trust Company ("Defendant" or "BONY"), Defendant City of Philadelphia ("City of Philadelphia") and the Philadelphia Sheriff's Office (Sheriff's Office") (collectively "Defendants") to recover the monies lawfully due to Plaintiffs and the proposed class after their properties were sold at sheriff's sales and all liens were paid. As properly pled in the Complaint, Defendants' failed to remit such excess proceeds from the sheriff's sales to them in accordance with the applicable law. Thus, Plaintiffs' allegations state a claim against Defendants for which relief may be granted.

## II.      STATEMENT OF RELEVANT FACTS

During the relevant period herein, Plaintiffs resided at 2613 East Huntingdon Street, Philadelphia, Pennsylvania 19125 (the "Property"). (¶ 1 of Plaintiffs' Complaint) Unfortunately, during their residence in the Property, Plaintiffs suffered severe financial distress due to the loss of employment and illnesses and were unable to maintain the payment on their mortgage for the Property. (¶8 of Plaintiffs' Complaint). In turn, BONY, the mortgagee, filed a complaint for mortgage foreclosure on November 15, 2007 in the Philadelphia County Court of Common Pleas (¶9 of Plaintiffs' Complaint). During the foreclosure process, BONY filed an Order for Judgment against Plaintiffs in the amount of $62,764.79 (¶10 of Plaintiffs' Complaint). Thereafter, BONY filed a Praecipe for Writ of Execution and Writ of Execution listing Plaintiffs' home for sheriff's sale. (¶11 of Plaintiff's Complaint).

BONY and the Sheriff's Office advertised Plaintiffs' Property for sheriff's sale on October 4, 2011 in the Legal Intelligencer as No. 6-363. [2] See Exhibit "A". It is presumed the

_____

[2] This court may take judicial notice of the advertised sheriff's sale notices. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Pa. R.E. 2001(b)." *Drake Manufacturing Company, Inc. v. PolyFlow, Inc.*, 109 A.3d 250, 264 (2015).

sale was continued by BONY to November 1, 2011. See Exhibit "B". After competitive bidding from third parties on the Property at the sheriff's sale on November 1, 2011, BONY won the bid for $93,000.00 (¶13 of Plaintiffs' Complaint). Contrary to the clear Conditions of sheriff's sale, BONY failed to pay the balance of the purchase money within thirty (30) days as required by the Conditions of Sale or at any time thereafter. ¶ 15 of Plaintiff's Complaint.

On July 23, 2012, the Property was deeded from the Sheriff's Office to BONY for the stated consideration of $93,000.00 (¶14 of Plaintiffs' Complaint). BONY, the Sheriff's Office and the City of Philadelphia represented to the Plaintiffs and the public on the deed that $93,000.00 was actually paid by BONY to the Sheriff's Office. See Exhibit "C" to Plaintiffs' Complaint (also attached hereto as Exhibit "C") Both the deed and the Philadelphia Real Estate Transfer Tax Certification which was recorded following the deed and was signed by a representative of BONY "under penalties of law or ordinance." state that the Property sold for $93,000.00. *Id.* Indeed, BONY has conceded that it won the bid at $93,000. See Bank of New York's Response to Defendants' (Lisa and Mark Butterline) Motion to Set Aside Sheriff's Sale at ¶ 3-4 attached hereto as Exhibit "D".[3]

Pursuant to the Sheriff's Office's policy but in contrast to all Court filings and the deed, BONY never paid $93,000 for the Property but only paid "costs", plus monies owed to the City of Philadelphia. The Sheriff's Office acknowledges that it is their internal unpublished policy not to collect any other monies from the sheriff's sale except for the sheriff's costs, transfer taxes

---

[3]Defendants are estopped from denying that $93,000 should have been paid for the Plaintiffs' home at the sheriff's sale. Judicial estoppel prevents a litigant from asserting a position that is inconsistent from one that it took before another court or another agency. *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 780 (3d Cir. 2001). Since BONY represented to Court of Common Pleas of Philadelphia County that the Plaintiffs' Property was sold at the Sheriff's Sale for $93,000.00, it should be judicially estopped from now taking the position that it does not have to pay the entire $93,000.

and water and other municipal costs owed to the City of Philadelphia.  See December 18, 2014 letter from the Sheriff's Office.  See Exhibit "E".

These "costs" owed to the City at foreclosure totaled $16,291.11.  (Plaintiffs' Complaint at ¶ 15.)  Since BONY took a credit bid for the amount of its judgment ($62,764.79), it paid only $16,291.11 in Total Charges from the Sheriff's Office for a total of $79,055.90, which is far less than the bid of $93,000.  Thus, BONY unlawfully injured Plaintiffs by failing to pay the additional $13,944.10 it bid and recorded on the deed and tax records for the Property and that was due to Plaintiffs.   (Plaintiffs' Complaint at ¶ 23.)

Simply stated, since the Property sold for more than costs only, BONY should have paid the Sheriff's Office the entire $93,000.00.  See *In Re: Sheriff Litigation*, 98 A.3d 706 fn. 2 (Cmwlth. Ct. 2014).  After that, the Sheriff's Office should have filed a schedule of distribution. See Conditions of Sheriff Sale attached hereto as Exhibits "A" and "B" and Pa. R.C.P. 3136(a).[4] Thereafter, if no one objected to such Schedule, the Sheriff's Office would have paid the bid money out in accordance with the Schedule, which would have entitled Plaintiffs to receipt of $13,944.10.  *Id.*  However, as properly pled in the Complaint, BONY never paid the $93,000, the Sheriff's Office never filed the Schedule and the Plaintiffs were injured as a direct result.  *Id.*

---

[4] Pursuant to Pa. R.C.P. 3136, when a home is sold due to a foreclosure the Sheriff's Office **shall** prepare a Schedule of Proposed Distribution of Proceeds of the sale that **shall** be kept on file and should be available for inspection with the Sheriff's Office, unless the property is sold to the plaintiff for costs **only**. Pa. R.C.P. No. 3136(a) (emphasis added).  Further, pursuant to Rule 3136(d), all monies obtained through the sheriff's sale should be distributed pursuant to the Schedule of Distribution.  Moreover, the Sheriff's Office has an unlawful policy that when a bank owns or wins a bid that the bank only pays the Sheriff's costs plus the monies owed to the City regardless of the bid amount and doesn't award the excess funds from the sale to the foreclosed homeowner. See *In Re: Sheriff's Excess Proceeds Litigation*, 91 A.3d 706, fn. 2. Here, BONY's bid of $93,000 minus Sheriff's costs and other liens owed of $79,055.90 leaves excess funds of $13,944.10 to which Plaintiffs were entitled.  *Id.*  There is no other appropriate analysis of the Rule.  No matter how hard BONY tries to spin Plaintiffs' allegations herein as "mystifying", "mutilated" or "tortured", nothing can change the facts that Defendants did not follow the Rules and need to be held accountable for their misconduct.

Finally, in December 2014, Plaintiffs filed a Defendant Asset Recovery Claim ("DART") pursuant to the Sheriff's Office's local rules. At the time, Plaintiffs had no knowledge of the City's unpublished policy not to collect the full sales price from BONY. Complaint at ¶ 18. Pursuant to that application, Plaintiffs' requested all surplus funds obtained during the sale. On December 18, 2014, the City rejected Plaintiffs' claims stating under its unpublished policy that when a bank takes a property in foreclosure it is only required to pay costs and, therefore, there are no surplus funds. *Id*. Plaintiffs now seek those surplus funds.[5]

## III. PENNSYLVANIA LAW REQUIRES ALL EXCESS FUNDS FROM SHERIFF'S SALES TO BE PAID TO PLAINTIFFS

Under Pennsylvania law, when the bid accepted at sheriff's sale exceeds the costs and liens owed on the house the foreclosed homeowner is entitled to the excess funds from the sheriff's sale. *In Re: Sheriff's Excess Proceeds Litigation*, 98 A.3d at 706 at fn. 2. Moreover, Pennsylvania law provides a procedure to claim any such excess funds. See also Exhibit "F" for DART procedure; Exhibit "G" for website of Philadelphia Sheriff's Office; *In Re: Sheriff's Excess Proceeds Litigation*, 98 A.3d at 734.

Pursuant to Pennsylvania law, any homeowner has five years to claim the property with the Sheriff's Office or it is "presumed abandoned and unclaimed". *In Re: Sheriff's Excess Funds Litig.*, 98 A.3d at 706 fn. 2. As demonstrated above, Plaintiffs availed themselves of such procedure well before their property was deemed abandoned and it was not until The City

---

[5] BONY's allegations that Plaintiffs illegally occupied the Property and intentionally damaged it after the sheriff's sale are neither relevant nor appropriate. Defendants have tried to paint Plaintiffs as some vile creatures who deserve to have their lawful rights violated, just because they fell upon hard times. What BONY ignores is had they followed the Conditions of Sheriff Sale and actually paid the $93,000.00 that they bid for the Property, then Plaintiffs would have had $13,944.10 that they could have used to move. Furthermore, Plaintiffs were not a party to the lawsuit BONY references, were never charged with a crime and were never sued by anybody for allegedly flooding the Property – all because they didn't commit any wrongdoing.

rejected Plaintiffs' claim that Plaintiffs learned of their injury.

## IV.    ARGUMENT

### A.    Legal Standard

In evaluating a 12(b)(6) motion to dismiss, the district court must accept a Plaintiffs' well pled allegations as true and draw all reasonable inferences in his favor. *Mann v. Brenner,* 375 Fed. Appx. 232, 235 (3rd Cir. 2010). The court should consider the Complaint's factual allegations to determine whether it raises a right to relief above the speculative level. *Id.* To survive a motion to dismiss, Plaintiffs must nudge his claims across the line from conceivable to plausible. *Id.* In fact, Rule 8(a)(2) only requires a short plain statement of the claim showing a pleader is entitled to relief providing Defendant with fair notice of the grounds for which relief is being brought. *TruePosition, Inc. v. LM Ericsson Telephone Company,* 899 F.Supp. 2d 356, 359 (E.D.Pa. 2012). However, the Complaint should contain factual allegations that, taken as a whole, render Plaintiffs' entitlement to relief plausible. *Id.* It does not require the court to impose a probability requirement at the pleading stage, but rather just requires Plaintiffs to raise a reasonable expectation to discovery to reveal evidence of the necessary elements. *Id.*

Here, as demonstrated below, the Complaint not only meets but exceeds the applicable standards. Accordingly, Defendant's motion to dismiss should be denied. In the alternative, Plaintiffs respectfully request leave to amend their Complaint in a manner consistent with the Court's ruling.[6]

---

[6] Leave to file an amended complaint should be "freely given." See *Foman,* 371 U.S. at 182. *Fed.R.Civ.P.* 15(a). Here, this matter is in its early stages and there is no undue delay in seeking such amendment, if necessary. Moreover, any such amendment is not sought to delay these proceedings or harass Defendant. BONY would not be prejudiced by the granting of leave to amend the Complaint since they have had notice of the general nature of the claim, there is no issue with the statute of limitations and Plaintiffs' claims are not futile. Finally, there is not a pattern of amending the Complaint to conform to the evidence.

6

### B. Plaintiffs Have Properly Pled A Claim Upon Which Relief Can Be Granted

In its motion to dismiss, BONY claims that this action is based on a nonexisting contract since the default judgment extinguished the mortgage. See BONY's Brief in Support of its Motion to Dismiss Plaintiffs' Complaint ("BONY's brief") at p.6. However, BONY's argument is both wrong and misplaced. Indeed, *EMC Mortgage v. Biddle,* 114 A.3d 1057, 1066 (Pa. Super. 2015), a case relied upon by BONY, makes it clear that many parts of the mortgage survive a default judgment, holding "[i]t was not error for the trial court to grant attorneys' fees and costs of title as those expenses survived the judgment under the plain terms of the parties' security agreement." *Id.* In fact, in *EMC*, the court also stated that "[t]he interest rate set forth in the note survived entry of the default judgment." *Id.* at 1070. In short, the contract can and may survive the foreclosure process and an implied duty of good faith and fair dealing attaches to that contract that BONY violated. The sheriff's sale involves the enforcement of the Mortgage and Note and to argue that good faith and fair dealing in the sheriff's sale is not activity related to such agreements is without merit. Regardless of whether BONY and Plaintiffs have a surviving written contract, as set forth above, BONY clearly understands the grounds for the relief Plaintiffs seek. Indeed, BONY acknowledges such notice by stating in its brief that the Complaint alleges that a contract was breached because BONY did not pay the full amount of its bid at the Sheriff's Sale. See BONY's brief at p.2.

At a minimum, Plaintiffs were a third party beneficiary of the agreement between Defendants to transfer the Property for $93,000. A third party beneficiary is established under Pennsylvania law when a person who is neither the promisor nor promisee in a contractual agreement stands to benefit from the contract's performance. See *Melley v. Pioneer Bank,* 834 A.2d 1191, 1203 (Pa. Super. 2003). Indeed, the Supreme Court of Pennsylvania has held that

an individual may collect on a contract even when not named in the contract   See *Scarpitti v. Weborg*, 609 A.2d 147, 150-151 (Pa. 1992).

In *Scarpitti*, the Court considered whether purchasers of a lot in a residential subdivision who were required by the subdivision restrictions to have their house approved by an architect were intended beneficiaries of applied contract between the developer and the architect.  *Scarpitti*, 609 A.2d at 150.  The Court found that the prospective purchasers were the intended beneficiaries of the contract between the architect and the developer because it was understood that these prospective purchasers would have ultimately purchased the lot.  *Id.*  In order for a third party beneficiary to have standing to recover under a contract, both contracting parties must either have had expressed intention that the third party be a beneficiary or the beneficiary will recover while not specified in the contract but can be inferred to be an intended beneficiary of the contract.  *Scarpitti*, 609 A.2d at 150 at 371.  In doing so, the Pennsylvania courts adopted the Restatement Seconds of Contract § 302.  The Court further found that even when the contract does not state its intent to identify a third party beneficiary, recognition of the beneficiary's right may be appropriate.  *Id*.  The Court will consider whether to effectuate the intention of the parties and performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances that indicate that the promisee intends to give the beneficiary money.  *Id*.  Although the agreement between Defendants to advertise the sheriff sale and to deed the Property for $93,000 does not expressly manifest an intent to benefit the Plaintiffs, the conditions of sale and law requiring the payment of excess proceeds to the Plaintiffs is more than appropriate to effectuate the intention of the parties to the agreement.

Here, Plaintiffs are clearly intended third party beneficiaries of the implied (and/or express) contract between BONY and the Sheriff's Office.  *In Re: Pulcini*, 261 BR 836, 840-41

(W.D.Pa. 2001)(During a Sheriff's Sale the Sheriff and the highest bidder have a contract to sell and buy real property.) In the underlying agreement between the Defendants, BONY agreed to pay the price of $93,000 it successfully bid for the Property at the Sheriff's Sale and the Sheriff's Office and the City of Philadelphia agreed to pay/distribute such funds according to the law. *Id.* By all accounts, all the Defendants were aware that - or charged with knowing - the excess proceeds from the sheriff's sale were required by law to be paid to the Plaintiffs. Accordingly, the third party beneficiary relationship of Plaintiffs was within the contemplation of the Defendants at the time of agreeing to deed the Property for $93,000. Obviously, it is the Plaintiffs who have a great interest in seeing that the excess proceeds from the sheriff's sale of the Property are satisfied. Thus, Defendant's motion to dismiss should be denied.

> **C.     This Court Should Not Strike The Class Claims**

> **1.     Motions To Strike Class Claims Are Disfavored**

BONY's motion to prematurely strike the class claims is a nothing more than a defense tactic to force an early class determination without allowing the Plaintiffs the opportunity to conduct discovery or properly brief the class issues. Indeed, motions to strike class claims prior to certification are disfavored for a number of obvious reasons. First, there is no provision for a motion to strike class claims in the Federal Rules. Second, such motions are prejudicial to the proposed class because they have not had the opportunity to conduct discovery. Finally, such motions are contrary to the long-standing class procedure to allow Plaintiffs and the Court the full opportunity to prepare all the arguments and evidence relevant to certification.

It is incontrovertible that a motion to strike class claims prior to any discovery or the filing of a motion for class certification is appropriate only "in the rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Vlachos*

*v. Choice One Cmty. Fed. Credit Union*, 2011 WL 2580657*2 (M.D. Pa. June 29, 2011);

*Ehrhart v. Synthes (USA)*, WL 4591276, *5 (D.N.J. Dec. 21, 2007) ("Decisions from our sister

courts have made clear that dismissal of class allegations at this stage should be done rarely and

that the better course is to deny such a motion because 'the shape and form of a class action

evolves only through the process of discovery.'").

<div align="center">

**2.     The Class Is Ascertainable**

</div>

BONY's argument that the proposed class is unascertainable is entirely unsupported and

should be disregarded.

In *Byrd v. Aaron's Inc.*, the 3rd Circuit, seeking "to dispel any confusion" created by

"defendants in class actions…invoking the ascertainability requirement with increasing

frequency in order to defeat class certification", held that the analysis of ascertainability is

nothing more than a two-fold inquiry requiring Plaintiffs to show that: "(1) the class is 'defined

with reference to objective criteria'; and (2) there is "a reliable and administratively feasible

mechanism for determining whether putative class members fall within the class definition."

*Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015) (citations omitted).  More importantly,

the Third Circuit, in explaining the inquiry, stated "[a]nd it does not mean that a plaintiff must be

able to identify all class members at class certification—instead, a plaintiff need only show that

"class members *can* be identified."  *Id*. (citations omitted).  More aptly, the court in *Byrd*

explained ascertainability as follows:

> The ascertainability inquiry is narrow. If defendants intend to challenge
> ascertainability, they must be exacting in their analysis and not infuse the
> ascertainability inquiry with other class-certification requirements. As we said in
> *Carrera*, "ascertainability only requires the plaintiff to show that class members
> can be identified." 727 F.3d at 308 n. 2. This inquiry will not be relevant in every
> case and is independent from the other requirements of Rule 23.

*Id.*

Here, Plaintiffs' proposed class definition is defined with reference to objective criteria. Indeed, the proposed class definition readily identifies a specific class, namely Property owners denied the excess funds from the proceeds of the sheriff's sale of their Property. As such, this class can be ascertained by simple objective criteria, specifically those individuals who didn't receive such excess funds. Moreover, there is a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition. Quite simply, Defendants' own records will reveal what sheriff's sales resulted in excess funds as well as if any of those excess funds were distributed to the homeowner.

BONY's argument that the proposed class is unascertainable fails because, as the Court in *Byrd* warned against, BONY tries to infuse the ascertainability inquiry with other class-certification requirements. As Judge Rendell noted in her concurring opinion in *Byrd*, the ascertainability analysis should "focus on class definition only." [7] *Id*. at 177.

### 3. Common Questions Predominate

Rule 23(b)(3) requires, in relevant part, that common questions of law or fact predominate over individual questions. However, predominance does not require a lack of any individual questions. In fact, "[a] single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions." *Newberg on Class Actions* (4th ed. 2010) §4:25. Moreover, under Rule 23(b)(3) the existence of some individual issues will not destroy common issue predominance. *In Re: Certainteed Fiber*

---

[7] In its motion, BONY did not cite to or address the *Byrd* opinion. Ironically, Blank Rome LLP, counsel for BONY herein, posted a publication on its website dated May 2015 titled "Third Circuit Emphasizes Distinction Between Ascertainability Analysis and Rule 23 Requirements" in which Blank Rome attorneys noted that "Judge Rendell filed a strongly worded concurring opinion, criticizing reliance on the ascertainability requirement in 'low value consumer class acitons' and stating that 'it is time to retreat from our heightened ascertainability requirement in favor of following the historical meaning of ascertainability under Rule 23.'" See http://www.blankrome.com/index.cfm?contentID=37&itemID=3588.

*Cement Siding Litig.*, 303 F.R.D. 199, 211 (E.D. Pa. 2014)  Predominance will generally exist if the class members' legal claims arise out of defendant's common course of conduct. *Chakejian v. Equifax Info. Servs.*, 275 F.R.D. 201, 210 (E.D. Pa. 2011) ("Predominance is normally satisfied when plaintiffs have alleged a common course of conduct on the part of the defendant"). In this case, the central issues relate to Defendants' failure to provide the legally required excess funds from the sheriff's sale of the Property to Plaintiffs.  The resolution of these common issues will resolve a significant portion of the case for all class members.  Predominance is satisfied.

As demonstrated herein, there is no basis to find that this case is one of those rare instances where the class claims should be stricken prior to discovery and a motion for class certification.

## VIII.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss.  Further, Plaintiffs respectfully request that this Court deny Defendant's Motion to Strike Class Allegations.  Should the Court, however, find in favor of the Defendant on any of its arguments, Plaintiffs respectfully request leave to amend their Complaint in a manner consistent with the Court's ruling.

Respectfully submitted,

Dated:  07/13/2015              /s/ Daniel C. Levin
                               Daniel C. Levin, Esquire
                               Id No.: 80013
                               Levin, Fishbein, Sedran & Berman
                               510 Walnut Street, Ste. 500
                               Philadelphia, PA 19106
                               Telephone:  215-592-1500
                               Facsimile:   215-592-4663

Christopher G. Hayes, Esquire
The Law Office of Christopher G. Hayes
225 South Church Street
West Chester, PA 19382
Telephone: 610-431-9505
Facsimile : 610-431-1269

William T. Wilson, Esquire
Michael Louis, Esquire
MacElree Harvey, Ltd.
17 West Miner Street, P.O. Box 660
West Chester, PA 19381
Telephone: 610-436-0100
Facsimile:  610-430-7885

*Attorneys for Plaintiffs*

# EXHIBIT A

# Sheriff's Sale Notices for October 4, 2011

SHERIFF'S SALE

## FIRST PUBLICATION

Properties to be sold by Sheriff Barbara A. Deeley, on Tuesday, October 4, 2011 at the:

FIRST DISTRICT PLAZA
3801 MARKET STREET
10:00 A.M. (DST).

JUDICIAL/FORECLOSURE SALE
CONDITIONS OF SHERIFF SALE

Ten percent of the highest bid for each property auctioned off shall be deposited in cash, certified check, attorney's check or money order with the Sheriff by each bidder when his bid is registered, provided that in no case shall less than Six Hundred Dollars ($600.00) be deposited, otherwise upon failure or refusal to make such deposit, the bidder shall lose all benefit of his bid and the property may be immediately offered again and sold unless a second bid has been registered, then, the second highest bidder will take the property at the highest bid price.

Additionally, where there is active bidding, the highest bidder, and the second highest bidder, if any must post the entire amount of the cost of the distribution policy for the property at the time of sale by cash, certified check, attorney's check or money order with the Sheriff

The balance of the purchase money must be deposited in cash, certified check, attorney's check or money order together with a Deed poll for execution by the highest bidder to the Sheriff at his office within 30 days from the time of the sale. An extension of time for an additional 30 days may be granted at the discretion of the Sheriff upon receipt of written request from the buyer requesting the same, except when a second bidder has been duly registered. Also, if the first bidder does not complete settlement with the Sheriff within the thirty (30) day time limit and a second bid was registered at the sale, the second bidder shall be granted the same thirty (30) day time limit to make settlement with the Sheriff on his second bid. Thereafter, the Sheriff shall be at liberty to return the writ to court.

A second bid must be registered on any property immediately after it is sold. The second bidder must present the same amount of deposit that the highest bidder delivers to the Sheriff at the sale. An extension of time under no circumstances will be granted or honored by the Sheriff whenever a second bid is registered on a property at the sale.

The first bid or opening bid on each property shall be a sum sufficient to pay all Sheriff's costs including advertising, all taxes, water rents and municipal claims due to the City of Philadelphia. If there is no other bid price above the opening bid price, the property shall be sold by the auctioneer to the attorney on the writ at that price.

The deposit by any bidder who fails to comply with the above conditions of sale shall be forfeited and the funds will be applied to the Sheriff's cost, then to any municipal claims that the City of Philadelphia has on the property. Finally, if a balance still remains, a Sheriff's Distribution Policy will be ordered and the money will be distributed accordingly.

No personal checks, drafts or promises to pay will be accepted in lieu of cash, certified checks, attorney's checks or money orders made payable to the Sheriff of Philadelphia County.

The Sheriff reserves the right to grant further extensions of time to settle and further reserves the right to refuse bids from bidders who have failed to enter deposits on their bids, failed to make settlement, or make fraudulent bids, or any other behavior which causes disruption of the Sheriff Sale. Said bidders shall be so refused for the sale in which said behavior occurred and for said further period of time as the Sheriff in his discretion shall determine.

The Sheriff will not acknowledge a deed poll to any individual or entity using an unregistered fictitious name and may, at his discretion, require proof of identity of the purchaser or the registration of fictitious names. The bid of an unregistered fictitious name shall be forfeited as if the bidder failed to meet the terms of sale.

All bidders are advised to remain at the sale until after the last property is sold. The Sheriff reserves the right to re-sell any property at any time before the end of the sale, upon the successful bidders' failure to tender the required deposit. The Sheriff reserves the right to postpone or stay the sale of any property in which the attorney on the writ has not appeared and is not present at the sale

Prospective purchasers are directed to the Web site of the Philadelphia Bureau of Revision of Taxes, (BRT) "brtweb.phila.gov" for a fuller description of the properties listed. Properties can be looked up by the BRT number – which should be cross checked with the address. Prospective purchasers are also directed to the Philadelphia Department of Records, at Room 154 City Hall, 215-686-1483 and to its website at http://philadox.phila.gov where they can view the deed to each individual property and find the boundaries of the property. PROSPECTIVE PURCHASERS ARE RESPONSIBLE FOR DETERMINING THE NATURE, LOCATION, CONDITION AND BOUNDARIES OF THE PROPERTIES THEY SEEK TO PURCHASE.

The "BRT #" refers to a unique number assigned by the City Bureau of Revision of Taxes to each property in the City for the purpose of assessing it for taxes. This number can be used to obtain descriptive information about the property from the BRT website. Effective Date: July 7, 2006

SHERIFF'S SALE

NOTICE OF SCHEDULE
OF DISTRIBUTION

The Sheriff will file in his office, The Land Title Building, 100 South Broad Street, 5th Floor, a Schedule of Distribution Thirty (30) Days from the date of Real Estate sold on October 4, 2011.

Distribution will be made in accordance with the Schedule unless exceptions are filed thereto within ten (10) days thereafter.

N.B. - For the benefit of our non-professional readers who do not understand the meaning of the letters and figures following the defendant's names, we make the following.

EXPLANATION

The name first appearing in each notice is that of the defendant in the writ whose property is being sold. All Writs are Writs of Executions.

The letters C.P., Court of Common Pleas; O.C., Orphans' Court; Q.S., Court of Quarter Sessions; C.C., County Court - indicate the Court out of which the writ of execution issues under which the sale is made: S. 1941. 223. means September Term, 1941. 223, the term and number of the docket entry; the figures following show the amount of debt; and the name following is that of the attorney issuing the writ.

Attention is called to the provisions of Act No.104, approved July 27, 1955, which requires owners of properties which are used, designed or intended to be used by three or more families, or of commercial establishments which contain one or more dwelling units, to deliver to the buyers of such properties a use registration permit at the time of settlement, under certain terms and conditions. Sheriff Sales are not subject to provisions of the said Act and the Sheriff will, therefore, not deliver use registration permits in connection with any sales conducted by him.

Very truly yours,
BARBARA A. DEELEY

## SHERIFF'S SALE OF TUESDAY, OCTOBER 4, 2011

6-301

4625 Fernhill Rd. 19144 13th Wd. 1181 sq ft. BRT# 133137500 Improvements: Residential Property
LESTER BUSSEY C.P. February Term, 2008 No. 01136 $61,681.29 Phelan Hallinan & Schmieg, LLP

6-302

7221 Cottage St. 19135-1227 41st Wd. 1616.10 sq. ft. BRT# 412294800 Improvements: Residential Property
ZAHKIYAH TAYLOR C.P. April Term, 2011 No. 00330 $123,472.21 Phelan Hallinan & Schmieg, LLP

6-303

1733 S. Edgewood St. 19142-1413 3rd Wd. 997.50 sq. ft. BRT# 034140900 Improvements: Residential Property
CLIFFORD STEVENSON C.P. December Term, 2010 No. 02318 $78,472.01 Phelan Hallinan & Schmieg, LLP

6-304

377 E. Cliveden St. 19119-2321 22nd Wd. 1287.72 sq. ft. BRT# 221051400 Improvements: Residential Property
STOCKTON T. DUPONT C.P. October Term, 2010 No. 03302 $30,598.40 Phelan Hallinan & Schmieg, LLP

6-305

4234 Ormond St. 19124-4926 33rd Wd. 810 sq. ft. BRT# 332535500 Improvements: Residential Property
JABAR J. HILTON C.P. April Term, 2010 No. 01025 $110,141.75 Phelan Hallinan & Schmieg, LLP

6-306

843 N. 42nd St. 19104-1474 6th Wd. 1809 sq. ft. BRT# 062276100 Improvements: Residential Property
STANLEY T. WILSON C.P. May Term, 2010 No. 03309 $71,518.69 Phelan Hallinan & Schmieg, LLP

6-307

8607 Temple Rd. 19150-1910 50th Wd. 1503.75 sq. ft. BRT# 501112900 Improvements: Residential Property
LAWRENCE L. MIDDLETON C.P. February Term, 2011 No. 00096 $112,021.45 Phelan Hallinan & Schmieg, LLP

6-308

2154 Cornwell Ave. 19115-2310 58th Wd. 2796 sq. ft. BRT# 581088800 Improvements: Residential Property
BRIAN NOTKIN AND REVA NOTKIN C.P. May Term, 2009 No. 03310 $140,860.26 Phelan Hallinan & Schmieg, LLP

6-309

9946 Jeanes St. 19115-1204 58th Wd. 3000 sq. ft. BRT# 581218000 Improvements: Residential Property
TERESSA V. GRUMBRECHT AND PATRICK J. GRUMBRECHT C.P. March Term, 2010 No. 00620 $185,264.74 Phelan Hallinan & Schmieg, LLP

6-310

4238 I St. 19124-4502 33rd Wd. 1246.87 sq. ft. BRT# 332155600 Improvements: Residential Property
SUSAN CABRERA C.P. July Term, 2010 No. 01555 $121,066.27 Phelan Hallinan & Schmieg, LLP

6-311

13026 Townsend Rd., Unit F4 19154 66th Wd. 1500 sq. ft. BRT# 888660157
CRYSTAL BOND AND PATRICK TEZI C.P. October Term, 2008 No. 1957 $167,540.14 Louis P. Vitti, Esq.

6-312

4203 N. Reese St. 19140 43rd Wd. 16 ft. 4 in. from the Northerly side of Hunting Park Avenue. Front: 14 ft. 4 in. 59 ft. OPA# 433228600 Subject to Mortgage
BOLIVA CEDENO C.P. September Term, 2010 No. 02468 $32,401.24 Louis P. Vitti, Esq.

6-313

4444 N. 3rd St. 19140 7th Wd. 323 ft. 4 in. Northward from the North side of Cayuga St. 14 ft. 8 in. 47 ft. 7 in. BRT# 072129900
RUTH RIVERA C.P. December Term, 2010 No. 02964 $62,965.95 Louis P. Vitti, Esq.

6-314

3023 Chatham St. 19134-4306 25th Wd. 112 ft. 7-1/4 in. Northward from the Northeast side of Indiana St. 14 ft. 4 in. 82 ft. 6 in. BRT# 251402900
JORGE CARABALLO C.P. September Term, 2010 No. 000794 $113,643.06 Louis P. Vitti, Esq.

6-315

598 E. Godfrey Ave. 19120-2121 35th Wd. 2,809.00 sq. ft. BRT# 351095500 Subject to Mortgage Improvements: Three-story masonry rowhouse
CESAR M. FERREIRA AND ISABEL FERREIRA C.P. May Term, 2011 No. 00275 $200,667.13 Shawn P. McClure, Esq.

6-316

1157 Hellerman St. 19111 53rd Wd. 1,915.00 sq. ft. BRT# 531131100 Improvements: Residential Dwelling
XUONG V. DANH C.P. July Term, 2010 No. 00578 $140,080.23 Mark J. Udren, Esq.

6-317

5763 Woodcrest Ave. 19131 52nd Wd. 1392 sq. ft. BRT# 522156900 Improvements: Residential Property
THE UNKNOWN HEIRS OF BETTY EARLINE ANDREWS, DECEASED, ANTOINETTE ANDREWS, SOLELY IN HER CAPACITY AS HEIR OF BETTY EARLINE ANDREWS, DECEASED, JACQUELINE ANDREWS, SOLELY IN HER CAPACITY AS HEIR OF BETTY EARLINE ANDREWS, DECEASED, LYNN ANDREWS, SOLELY IN HER CAPACITY AS HEIR OF BETTY EARLINE ANDREWS, DECEASED, ULYSSES ANDREWS, SOLELY IN HER CAPACITY AS HEIR OF BETTY EARLINE ANDREWS, DECEASED AND VIVIAN HARRIS, SOLELY IN HER CAPACITY AS HEIR OF BETTY EARLINE ANDREWS, DECEASED C.P. January Term, 2011 No. 00044 $92,314.20 Goldbeck McCafferty & McKeever

6-318

8140 Forrest Ave. 19150-3402 50th Wd. 2160 sq. ft. BRT# 502201200 Improvements: Residential Property
JONATHAN G. PERRY, SR. AND LYDIA D. PERRY C.P. November Term, 2010 No. 01328 $81,172.52 Phelan Hallinan & Schmieg, LLP

6-319

1214 Marlyn Rd. 19151-3126 34th Wd. 1275.75 sq. ft. BRT# 344273100 Improvements: Residential Property
ABDAL ALI C.P. August Term, 2010 No. 01667 $140,378.84 Phelan Hallinan & Schmieg, LLP

6-320

4012 Loring St. 19136-3915 41st Wd. 1002 sq. ft. BRT# 412163100 Improvements: Residential Property
JOANNE CORRADI C.P. April Term, 2011 No. 02289 $112,636.48 Phelan Hallinan & Schmieg, LLP

6-321

1939 Federal St. 19146-2916 36th Wd. 882.12 sq. ft. BRT# 361037300 Improvements: Residential Property
CARL SANTANGELO A/K/A CARL A.M. SANTANGELO C.P. November Term, 2010 No. 00975 $251,665.72 Phelan Hallinan & Schmieg, LLP

6-322

1422 Sellers St. 19124-3630 23rd Wd. 1296.25 sq. ft. BRT# 234047500 Improvements: Residential Property
EDWARD MCARTHUR C.P. April Term, 2011 No. 02602 $36,400.59 Phelan Hallinan & Schmieg, LLP

6-323A-B

65th Wd. (8014 Cottage St. – Premise A – 19136) 780 sq. ft. BRT# 652230500 Improvements: Residential Dwelling
65th Wd. (8014-A Cottage St. – Premise B – 19136) 3,370.60 sq. ft. BRT# 652230600 Improvements: Residential Dwelling
ROBERT L. NEBINGER AND GAIL L. NEBINGER C.P. May Term, 2006 No. 1429 $41,570.94 Jacqueline F. McNally, Esq.

6-324

1226 Keeper St. 19111-4928 53rd Wd. 1681.74 sq. ft. BRT# 532089400 Improvements: Residential Property
ERIC M. SCOTT C.P. May Term, 2010 No. 02145 $157,869.97 Phelan Hallinan & Schmieg, LLP

6-325

6630 Dorel St. 19142 40th Wd. 1143 sq. ft. OPA# 406317900 Improvements: Residential Property
FRANK N. MESSINA C.P. August Term, 2010 No. 4820 $92,615.61 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

6-326

301 S. Iseminger St. 19107-5503 5th Wd. 460.98 sq. ft. BRT# 053155510 Improvements: Residential Property
JOHN STEVEN BENOIT, INDIVIDUALLY, AND AS TRUSTEE THE JOHN STEVEN BENOIT LIVING TRUST C.P. March Term, 2010 No. 04569 $445,772.64 Phelan Hallinan & Schmieg, LLP

6-327

5443 N. 11th St. 19141-3004 49th Wd. 1243.43 sq. ft. BRT# 492335900 Improvements: Residential Property
FRED A. HUNTER C.P. September Term, 2010 No. 03752 $76,172.20 Phelan Hallinan & Schmieg, LLP

6-328

7307 Bonding Pl. 19153-3325 40th Wd. 2703.00 sq. ft. BRT# 406669302 Improvements: Residential Property
RYAN BOYER AND TOMIKA BOYER C.P. January Term, 2009 No. 00822 $224,390.86 Phelan Hallinan & Schmieg, LLP

6-329

2009 S. Bonsall St. 19145-2605 48th Wd. 800 sq. ft. BRT# 482274300 Improvements: Residential Property
CHAMROEUN YANG C.P. October Term, 2010 No. 01415 $85,295.19 Phelan Hallinan & Schmieg, LLP

6-330

1626 S. 56th St. 19143 51st Wd. 1891 sq. ft. BRT# 514034200 Improvements: Residential Property
JAMESETTA WILLS C.P. March Term, 2010 No. 5301 $58,592.71 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

6-331

1163 Overington St. 19124 23rd Wd. 1620 sq. ft. BRT# 234078800 Improvements: Residential Property
ANDREA BULLOCK C.P. March Term, 2011 No. 01679 $80,213.40 Goldbeck McCafferty & McKeever

6-332

224 W. Clapier St. 19144 13th Wd. 1260 sq. ft. BRT# 131053400 Improvements: Residential Property
WILLIAM A. ROBINSON C.P. February Term, 2011 No. 02251 $69,662.43 Goldbeck McCafferty & McKeever

6-333

4023 E. Roosevelt Blvd. 19124 23rd Wd. 1728 sq. ft. BRT# 233013800 Improvements: Residential Property
MARIA IBANEZ AND EDITH C. MANGUM C.P. February Term, 2011 No. 02769 $52,677.62 Goldbeck McCafferty & McKeever

6-334

4201 Orchard St. 19124-4605 23rd Wd. 2742.69 sq. ft. BRT# 232256300 Improvements: Residential Property
RAYMOND HOGELAND, IN HIS CAPACITY AS HEIR OF ROSALIE C. PLATEL, DECEASED ET AL. C.P. July Term, 2010 No. 02653 $30,109.65 Phelan Hallinan & Schmieg, LLP

6-335

1632 W. York St. 19132-4461 16th Wd. 1042.47 sq. ft. BRT# 161276400 Improvements: Residential Property
LASHONNA HAGANS, IN HER CAPACITY AS ADMINISTRATRIX AND HEIR OF THE ESTATE OF THERESA B. HAGANS ET AL. C.P. December Term, 2010 No. 01625 $34,495.91 Phelan Hallinan & Schmieg, LLP

6-336

6634 Roosevelt Blvd. 19149 54th Wd. 1773.09 sq. ft. BRT# 542514200 Improvements: Residential Property
WAYNE BLASSINGAME AND ANNETTE BLASSINGAME C.P. June Term, 2008 No. 3841 $116,092.08 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

6-337

226 W. Rittenhouse Sq., Unit 3006 19103 8th Wd. 1571 sq. ft. BRT# 888081377 Improvements: Residential Property
SANDRA MANN AND FREDRIC R. MANN II C.P. October Term, 2009 No. 04223 $256,083.51 Goldbeck McCafferty & McKeever

6-338

10982 Modena Dr. 19154 66th Wd. 2896.91 sq. ft. BRT# 662058000 Improvements: Residential Property
KIMBERLY A. BRITT AND EDWARD V. BRITT C.P. March Term, 2010 No. 04006 $129,278.01 Goldbeck McCafferty & McKeever

6-339

1323 Snyder Ave. 19148 39th Wd. 949.35 sq. ft. BRT# 394275100 Improvements: Residential Property
HENRY S. PRANOTO C.P. April Term, 2010 No. 00123 $170,076.59 Goldbeck McCafferty & McKeever

6-340

836 E. Cheltenham Ave. 19120 35th Wd. 1123.93 sq. ft. BRT# 351293700 Improvements: Residential Dwelling
NICOLE B. PAYNE C.P. October Term, 2010 No. 002208 $59,108.32 Jacqueline F. McNally, Esq.

6-341

2831 S. Sydenham St. 19145 26th Wd. 1084 sq. ft. BRT# 261231000 Improvements: Residential Real Estate
STEPHEN ZIRILLI C.P. May Term, 2009 No. 003329 $70,359.96 Stern and Eisenberg LLP

6-342

2117 Knorr St. 19149 35th Wd. 1,614.93 sq. ft. BRT# 542010500 Improvements: Residential Dwelling
ARTHUR SCHUSLMAN C.P. July Term, 2008 No. 000165 $136,581.43 Mark J. Udren, Esq.

6-343

1500 S. Taylor St. 19146 36th Wd. 705.03 sq. ft. BRT# 364188215 Improvements: Residential Dwelling
SHAMINA S. UPSHUR C.P. August Term, 2007 No. 003767 $79,906.91 Mark J. Udren, Esq.

## SHERIFF'S SALE

**6-344**
1213 Friendship St. 19111 53rd Wd, 4,518.75 sq. ft. BRT# 532305800 Improvements: Residential Dwelling
MELODY TALARICO C.P. January Term, 2011 No. 00309 $120,246.80 Mark J. Udren, Esq.

**6-345**
2259 N. Carlisle St. 19132-4508 16th Wd. 1311-47 sq. ft. BRT# 161018100 Improvements: Residential Property
DAVID A. BLITHE C.P. January Term, 2010 No. 00626 $89,725.69 Phelan Hallinan & Schmieg, LLP

**6-346**
2447 E. Letterly St. 19125 31st Wd. 843.50 sq. ft. BRT# 313242100 Improvements: Residential Dwelling
JENNIFER A. BAQUERIZO AND JOSE O. BAQUERIZO C.P. May Term, 2011 No. 001738 $160,986.97 Jacqueline F. McNally, Esq.

**6-347**
5868 Summer St. 19139 4th Wd. 15 ft. 6 in. and extending of that within, in depth on depth Southward, between parallel lines at right angles of said Summer Street, 91 ft. 8 in. to a certain. 3 ft. 6 in. wide alley, extending Eastward and Westward sq. ft. BRT# 041160800
LISA THOMAS C.P. March Term, 2010 No. 03458 $61,447.54 Louis P. Vitti, Esq.

**6-348**
105 W. Medary Ave. 19126 61st Wd. 30 ft. wide at the distance of 231 feet 6 in. Southeastwardly from Northeast corner of intersection of 7th St 60 ft 0 in. on a radius of 1291.183 feet thence extending Eastwardly along the said Medary Avenue on the same curve and radius a distance of 80 feet. sq. ft. BRT# 611310090
CHERYL DAVIS C.P. March Term, 2011 No. 00321 $144,162.07 Louis P. Vitti, Esq.

**6-349**
613 E Catharine St. 19147 2nd Wd. 75.00 ft. 0 in. from the Southerly side of 6th Street 136.574 ft. 0 in. 118.621 ft. 0 in. BRT# 888021702 Subject to Mortgage
CHE GREEN C.P. June Term, 2009 No. 489 $1,041,879.06 Louis P. Vitti, Esq.

**6-350**
103 E. Ashmead St. 19144 12th Wd. 30 ft. 0 in. at the distance of 222 feet 8 in. Southwestward from the Southwest side of Wakefield St. 14 ft. 10 5/8 in. Depth: 14 ft. 10 5/8 in. BRT# 121021000
ERIC HOLIDAY AND SOMAR HOLIDAY C.P. October Term, 2009 No. 01267 $42,811.92 Louis P. Vitti, Esq.

**6-351**
4620 Naples St. 19124 23rd Wd. 1,426.40 sq. ft. OPA# 234212900 Improvements: Residential Property
KENNETH DOMBROSKI AKA KEN DOMBROSKI AND SANDRA E. MURRAY AKA SANDY E. MURRAY, DECEASED C.P. May Term, 2011 No. 1137 $108,929.22 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

**6-352**
6150 Hasbrook Ave. 19111 35th Wd. 3263.75 sq. ft. OPA# 243070600 Improvements: Residential Property
RAI YNA ABDUS SAI AAM AND OMAR JAMALADDIN C.P. August Term, 2009 No. 00761 $123,028.65 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

**6-353**
3062 Frankford Ave. 19134 25th Wd. 2592 sq. ft. OPA# 252485900 Improvements: Residential Property
SABINA ISLAM AND M D. MOHHIMENUL ISLAM C.P. January Term, 2011 No. 3034 $135,497.24 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

**6-354**
8969 Woodcrest Ave. 19131 52nd Wd. 2560 sq. ft. BRT# 522165300 Improvements: Residential Property
AGUIE MARION GORDON HOWARD B. C.P. December Term, 2009 No. 00508 $73,727.74 Scott A. Dietterick, Esq., and Kimberly A. Bonner, Esq., and Joel A. Ackerman, Esq., and Ashleigh L. Levy, Esq., and Zucker, Goldberg & Ackerman, LLC

**6-355**
6040 Walton Ave. 19143-2368 2nd Wd. 1654.63 sq. ft. BRT# 032171900 Improvements: Residential Property
ALFRED H. BIDELL AND JOYCE KRAKUE C.P. November Term, 2009 No. 04630 $23,109.37 Phelan Hallinan & Schmieg, LLP

**6-356**
4994 W. Thompson St. 19143 44th Wd. 14 feet 6 inches frontage x 70 feet depth BRT# 061056100 Improvements: Residential Property
LARRY HAWKINS C.P. October Term, 2010 No. 01593 $57,290.95 Richard M. Squire & Associates, LLC

**6-357**
1045 Edgemore Rd. 19151 34th Wd. 1700 sq. ft. BRT# 343671100 Improvements: Residential Property
RICHARD J. HICKMAN AND BARBARA HICKMAN, HUSBAND AND WIFE C.P. July Term, 2009 No. 03915 $41,116.60 Richard M. Squire & Associates, LLC

**6-358**
2239 McKean St. 19148 48th Wd. 15 feet 11 inches frontage x 63 feet depth BRT# 482054700 Improvements: Residential Property
KARL TYLER AND PAMELA G. TYLER, HIS WIFE C.P. November Term, 2010 No. 00173 $57,762.64 Richard M. Squire & Associates, LLC

**6-359**
1229 N. 56th St. 19131 4th Wd. 15 feet frontage x 106 feet depth BRT# 041217500 Improvements: Residential Property
WILLIAM CARTER C.P. August Term, 2008 No. 02368 $39,836.13 Richard M. Squire & Associates, LLC

**6-360**
6333 Marsden St. 19135 41st Wd. 14 feet frontage x 78 feet depth BRT# 411267800 Improvements: Residential Property
SONIA AIUDA C.P. May Term, 2011 No. 01825 $135,838.42 Richard M. Squire & Associates, LLC

**6-361**
4937 N. 19th St. 19126 10th Wd. 2497.90 sq. ft. BRT# 601117000 Improvements: Residential Property
STANLEY YARBORO C.P. August Term, 2010 No. 02869 $123,381.24 Goldbeck McCafferty & McKeever

[illegible entry]
2710 & [illegible]gian St. 19125 31st Wd. 2050 sq. ft. BRT# [illegible]00 Residential Property
[illegible] BUTTERLINE AND MARK[illegible] AKA [illegible] BUTTERLINE C.P. March Term, [illegible] No. [illegible] $52,364.19 Goldbeck McCafferty & McKeever

**6-364**
5085 Catharine St. 19143 3rd Wd. 1151.01 sq. ft. BRT# 032184700 Improvements: Residential Property
YVONNE MARTIN AND MARCELLA WALKER C.P. November Term, 2009 No. 03361 $37,682.04 Goldbeck McCafferty & McKeever

**6-365**
940 S. St. 19147 2nd Wd. 1670 sq. ft. BRT# 021513900 Improvements: Residential Dwelling
JOSEPH A. PINSOLL AND SUZANNE PINSOLL C.P. October Term, 2010 No. 00046 $214,777.76 McCabe, Weisberg & Conway, PC

**6-366**
1213 E. 19th St. 19146 36th Wd. 2050 sq. ft. BRT# 361185300 Improvements: Residential Dwelling
ANDRE JUSTE A/K/A ANDRE R JUSTE C.P. September Term, 2008 No. 02369 $69,005.49 McCabe, Weisberg & Conway, PC

**6-367**
5924 Walnut St. 19139-4202 60th Wd. 1520 sq. ft. BRT# 602055000 Improvements: Residential Property
MOHAMMED M. HAQUE C.P. November Term, 2010 No. 01553 $195,107.49 Phelan Hallinan & Schmieg, LLP

**6-368**
610 Kerrmidge St. 19128-2404 21st Wd. 3232.75 sq. ft. BRT# 213203600 Improvements: Residential Property
GEORGIE ALBANY, JR AND MARIANNE W. ALBANY C.P. October Term, 2009 No. 01540 $29,816.97 Phelan Hallinan & Schmieg, LLP

**6-369**
305 W. Oxford St. 19122-3743 18th Wd. 888.22 sq ft. BRT# 183015600 Improvements: Residential Property
NAPOLEON GARCIA C.P. April Term, 2010 No. 00516 $322,616.61 Phelan Hallinan & Schmieg, LLP

**6-370**
5812 Roselyn St. 19141-1253 42nd Wd. 1121.58 sq. ft. BRT# 572301000 Improvements: Residential Property
PAUL A. BROWN, INDIVIDUALLY AND IN HER CAPACITY AS ADMINISTRATRIX OF THE ESTATE OF EVELYN W. BROWN

AND UNKNOWN HEIRS, SUCCESSORS, ASSIGNS, AND ALL PERSONS, FIRMS, OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER EVELYN W. BROWN, DECEASED C.P. October Term, 2010 No. 00738 $75,460.95 Phelan Hallinan & Schmieg, LLP

**6-371**
906 Pelverton Ave. 19111-4107 53rd Wd. 2891.60 sq. ft. BRT# 532273200 Improvements: Residential Property
JONG W. LEE C.P. May Term, 2010 No. 04916 $88,160.67 Phelan Hallinan & Schmieg, LLP

**6-372**
308 W. Manal Pleasant Ave. 19119 22nd Wd. 7658.95 sq. ft. BRT# 882920560 Improvements: Res'tial W/Bar Masonry
ABJI, LLC C.P. October Term, 2007 No. 004489 $857,438.35 William J. Levant, Esq.

**6-373**
1521 N. 18th St. 19121 29th Wd. 1,130.00 sq. ft. OPA# 202391400 Subject to Mortgage Improvements: Residential Property
DEBORAH TERRY, EXECUTRIX OF THE ESTATE OF MATILDA TERRY C.P. June Term, 2009 No. 00399 $23,948.14 Brett A. Solomon; Michel C. Mazack

**6-374**
5148 Kershaw St. 19131 44th Wd. 1,440.00 sq. ft. OPA# 442140200 Subject to Mortgage Improvements: Residential Property
MORDECHAI PIOTRKOVSKI C.P. March Term, 2011 No. 000907 $83,437.63 Brett A. Solomon; Michel C. Mazack

**6-375**
2536 E. 58th St. 19145 40th Wd. 1,120.00 sq. ft. OPA# 403025900 Subject to Mortgage Improvements: Residential Property
GERARD MADDREY C.P. August Term, 2009 No. 003057 $108,824.39 Brett A. Solomon; Michel C. Mazack

**6-376**
6127 W. Jefferson St. 19151 34th Wd. 1340 sq. ft. BRT# 342070000 Improvements: Residential Dwelling
RHONDA TAYLOR C.P. October Term, No. 1237 $91,587.90 Gregory Javardian, Esq.

**6-377**
216 N. Edgewood St. 19139 34th Wd. 971 sq. ft. BRT# 341100300 Improvements: Residential Dwelling
CHARLES A.I. HALPIN, III ESQ. AS ADMINISTRATOR OF THE ESTATE OF MARY FRANCES GIVENS A/K/A FRANCES GIVENS, DECEASED. C.P. May Term, 2011 No. 2110 $23,605.28 Gregory Javardian, Esq.

**6-378**
8011-8013 Rowland Ave. 19136 63rd Wd. 10938.50 sq. ft. BRT# 642006000 Improvements: Residential Property
SAFAA DEEB C.P. September Term, 2009 No. 00396 $260,993.95 Goldbeck McCafferty & McKeever

**6-379**
2033 Carver St. 19124 43rd Wd. 1004.45 sq. ft. BRT# 411058900 Improvements: Residential Property
NAOMI SMITH AND SELISA SMITH C.P. July Term, 2004 No. 02421 $39,126.31 Goldbeck McCafferty & McKeever

**6-380**
321 S. 46th St. 19143 60th Wd. 2100 sq. ft. BRT# 461165900 Improvements: Residential Property
GORDANA KOSTICH C.P. June Term, 2006 No. 03959 $115,399.11 Goldbeck McCafferty & McKeever

**6-381**
991 E. Phil Ellena St. 19150 50th Wd. 3400 sq. ft. BRT# 502355900 Improvements: Residential Property
ANTHONY VINCENT C.P. June Term, 2006 No. 04518 $162,571.00 Goldbeck McCafferty & McKeever

**6-382**
14202 Barcaive Ave. 19116 58th Wd 6400 sq. ft. BRT# 583006500 Improvements: Residential Property
TIMUR KADYROVA AND RUMIYA M. KADYROVA C.P. November Term, 2009 No. 05005 $364,819.79 Goldbeck McCafferty & McKeever

**6-383**
5833 Walnut St. 19139 60th Wd. 1672 sq. ft. BRT# 604163600 Improvements: Residential Property
WANDA SCRIVEN C.P. February Term, 2011 No. 01425 $40,929.42 Goldbeck McCafferty & McKeever

**6-384**
1401 Church St. 19124 23rd Wd. 1206 sq. ft. BRT# 234031000 Improvements: Residential Property
MICHAEL A. KEITH C.P. August Term,

**6-385**
200 Higbee St. 19111 35th Wd 3324 sq ft. BRT# 352150100 Subject to Mortgage Improvements: Residential Dwelling
LOKHO IYELIN C.P. December Term, 2010 No. 03342 $147,741.94 McCabe, Weisberg & Conway, P.C.

**6-386**
440 Delmar St. 19128 21st Wd 1800 sq ft BRT# 212309200 Improvements: Residential Dwelling
MICHAEL J. RAMPONE A/K/A MICHAEL J. RAMPONE, JR. AND KIMBERLY RAMPONE A/K/A KIMBERLY MARIE JUNIO C.P. August Term, 2009 No. 001724 $186,686.32 Martha E. Von Rosenstiel, Esq.

**6-387**
5514 Wyalusing Ave. 19131 4th Wd. 2,268 sq. ft. BRT# 043007100 Improvements: Residential Dwelling
QUINTON JOHNSON C.P. June Term, 2009 No. 00200 $78,758.01 Martha E. Von Rosenstiel, Esq.

**6-388**
7650 Hartshire Ave. 19111 63rd Wd 2,700.00 sq. ft. BRT# 631089800 Improvements: Residential Dwelling
ROBERT J. ORTZ AND TARA ORTZ C.P. December Term, 2006 No. 001398 $109,524.65 Jacqueline F. McNally, Esq.

**6-389**
18601 E. Wensley St. 19134 45th Wd. 1,015.56 sq. ft. BRT# 452054100 Improvements: Residential Dwelling
BASIL E. CHUKWUNENYE AND MARIA N. CHUKWUNENYE C.P. March Term, 2011 No. 002273 $57,040.82 Jacqueline F. McNally, Esq.

**6-390**
136 N. 62nd St. 19139 34th Wd 1,080.00 sq. ft. BRT# 341224200 Improvements: Residential Dwelling
GEORGIE ARANKO C.P. May Term, 2011 No. 1705 $35,163.49 Jacqueline F. McNally, Esq.

**6-391**
9252 Annapolis Rd. 19114 57th Wd. 5000 sq. ft. BRT# 572254300 Improvements: Residential Dwelling
ANTHONY A. PIZZARO C.P. July Term, 2009 No. 03492 $143,693.38 Udren Law Offices, P.C., Esq.

**6-392**
2601 Pennsylvania Ave. Unit 946 19130 15th Wd. 744 sq. ft. BRT# 888073156 Improvements: Residential Dwelling
YONGPING WANG AND MALGORZATA WEDLO C.P. November Term, 2010 No. 01325 $240,057.47 Mark J. Udren, Esq.

**6-393**
7508 Beverly Rd. 19138 50th Wd 1,509 sq ft BRT# 501364900 Improvements: Residential Dwelling
KEVIN J. MALONE C.P. January Term, 2010 No. 02812 $101,283.29 Mark J. Udren, Esq.

**6-394**
2361 Shurer St. 19145 36th Wd. 870 sq ft BRT# 364120800 Improvements: Row 2 Sty Masonry Residential
ERIC J. DUA AND EFRAIM DUA AND MARIA DUA C.P. August Term, 2011 No. 02635 $65,728.78 Emory A. Wyers, Jr., Esq.

**6-395**
5807 Anidon Rd. 19138 59th Wd 3rd 5156 sq ft improvements 1739 sq. ft. BRT# 332191703 Improvements: Residential Dwelling
MICHAEL FROST C.P. Term. No. 03830 $366,163.07 Lauren Berg Esq, Mindenal, Lid

**6-396**
862 Wynnewood Rd. 19151-3422 34th Wd. 3192 sq. ft. BRT# 342120800 Improvements: Residential Property
PATRICK NIA C.P. May Term, 2010 No. 03474 $159,600.39 Phelan Hallinan & Schmieg, LLP

**6-397**
538 N. 49th St. 19143-2002 44th Wd. 2105 sq. ft. BRT# 441042700 Improvements: Residential Property
STANLEY WILSON A/K/A STANLEY T. WILSON C.P. September Term, 2010 No. 00231 $181,289.19 Phelan Hallinan & Schmieg, LLP

**6-398**
3019 Fairdale Rd. 19154-1803 66th Wd. 1800 sq. ft. BRT# 663024700 Improvements: Residential Property
BHAJAN M. KELL AND LAUREN E. KELL C.P. October Term, 2009 No. 01561 $166,515.68 Phelan Hallinan & Schmieg, LLP

**6-399**
18 W. Pomona St. 19144-4913 59th Wd. 1633.59 sq. ft. BRT# 593096600 Improvements: Residential Property

**6-400**
2010 No. 03040 $144,898.97 Goldbeck McCafferty & McKeever

**6-401**
1728 Tustin St. 19152-1858 56th Wd. 2232.36 sq ft. BRT# 562229700 Improvements: Residential Property
HARVEY THEIS C.P. July Term, 2010 No. 01257 $179,086.16 Phelan Hallinan & Schmieg, LLP

**6-402**
2041 S. Croskey St. 19145-2709 48th Wd 783 sq ft. BRT# 482212300 Improvements: Residential Property
VICTORIA HORNE F/K/A VICTORIA WELLS AND WALTER A. HORNE C.P. November Term, 2010 No. 03131 $79,632.43 Phelan Hallinan & Schmieg, LLP

**6-403**
5704 Reedland St. 19143-6132 40th Wd 1080 sq. ft. BRT# 402193500 Improvements: Residential Property
TRACEY M. GLOVER C.P. July Term, 2010 No. 03654 $25,766.58 Phelan Hallinan & Schmieg, LLP

**6-404**
7043 Georgian Ave. 19138-2116 10th Wd 1472 sq ft BRT# 101127300 Improvements: Residential Property
QUBBINE CUSTIS C.P. February Term, 2010 No. 02807 $120,709.93 Phelan Hallinan & Schmieg, LLP

**6-405**
5414 Trinity St. 19143-4919 51st Wd 1362.42 sq ft. BRT# 514124800 Improvements: Residential Property
CARLA D. ROWLEY C.P. August Term, 2010 No. 04045 $23,226.46 Phelan Hallinan & Schmieg, LLP

**6-406**
4686 Melrose St. 19137 45th Wd 1541 sq ft BRT# 453441300 Improvements: Residential Property
RENE VILLAFANE C.P. June Term, 2007 No. 03976 $71,523.77 Phelan Hallinan & Schmieg, LLP

**6-407**
1726 S. 21st St. 19145-1947 36th Wd 1188 sq. ft. BRT# 363277000 Improvements: Residential Property
STEVEN JONES C.P. February Term, 2010 No. 03539 $333,342.63 Phelan Hallinan & Schmieg, LLP

**6-408**
1500-06 Chestnut St, Unit 16G 19102 8th Wd. 772 sq ft. BRT# 888115612 Subject to Mortgage
KEITH SINGLETON C.P. November Term 2010 No. 3258 $10,115.56 Evan R. Bachive, Esq.; Eisenman Kockstein & Hatto, P.C.

**6-409**
6558 Kindred St. 19149 34th Wd 1236 sq. ft. BRT# 541206700 Improvements: Residential Dwelling
CATHERINE PHILLIPS C.P. July Term, 2011 No. 001550 $164,201.52 Federman & Associates, LLC

**6-410A**
801 N. 66th St. 19151 34th Wd 1428 sq. ft. BRT# 344074200 Improvements: Residential Dwelling
CHARLES A.I. HALPIN, III AS ADMINISTRATOR OF THE ESTATE OF CALVIN DANIEL FRIEDMAN C.P. April Term, 2011 No. 2910 $23,809.87 Gregory Javardian, Esq.

**6-411**
81 E. Duval St. 19144 14th Wd. 1151.25 sq ft BRT# 592162500 Improvements: Residential Dwelling
DENISE DARDEN-GINYARD AND DWAYNE GINYARD C.P. April Term, 2011 No. 1223 $70,999.89 Gregory Javardian, Esq.

**6-412 A-B**
33rd Wd (101 Walnut St, Unit 4 –Premise A –101045 2423 sq. ft. BRT# 888337504 Improvements: Residential Dwelling
33rd Wd (101 Walnut St, Unit 4 –Premise B –19101) 153 sq. ft. BRT# 888037506 Improvements: Residential Dwelling
STEPHEN RIOS C.P. July Term, 2010 No. 00915 $1,180,188.78 Federman & Associates, LLC

**6-413**
2442 Claymont St. 19153 40th Wd. 3263.92 sq ft. BRT# 404156237 Improvements: Residential Dwelling
BARBARA MOMENT C.P. December Term,

## SHERIFF'S SALE

2010 No. 03280 $148,176.32 Mark J. Udren, Esq

6-414

5211 Roblearn St. 19143 22nd Wd. 10,026.80 sq. ft. BRT# 121198300 Improvements: Residential Real Estate

KANARD R. GRAVES AND TAMIKA GRAVES C.P. May Term, 2011 No. 1978 $72,812.17 Stern and Eisenberg LLP

6-415

6029 Chester Ave. 19142 40th Wd. 1005 sq. ft. BRT# 401217700 Improvements: Residential Real Estate

JONAS SAMUELS C.P. May Term, 2011 No. 002398 $67,262.55 Stern & Eisenberg PC

6-416

511 Christian St. 19147-4003 2nd Wd. 918.56 sq. ft. BRT# 022104400 Improvements: Residential Dwelling

LESLIE J. STORZ C.P. January Term, 2008 No. 00101 $383,700.80 Kristen D. Little, Esq

6-417

5101 Kershaw St. 19131 44th Wd. 1815 sq. ft. BRT# 442147400 Improvements: Single Family Row Home

DEON BROWNING C.P. February Term, 2011 No. 000733 $72,760.26 Craig H. Fox, Esq.

6-418

1112 Ellsworth St. 19147 2nd Wd. 1,340 sq. ft. BRT# 021203800 Improvements: Residential Dwelling

NICHOLAS J. MIGLINO, MARIA M MIGLINO, AND PETER MIGLINO C.P. March Term, 2011 No. 2309 $174,399.49 Weber Gallagher Simpson Stapleton Fires & Newby, LLP; Sarah A. Elia Esq

6-419

2019 E. Westmoreland St. 19134 45th Wd. 129 ft. 6 1/2 in. Southeastwardly form the Southeasterly side of Emerald St. 14 ft. 10 in. 53 ft. 9 in. BRT# 452040400

SEAN WALTHOUR AND HATTIE MCINTOSH C.P. May Term, 2010 No. 2031 $61,166.05 Lois M. Vitti, Esq

6-420

2531-2535 E. Clearfield St. 19134 25th Wd. 4,906 sq. ft. BRT# 251123310 Improvements: Mixed use property

NICHOLAS L. CASSIZZI AND FRANCINE L. CASSIZZI C.P. February Term, 2011 No. 1698 $369,792.06 Weber Gallagher Simpson Stapleton Fires & Newby, LLP; Sarah A. Elia, Esq.

6-421

66 Bonnie Gelman Ct. 19118 57th Wd. 1456 sq. ft. BRT# 888570331 Improvements: Condominium

DEANNA T. HARMON C.P. October Term, 2010 No. 000116 $160,834.04 McCabe, Weisberg & Conway, P.C.

6-422

4429 Princeton Ave. 19135 41st Wd. 2320 sq. ft. BRT# 412057600 Improvements: Residential Dwelling

HARRY B. SEVERNS C.P. August Term, 2010 No. 01148 $159,717.98 McCabe, Weisberg & Conway, P.C.

6-423

5871 Woodcrest Ave. 19131 52nd Wd. 2723.72 sq. ft. BRT# 522160800 Improvements: Residential Dwelling

LORNELL B. MURPHY C.P. January Term, 2011 No. 01880 $112,507.04 McCabe, Weisberg & Conway, P.C

6-424

2522 E. Gordon St. 19125 31st Wd. 1201.2 sq. ft. BRT# 313127300 Improvements: Residential Dwelling

MAX ZIMATH C.P. September Term, 2010 No. 01172 $111,958.69 McCabe, Weisberg & Conway, P.C

6-425

621 E. Wyoming Ave. 19120 42nd Wd. 2182.55 sq. ft. BRT# 421065700 Improvements: Residential Dwelling

MOKAD MOHAMMAD C.P. January Term, 2011 No. 02430 $26,181.85 McCabe, Weisberg & Conway, P.C

6-426

2651 N. Napa St. 19132 28th Wd. 1830.5 sq. ft. BRT# 282156600 Improvements: Residential Dwelling

ANDREA LUFFBOROUGH A/K/A ANDREA L. LUFFBOROUGH C.P. September Term, 2010 No. 00796 $45,062.88 McCabe, Weisberg & Conway, P.C

6-427

901 N. Penn St., #2204 19123 5th Wd. 730 sq. ft. BRT# 888061954 Improvements: Condominium

ALEXANDER KATSEF AND VLADISLAV VAISMAN C.P. August Term, 2009 No. 02287 $237,273.03 McCabe, Weisberg & Conway, P.C.

SHERIFF'S SALE

6-428

2139 Bridge St. 19124 62nd Wd. 4299.00 sq. ft. BRT# 622123600 Improvements: Residential Dwelling

ZHANNA FILIPOVA C.P. November Term, 2004 No. 00584 $67,211.40 McCabe, Weisberg & Conway, P.C

6-429

5611 Wyalusing Ave. 19131 4th Wd. 2436 sq. ft. BRT# 041067200 Improvements: Residential Dwelling

MELODIE LASSITER C.P. March Term, 2009 No. 04641 $73,592.17 McCabe, Weisberg & Conway, P.C.

6-430

3714 N. 18th St. 19140 38th Wd. 2189 sq. ft. BRT# 131351800 Improvements: Residential Property

DONNELL PONTON AND PERTANIAL P. DANIELS C.P. June Term, 2009 No. 003295 $63,685.26 Christopher A. DeNardo, Esq.

6-431

940 W. Porter St. 19148 39th Wd. 2784 sq. ft. BRT# 393353500 Improvements: Residential Dwelling

DESIREE D'AMBRO C.P. January Term, 2009 No. 02275 $278,664.20 McCabe, Weisberg & Conway, P.C.

6-432

2133 Earp St. 19146 36th Wd. 766 sq. ft. BRT# 361127700 Improvements: Residential Dwelling

LEWIS JENKINS AND MARIAN HANDY C.P. June Term, 2010 No. 01989 $11,000.00 Patrick J. Troy, Esq Kiehr Hanson Harvey Branzburg LLP

6-433

2129 Earp St. 19146 36th Wd. 980 sq. ft. BRT# 361125800 Improvements: Residential Dwelling

KALEEM S. SCOTT C.P. June Term, 2010 No. 01996 $19,000.00 Patrick J. Troy, Esq Kiehr Harrison Harvey Branzburg LLP

6-434

602 Borbeck Ave. 19111 56th Wd. 32 feet six 1/4 inches frontage x 70 feet depth BRT# 631549000 Improvements: Residential Property

THOMAS E. GILPIN AND MYRTLE GILPIN C.P. May Term, 2011 No. 01101 $96,107.54 Richard M. Squire & Associates, LLC

6-435

6108 Palmetto St. 19111 35th Wd. 15 feet frontage x 108 feet 2.5 inches depth BRT# 352290900 Improvements: Residential Property

NYANA BURTON C.P. September Term, 2009 No. 01103 $119,693.48 Richard M. Squire & Associates, LLC

6-436

1934 W. Sparks St. 19141 17th Wd. Land Area: 1470 sq. ft. Improvement Area: 1180 sq. ft. OPA# 171272700

ETANGALIA CANTY C.P. August Term, 2005 No. 004053 $59,175.86 Albert M. DiGregorio, Jr. Esq

6-437

1924 Dennie St. 19140 13th Wd. Land Area: 1620 sq. ft. Improvement 1200 sq. ft. OPA# 131365700 Improvements: ROW 2 STY MASONRY

DEAN ROSSI AND NO AGENT PROPERTIES, LLC C.P. January Term, 2011 No. 01518 $60,527.34 Christine A. Pinto, Esq.

6-438

737 Claire Rd. 19128 21st Wd. 4095 sq. ft. BRT# 214012460 Subject to Mortgage Improvements: Residential Dwelling

REGINA MILIONE C.P. March Term, 2010 No. 01537 $132,515.04 John J. Whelan, Esq.

6-439

841 Tree St. 19148 39th Wd. 700 sq. ft. BRT# 392130700 Improvements: A Residential Dwelling

LOUIS J. DUGAN C.P. April Term, 2011 No. 00015 $56,081.16 Federman & Associates, LLC

6-440

3840 Fairmount Ave. 19104 24th Wd. Land Area: 1395 sq. ft. Improvement 1615 sq. ft. OPA# 242126100

CORNELL SMITH A/K/A CORNELL G. SMITH C.P. July Term, 2008 No. 04554 $105,110.84 Anthony R. Distasio, Esq.; Linton, Distasio & Edwards, P.C.

6-441

3639 Sussex Ln. 19114 66th Wd. 3100 sq. ft. BRT# 661214000 Improvements: Residential Dwelling

SANDRA L. HELM AND EUGENE HELM, III C.P. March Term, 2009 No. 05301 $151,110.68 McCabe, Weisberg & Conway, P.C

6-442

6642 Glenloch St. 19135-2719 41st Wd. 1350 sq. ft. BRT# 411208100 Improvements: Residential Property

SHERIFF'S SALE

HAYES JOHNSON C.P. April Term, 2010 No. 00010 $152,420.51 Phelan Hallinan & Schmieg, LLP

6-443

1417 N. Corlies St. 19121-3504 29th Wd. 665.53 sq. ft. BRT# 292302200 Improvements: Residential Property

OSMAR J. GUERRERO C.P. September Term, 2010 No. 01255 $77,332.19 Phelan Hallinan & Schmieg, LLP

6-444

1317 Moore St. 19148-1808 26th Wd. 1237.50 sq. ft. BRT# 394554300 Improvements: Residential Property

KATHERINE A. HAENTJENS C.P. June Term, 2010 No. 01780 $193,154.83 Phelan Hallinan & Schmieg, LLP

6-445

1837 Sulis St. 19141-1020 17th Wd. 1067.50 sq. ft. BRT# 171035700 Improvements: Residential Property

MONICA L. MITCHELL C.P. November Term, 2010 No. 03632 $49,705.79 Phelan Hallinan & Schmieg, LLP

6-446

9230 Verree Rd. 19115-2801 63rd Wd. 31602 sq. ft. BRT# 632263920 Improvements: Residential Property

MIKHAILO TSYUMAN C.P. December Term, 2008 No. 03396 $612,508.63 Phelan Hallinan & Schmieg, LLP

6-447

1650 Haworth St. 19124-1372 62nd Wd. 2100.01 sq. ft. BRT# 621016500 Improvements: Residential Property

SHEILA RAMKELAWAN C.P. December Term, 2008 No. 03833 $125,271.69 Phelan Hallinan & Schmieg, LLP

6-448

2012 Estaugh St. 19140-4801 30th Wd. 1500 sq. ft. BRT# 112070700 Improvements: Residential Property

JUSTIN V. REEVES A/K/A JUSTIN REEVES C.P. August Term, 2009 No. 02751 $67,354.21 Phelan Hallinan & Schmieg, LLP

6-449

658 Waring St. 19116-2030 58th Wd. 6080 sq. ft. BRT# 582321100 Improvements: Residential Property

MARGARET B. HUSTON ET AL. C.P. August Term, 2010 No. 02713 $239,853.36 Phelan Hallinan & Schmieg, LLP

6-450

6213 Elmwood Ave. 19142-2907 40th Wd. 1360 sq. ft. BRT# 402235300 Improvements: Residential Property

BARBARA WILLIAMS, IN HER CAPACITY AS HEIR OF MARIE D. GUERRIER, DECEASED ET AL. C.P. March Term, 2010 No. 01793 $73,720.99 Phelan Hallinan & Schmieg, LLP

6-451

1753 Saint Pauls St. 19140-1815 13th Wd. 912.975 sq. ft. BRT# 132376300 Improvements: Residential Property

RUDOLPH F. VALENTINE, SR C.P. May Term, 2010 No. 02449 $49,667.77 Phelan Hallinan & Schmieg, LLP

6-452

2941 S 13th St. 19148-3947 39th Wd. 1408 sq. ft. BRT# 395342100 Improvements: Residential Property

THOMAS GALLO AND JENNIFER M. CORRIGAN C.P. April Term, 2010 No. 00860 $234,513.21 Phelan Hallinan & Schmieg, LLP

6-453

4518 N. Bodine St. 19140-1508 42nd Wd. 792.45 sq. ft. BRT# 422415300 Improvements: Residential Property

IDANIA GARCIA C.P. June Term, 2010 No. 01130 $42,212.06 Phelan Hallinan & Schmieg, LLP

6-454

923 S. 48th St. 19143-3526 46th Wd. 3135 sq. ft. BRT# 461213200 Improvements: Residential Property

JUDITH E. BERMAN AND JOHN P. HOLLAND C.P. August Term, 2010 No. 03847 $465,323.65 Phelan Hallinan & Schmieg, LLP

6-455

4633 Emery St. 19137-2110 45th Wd. 970.80 sq. ft. BRT# 453294800 Improvements: Residential Property

KATHLEEN A. GLATTS C.P. December Term, 2010 No. 00173 $156,355.53 Phelan Hallinan & Schmieg, LLP

6-456

7840 Sparrow Pl. 19153-1212 40th Wd. 1612.89 sq. ft. BRT# 405879900 Improvements: Residential Property

ANGELA C. RANDALL-WEST, IN HER CAPACITY AS EXECUTOR THE ESTATE OF PATRICIA J. ELLISON A/K/A PATRICIA ELLISON A/K/A PATRICIA JANE ELLISON A/K/A PAT RANDALL A/K/A PAT ELLISON

SHERIFF'S SALE

ET AL. & WILLIE P. LEWIS, IN HIS CAPACITY AS DEVISEE OF THE ESTATE OF PATRICIA J. ELLISON A/K/A PATRICIA ELLISON A/K/A PATRICIA JANE ELLISON A/K/A PAT RANDALL A/K/A PAT ELLISON ET AL. C.P. June Term, 2010 No. 00425 $142,410.75 Phelan Hallinan & Schmieg, LLP

6-457

918 S. Fairhill St. 19147-4015 2nd Wd. 722.12 sq. ft. BRT# 021436600 Improvements: Residential Property

HILDEGARD KENT C.P. July Term, 2010 No. 00226 $320,426.00 Phelan Hallinan & Schmieg, LLP

6-458

4065 Comly St. 19135-3819 62nd Wd. 2020 sq. ft. BRT# 622185100 Improvements: Residential Property

BABUL UDDIN C.P. May Term, 2010 No. 04565 $148,526.48 Phelan Hallinan & Schmieg, LLP

6-459

6749 Lynford St. 19149-2127 54th Wd. 1563.79 sq. ft. BRT# 542205200 Improvements: Residential Property

LAURIE R. SANDERS C.P. July Term, 2009 No. 03612 $83,451.28 Phelan Hallinan & Schmieg, LLP

6-460

1139 Kent Ln. 19115 58th Wd. 9191 sq ft/1479 sq ft Sq. ft. BRT# 581142100 Improvements: Residential Dwelling

STEVE DINENNO C.P. September Term, 2009 No. 03557 $277,089.48 McCabe, Weisberg & Conway, P.C.

6-461A-B

21st Wd. (4526 Wilde St. – Premise A – 19127) 21st Wd. Front 18 1/2"; Depth: 32' 5/8" BRT# 882920310 Improvements: Commercial building - store

21st Wd. (4526 Wilde St. – Premise B – 19127) 21st Wd. Front - 18 1/2"; Depth: 32' 5/8" BRT# 882920310 Improvements: Commercial building - store

ROXBOROUGH REAL ESTATE, LLC C.P. July Term, 2009 No. 00939 $455,581.47 Axel A. Shield, II, Esq

6-462

4600-02-04 Walnut St. 19139 46th Wd. Land: 5806.38 sq. ft.; BRT# 881145005; 461001200 Improvements: Residential - Apartment Building

NOEL KAKASANYI C.P. April Term, 2011 No. 0305 $589,486.89 Dana S. Plon, Esq

6-463A-G

1st Wd. (1301 S. Philip St. – Premise A – 19147) 950 sq. ft. BRT# 011073710 Improvements: Vac Land Res

1st Wd. (1303 S. Philip St. – Premise B – 19147) 950 sq. ft. BRT# 011073720 Improvements: Vac Land Res

1st Wd. (1305 S. Philip St. – Premise C – 19147) 950 sq. ft. BRT# 011073730 Improvements: Vac Land Res

1st Wd. (1307 S. Philip St. – Premise D – 19147) 950 sq. ft. BRT# 011073740 Improvements: Vac Land Res

1st Wd. (1300 S. 2nd St. – Premise E – 19147) 950 sq. ft. BRT# 011067010 Improvements: Row W/Gar 4sty Masonry

1st Wd. (1302 S. 2nd St. – Premise F – 19147) 950 sq. ft. BRT# 011067020 Improvements: Row W/Gar 4sty Masonry

1st Wd. (1304 S. 2nd St. Premise G – 19147) 950 sq. ft. BRT# 011067030 Improvements: Row W/Gar 4sty Masonry

EMPIRE INVESTMENT GROUP, LLC C.P. January Term, 2011 No. 03743 $2,230,989.76 McElroy, Deutsch, Mulvaney & Carpenter, LLP

6-464

2035 S. 68th St. 19142 40th Wd. 1140 sq. ft. BRT# 403068000 Improvements: Residential Dwelling

LILLIAN STRICKLAND C.P. December Term, 2009 No. 00432 $67,071.91 McCabe, Weisberg & Conway, P.C.

6-466

4427 E. Howell St. 19135 55th Wd. 5080 sq. ft./1913 sq ft. sq. ft. BRT# 552002000 Improvements: Residential Dwelling

GERALD RAAB, ADMINISTRATOR OF THE ESTATE OF LILLIAN RAAB, DECEASED MORTGAGOR AND REAL OWNER AND LILLIAN RAAB C.P. September Term, 2010 No. 03579 $129,152.13 McCabe, Weisberg & Conway, P.C.

6-467

246 W. Coulter St. 19144 12th Wd. 2262 sq. ft./2170 sq ft. sq. ft. BRT# 124036800 Improvements: Residential Dwelling

HELEN F. ADDERLEY AND SHEREE JOHNSON MINOR C.P. February Term, 2011 No. 00154 $96,089.29 McCabe, Weisberg & Conway, P.C

6-468

2915 Unruh Ave. 19149 55th Wd. 1870.62 sq. ft./1308 sq ft. sq. ft. BRT# 551150200 Subject

SHERIFF'S SALE

to Mortgage Improvements: Residential Dwelling

DEBORAH A. KEMP A/K/A DEBORAH WILSON AND RICHARD WILSON C.P. May Term, 2011 No. 01093 $187,316.14 McCabe, Weisberg & Conway, P.C.

6-469

5921 Cottage St. 19135 55th Wd. 6666 sq. ft./1280 sq.ft. sq. ft. BRT# 552401900 Improvements: Residential Dwelling

MICHELLE WINKIS $211,812.82 McCabe, Weisberg & Conway, P.C

6-470

2235 Larue St. 19137 23rd Wd. 1920.50 sq. ft. BRT# 453391100 Improvements: Residential Dwelling

RONALD JANITS AND DIANA JANITS C.P. September Term, 2010 No. 03573 $42,201.15 McCabe, Weisberg & Conway, P.C.

6-471

5229 Wakefield St. 19144 12th Wd. 3384.75 sq. ft. BRT# 121172900 Subject to Mortgage Improvements: Residential Dwelling

LYNDA BURRELL, EXECUTOR OF THE ESTATE OF MATTIE LOCKMAN, DECEASED MORTGAGOR AND REAL OWNER C.P. November Term, 2010 No. 03525 $39,052.95 McCabe, Weisberg & Conway, P.C.

6-472

4227 Nelson St. 19124-4921 33rd Wd. 810 sq. ft. BRT# 332529300 Improvements: Residential Property

HERIBERTO GONZALEZ, JR C.P. September Term, 2010 No. 01846 $54,591.65 Phelan Hallinan & Schmieg, LLP

6-473

2653 S. Percy St. 19148-4505 39th Wd. 710.50 sq. ft. BRT# 393451100 Improvements: Residential Property

ROSANNE C. RUFFO C.P. January Term, 2009 No. 02282 $222,029.90 Phelan Hallinan & Schmieg, LLP

6-474

6031 Cedarhurst St. 19143-3104 3rd Wd. 1320 sq. ft. BRT# 034010300 Improvements: Residential Property

GARY DEMPSEY AND KENNETH L. STOKES C.P. September Term, 2007 No. 01780 $78,670.38 Phelan Hallinan & Schmieg, LLP

6-475

357 E. Eleanor St. 19120 42nd Wd. 3,348.11 sq. ft. BRT# 421107000 Improvements: Residential Dwelling

JOHNNY R. WILSON C.P. March Term, 2008 No. 01793 $56,380.03 McCabe, Weisberg & Conway, P.C

6-476

7041 Large St. 19149 54th Wd. 2379.51 sq. ft. BRT# 542247700 Improvements: Residential Dwelling

WILLIAM P. TUMNEY, JR C.P. March Term, 2010 No. 01688 $141,692.37 McCabe, Weisberg & Conway, P.C.

6-477

2545 Sepviva St. 19125 31st Wd. 1,660 sq. ft. BRT# 311235300 Improvements: Residential Dwelling

JONATHAN BARNES C.P. September Term, 2010 No. 02785 $114,282.55 McCabe, Weisberg & Conway, P.C.

6-478

4622 Oakland St. 19124 23rd Wd. 1230 sq. ft. BRT# 234228300 Improvements: Residential Dwelling

DANIEL LAPTEFF C.P. December Term, 2009 No. 000937 $78,776.99 McCabe, Weisberg & Conway, P.C

6-479

457 W. Earlham Terr. 19144 12th Wd. 2102 sq. ft. BRT# 124056100 Improvements: Residential Dwelling

MATEO M. KING C.P. January Term, 2011 No. 00280 $85,070.14 McCabe, Weisberg & Conway, P.C.

6-480

818 E. Madison St. 19134 33rd Wd. 1909.50 sq. ft. BRT# 331067700 Improvements: Residential Dwelling

IGOR DOVMAN C.P. November Term, 2010 No. 02782 $32,312.67 McCabe, Weisberg & Conway, P.C.

6-481

6728 Cornelius St. 19138 10th Wd. 2223.83 sq. ft. BRT# 102375200 Improvements: Residential Dwelling

ROLEL COLEMAN C.P. September Term, 2010 No. 02781 $80,543.74 McCabe, Weisberg & Conway, P.C.

6-483

1640 N. 69th St. 19151 34th Wd. 2616.96 sq. ft. BRT# 342153700 Improvements: Residential Dwelling

TIMOTHY CHINA C.P. October Term, 2010 No. 01814 $74,681.43 McCabe, Weisberg & Conway, P.C.

SHERIFF'S SALE    SHERIFF'S SALE    SHERIFF'S SALE    SHERIFF'S SALE

6-483
7335 Torresdale Ave. 19135 65th Wd. 3240 sq. ft. BRT# 651257404 Subject to Mortgage Improvements. Residential Dwelling
BETH ANN FLANGER C.P. December Term, 2010 No. 00763 $125,373.93 McCabe, Weisberg & Conway, P.C.

6-484
3639 Titan St. 19146 36th Wd. 896 sq. ft. BRT# 365323360 Improvements. Residential Dwelling
JAVINA SIMMONS CHAMBERLAIN A/K/A JAVINA SIMMONS C.P. August Term, 2007 No. 001977 $93,369.02 McCabe, Weisberg & Conway, P.C.

6-485
632 Levernington Ave. 19128 21st Wd. 1269 sq. ft. BRT# 213267005 Improvements. Residential Dwelling
DONNA BURZO C.P. April Term, 2010 No. 001033 $228,541.41 McCabe, Weisberg & Conway, P.C.

6-486
4415 Samson St. 19104 27th Wd. 2200 sq. ft. BRT# 272024540 Improvements. Residential Dwelling
CHARLES W. LEWIS, JR. A/K/A CHARLES W. LEWIS C.P. April Term, 2011 No. 02073 $140,894.17 McCabe, Weisberg & Conway, P.C.

6-487
3141 N. Sydenham St. 19141 11th Wd. 1458 sq. ft. BRT# 172038930 Improvements. Residential Dwelling
RODERICK WALKER A/K/A RODERICK T WALKER C.P. December Term, 2008 No. 001960 $24,584.01 McCabe, Weisberg & Conway, P.C.

6-488
1318 S. Ruby St. 19143 51st Wd. 2011 sq. ft. BRT# 511259010 Improvements. Residential Dwelling
ROBERT D. BORKHART A/K/A ROBERT BORKHART C.P. April Term, 2010 No. 03491 $31,348.11 McCabe, Weisberg & Conway, P.C.

6-489
2263 Kennedy St. 19137 45th Wd. 1234.16 sq. ft 2026 sq ft sq ft BRT# 453350405 Improvements. Residential Dwelling
MARK YUSIM AND ALLA YUSIM C.P. January Term, 2011 No. 01701 $65,319.93 McCabe, Weisberg & Conway, P.C.

6-490
1820 E. Clementine St. 19134 25th Wd. 3086 sq. ft. BRT# 252263600 Improvements

Residential Dwelling
DEANA N. PALMORE C.P. December Term, 2010 No. 02172 $72,366.59 McCabe, Weisberg & Conway, P.C.

6-491
103 K. 32nd St. 19139 13th Wd. 1630 sq ft BRT# 011126600 Subject to Mortgage
ROXANNE L. DORHAM C.P. November Term, 2010 No. 01835 $117,029.69 Jenni V. Huang, Esq. Huang & Hsu, P.C.

6-492
4910 21st St. Unit PC 19107 7th Wd. 933 sq ft OPA# 888021004 Subject to Mortgage Improvements Single Family Dwelling Condominium Unit
JOSEPH N. REILLY AND WILLIAM A. HUBER, JR. TAX REILLY & HUBER REAL ESTATE INVESTORS C.P. March Term, 2011 No. 001284 $116,461.43 Jennrar R. Balka, Esq.

6-493
1837 E. 29th St. 19145 45th Wd. 19 ter 11 tot terrace 33 feet OPA# 482378400 Subject to Mortgage Improvements Single Family Dwelling
JOSEPH N. REILLY C.P. January Term, 2011 No. 002349 $82,831.33 Jennrar R. Balka, Esq.

6-494
6303 Theodore St. 19142 40th Wd. 1836 sq. ft. BRT# 401261900 Improvements. Residential Dwelling
DARLENE WILLIAMS C.P. October Term, 2010 No. 03445 $108,816.01 McCabe, Weisberg & Conway, P.C.

6-495
6531 Lindbar St. 19139 60th Wd. 1885 sq. ft. BRT# 401053500 Improvements. Residential Dwelling
WILLIAM MCLAUGHLIN AND WILLIAM A. COOPER C.P. October Term, 2009 No. 03005 $38,633.73 McCabe, Weisberg & Conway, P.C.

6-496
6325 Lawndale Ave. 19111 35th Wd. 1744 sq. ft. BRT# 353223100 Improvements. Residential Dwelling
KENNY SAUCEDO C.P. July Term, 2010 No. 01670 $116,436.91 McCabe, Weisberg & Conway, P.C.

6-497
3849 N. Fourth St. 19123 18th Wd. 1949.99 sq. ft. BRT# 183215500 Improvements. Residential Dwelling
RONALD G MILLER AND RONALD D MILLER C.P. October Term, 2009 No.

03491 $90,351.16 McCabe, Weisberg & Conway, P.C.

6-498
4129 Leviris St. 19135 55th Wd 1266 sq. ft. OPA# 552076400 Improvements Residential Property
WALTER MAYLIE, JR. C.P. May Term, 2011 No. 001551 $116,109.46 Dalkwepies a Reftendo, Esq.

6-499
707 Garland St. 19124 35th Wd 2178 sq. ft BRT# 351031300 Improvements Residential Dwelling
HUNG TIEN NGUYEN C.P. August Term, 2010 No. 01149 $102,794.69 McCabe, Weisberg & Conway, P.C.

6-500
606 E. Westmoreland St. 19134 33rd Wd. 912.99 sq ft 1500 sq ft. Sq. ft. BRT# 341195400 Improvements. Residential Dwelling
SHARROF JONES C.P. September Term, 2008 No. 00360 $78,006.11 McCabe, Weisberg & Conway, P.C.

6-501
2909 Willow Rd. 19104 24th Wd 794.50 sq. ft BRT# 241178050 Improvements. Residential Dwelling
FRANK CLAYBROOK AND ROSE SIMMONS C.P. February Term, 2011 No. 00435 $124,911.63 Mark J. Udren, Esq.

6-502
2120 S. 6th St. 19148 39th Wd. 992 sq. ft. BRT# 393347840 Improvements Residential Dwelling
EMMA EVERETTE C.P. September Term, 2009 No. 03896 $38,552.35 Mark J. Udren, Esq.

6-503
2803 Magee Ave. 19149 55th Wd. 1,560 sq ft. BRT# 551047200 Improvements Residential Dwelling
CHARLES R. DEPALMA, JR. AND DIANE E. ABRRUTTO DEPALMO C.P. September Term, 2010 No. 01854 $109,264.27 Mark J. Udren, Esq.

6-504
2143 E. 3rd St. 19148 45th Wd 1066 sq ft BRT# 111082400 Subject to Mortgage Improvements Residential Dwelling
BARBARA LUIE C.P. March Term, 2009 No. 01171 $109,124.26 Udren Law Offices, P.C. Esq

6-505
2901 S. Colorado St. 19145 26th Wd. 2062.50 sq ft. BRT# 260025200 Improvements: Residential Property

Residential Dwelling
BENNIE M. DISANTO (MORTGAGOR) AND JOHN M DISANTO (REAL OWNER) C.P. October Term, 2009 No. 00267 $219,397.37 Mark J. Udren, Esq.

6-506
1858 54th St. 19139 46th Wd 1080 sq. ft BRT# 021165800 Improvements: Residential Dwelling
PEARL MOORE C.P. January Term, 2006 No. 03683 $69,792.99 Mark J. Udren, Esq.

6-507
3099 Lockart Ct. 19116 58th Wd. 3639 sq. ft. BRT# 582401100 Improvements Residential Dwelling
ROMAN KHOLYAVKA C.P. May Term, 2006 No. 003411 $290,338.37 Mark J. Udren, Esq.

6-508
7829 Briar Rd. 19138 50th Wd. 1194 sq. ft (124) sq. ft. sq. ft. BRT# 501546600 Subject to Mortgage Improvements: Residential Dwelling
RICKEY A. MCKINNEY A/K/A NICKEY ALLEN MCKINNEY AND DEBORAH MCKINNEY A/K/A DEBORAH LYNNE MCKINNEY C.P. September Term, 2010 No. 01322 $37,005.48 McCabe, Weisberg & Conway, P.C.

6-509
5736 Larchwood Ave. 19143 46th Wd. 1240 sq. ft. BRT# 463002400 Improvements Residential Dwelling
ROBIN WILLIAMS C.P. January Term, 2010 No. 003069 $41,372.91 McCabe, Weisberg & Conway, P.C.

6-510
3119 Tulip St. 19134 25th Wd. 822 sq. ft /1072/ sq ft. BRT# 252369930 Improvements Residential Dwelling
CATHERINE E. BAILEY A/K/A CATHERINE BAILE C.P. October Term, 2010 No. 00074 $64,167.34 McCabe, Weisberg & Conway, P.C.

6-511
1412 W. Mayfield St. 19132 34th Wd 830 sq. ft. BRT# 112003900 Subject to Mortgage Improvements: Residential Dwelling
CHRAJISTRIAN NURSING AND REHABILITATION CENTER C.P. January Term, 2010 No. 00382 $19,364.86

6-512
3620 N. 18th St. 19140 38th Wd. 3512 sq. ft. BRT# 131277300 Improvements: Residential Property

BENJAMIN WALKER, III AND PAMELA L. WALKER C.P. May Term, 2011 No. 003099 $55,604.47 Christopher A DeNardo, Esq.

6-513
314 N. 12th St. 19107 1364 sq ft Improvements 2060 BRT# 881314500 Subject to Mortgage Improvements: Multi-Family Residential Apartment Building
MICHAEL P. CONNOR C.P. February Term, 2011 No. 02635 $903,306.04 Brett M Drozdo, Esq.; Jennifer W Levy-Tatum, Esq.

6-514
36 S. Strawberry St. Unit #48 19106 5th Wd 916 sq. ft. BRT# 855067091 Improvements: Condominium
JOHN F FOGLEY, JR A/K/A JOHN FOGLEY C.P. October Term, 2017 No. 002354 $228,348.43 McCabe, Weisberg & Conway, P.C.

6-515-A-C
1818 Wd. (401-485) W. Norris St. — Premise A — 19132; 1500.25 sq ft OPA#182301101 Improvements: Property
1818 Wd. (488) W. Norris St. — Premise B — 19132; 734.91 sq ft OPA#182307300 Improvements: Property
1818 Wd. (489-41) W. Norris St. — Premise C — 19132; 1377.5 sq ft OPA#182307420 Improvements: Property
ERIC DRUP C.P. September Term, 2016 No. 01625 $320,397.85 Martha S. Weisberg, Esq

6-516
1908 Titan St. 19146 36th Wd. 784 sq ft BRT# 361096660 Subject to Mortgage Improvements: A Dwelling
DARRELL DORSEY C.P. December Term, 2009 No. 00072 $57,913.43 Paul J. Thaurer Weidman

6-517
2664 Winchester Ave. 19152 57th Wd. 2580 sq. ft BRT# 571601100 Improvements: Residential Dwelling
DAVID G. ZIEGLER AND MARY KATE ZIEGLER C.P. September Term, 2009 No. 00876 $283,046.95 Mark J. Udren, Esq.

6-518-A-B
41st Wd. (6114 Jackson St. — Premise A — 19135) $481 sq ft BRT# 552457300 Improvements: Residential Dwelling
41st Wd. (6114 Gillespie St. — Premise B — 19135) 1984.94 sq ft. BRT# 552450000 Improvements: Residential Dwelling
REBECCA A. MCGEEHAN A/K/A REBECCA MCGEEHAN C.P. September Term, 2009 No. 00816 $73,995.30 Mark J. Udren, Esq.

# For information on how to place a Corporate Notice

# Call Stephanie Murray

# at 215-557-2332

# EXHIBIT B

# Sheriff's Sale Notices for November 1, 2011

## FIRST PUBLICATION

Properties to be sold by Sheriff Barbara A. Deeley, on Tuesday, November 1, 2011 at the:

FIRST DISTRICT PLAZA
3801 MARKET STREET
10:00 A.M., EDS.T.

### CONDITIONS OF SHERIFF SALE
### CONDITIONS OF SHERIFF SALE

The amount of the highest bid for each property auctioned off shall be deposited in cash, certified check, attorney's check or money order with the Sheriff by each bidder when his bid is registered, provided that in no case shall less than Six Hundred Dollars ($600.00) be deposited, otherwise upon failure or refusal to make such deposit, the bidder shall lose all benefit of his bid and the property may be immediately offered again and sold unless a second bid has been registered, then, the second highest bidder will take the property at the highest bid price.

Additionally, where there is active bidding, the highest bidder, and the second highest bidder, if any must post the entire amount of the cost of the distribution policy for the property at the time of sale by cash, certified check, attorney's check or money order with the Sheriff

The balance of the purchase money must be deposited in cash, certified check, attorney's check or money order together with a Deed poll for execution by the highest bidder to the Sheriff at his office within 30 days from the time of the sale. An extension of time for an additional 30 days may be granted at the discretion of the Sheriff upon receipt of written request from the buyer requesting the same, except when a second bidder has been duly registered. Also, if the first bidder does not complete settlement with the Sheriff within the thirty (30) day time limit and a second bid was registered at the sale, the second bidder shall be granted the same thirty (30) day time limit to make settlement with the Sheriff on his second bid. Thereafter, the Sheriff shall be at liberty to return the writ to court.

A second bid deposit must be registered on any property immediately after it is sold. The second bidder must present the same amount of deposit that the highest bidder delivers to the Sheriff at the sale. An extension of time under no circumstances will be granted or honored by the Sheriff whenever a second bid is registered on a property at the sale.

The first bid or opening bid on each property shall be a sum sufficient to pay all Sheriff's costs including advertising, all taxes, water rents and municipal claims due to the City of Philadelphia. If there is no other bid price above the opening bid price, the property shall be sold by the attorney for the plaintiff to the attorney on the writ at that price.

The deposit by any bidder who fails to comply with the above conditions of sale shall be forfeited and the funds will be applied to the Sheriff's cost, then to any municipal claims that the City of Philadelphia has on the property. Finally, if a balance still remains, a Sheriff's Distribution Policy will be ordered and the money will be distributed accordingly.

No personal checks, drafts or promises to pay will be accepted in lieu of cash, certified checks, attorney's checks or money orders made payable to the Sheriff of Philadelphia County.

The Sheriff reserves the right to grant further extensions of time to settle and further reserves the right to refuse bids from bidders who have failed to enter deposits on their bids, failed to make settlement, or make fraudulent bids, or any other behavior which causes disruption of the Sheriff Sale. Said bidders shall be so refused for the sale in which said behavior occurred and for said further period of time as the Sheriff in his discretion shall determine.

The Sheriff will not acknowledge a deed poll to any individual or entity using an unregistered fictitious name and may, at his discretion, require proof of identity of the purchaser or the registration of fictitious names. The bid of any unregistered fictitious name shall be forfeited as if the bidder failed to meet the terms of sale.

All bidders are advised to remit at the sale open after the last property is sold. The Sheriff reserves the right to resell any property at any time if the successful bidder fails to tender the required deposit. The Sheriff requires the right to postpone or stay the sale of any property in which the attorney on the writ has not appeared and is not present at the sale.

Prospective purchasers are directed to the Web site of the Philadelphia Bureau of Revision of Taxes, (BRT) "brtweb.phila.gov" for a fuller description of the properties listed. Properties can be looked up by the BRT number — which should be cross-checked with the address. Prospective purchasers are also directed to the Philadelphia Department of Records, at Room 154 City Hall, 215-686-1483 and to its website at http://philadox.phila.gov where they can view the deed to each individual property and find the boundaries of the property. We advise that use of this service is only effective because the database online contains all names and boundaries of the property. PROSPECTIVE PURCHASERS ARE RESPONSIBLE FOR DETERMINING THE NATURE, LOCATION, CONDITION AND BOUNDARIES OF THE PROPERTIES THEY SEEK TO PURCHASE.

The "BRT #" refers to a unique number assigned by the City Bureau of Revision of Taxes to each property in the City for the purpose of assessing it for taxes. This number can be used to obtain descriptive information about the property from the BRT website. Effective Date: July 7, 2006.

---

NOTICE OF SCHEDULE
OF DISTRIBUTION

The Sheriff will file in his office, The Land Title Building, 100 South Broad Street, 5th Floor, a Schedule of Distribution Thirty (30) Days from the date of Real Estate sold on November 1, 2011.

Distribution will be made in accordance with the Schedule unless exceptions are filed thereto within ten (10) days thereafter.

N.B.—For the benefit of our non-professional readers who do not understand the meaning of the letters and figures following the defendant's names, we make the following.

EXPLANATION

The name first appearing in each notice is that of the defendant in the writ whose property is being sold. All Writs are Writs of Execution.

The letters C.P., Court of Common Pleas; O.C., Orphans' Court; Q.S., Court of Quarter Sessions; C.C., County Court - indicate the Court out of which the writ of execution issues under which the sale is made: S (1941, 223 means September Term, 1941, 223, the term and number of the docket entry; the figures following show the amount of the debt; and the name of the attorney is that of the plaintiff's attorney.

Attention is called to the provisions of Act No.104, approved July 27, 1955, which requires owners of properties which are used, designed or intended to be used by three or more families, or of commercial establishment which contains one or more dwelling units, to deliver to the buyers of such properties a use registration permit at the time of settlement, under certain terms and conditions. Sheriff Sales are not subject to provisions of the said Act and the Sheriff will, therefore, not deliver use registration permits in connection with any sales conducted by him.

Very truly yours,
BARBARA A. DEELEY

---

## SHERIFF'S SALE
## OF TUESDAY,
## NOVEMBER 1, 2011

# EXHIBIT C


This Document Recorded          Doc Id: 52553909
10/31/2012  State RTT  0.00     Receipt #: 1171117
02:32PM     Local RTT  1,497.80  Rec Fee  230.00
Doc Code: DS  Commissioner of Records  City of Philadelphia

# Know all Men by these Presents

*THAT I, JEWELL WILLIAMS Sheriff of the County of Philadelphia and JOSEPH C. VIGNOLA*

*Undersheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in*

*consideration of the sum of ($93,000.00) to me in hand paid, do hereby grant and convey to THE*

*BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A THE BANK*

*OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR TO JPMORGAN*

*CHASE BANK N.A. AS TRUSTEE FOR RAAC 2005RP1*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150      BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Property Address: 2713 East Huntington Street, Philadelphia, PA 19125

*The same having been sold to the said grantee, on November 01, 2011 after due advertisement,*

*according to the law, under and by virtue of a Writ of Execution issued/Decree entered on July 13,*

*2011 out of the Court of Common Pleas as of 071100509 at the suit of*


THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN
CHASE BANK, N.A., AS TRUSTEE

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE


In Witness whereof, I have hereunto affixed my signature, this 23ʳᵈ day of July

Anno Domini Two Thousand Twelve.


**SEALED AND DELIVERED
IN THE PRESENCE OF**

_(signature)_

_(signature)_                    By:

Jewell Williams, Sheriff

Joseph C. Vignola, Undersheriff

Commonwealth of Pennsylvania:

County of Philadelphia:

On this, this **JUL 2 8 2012** before ... completed ... officer, personally appeared *JEWELL WILLIAMS, BY HIS UNDERSHERIFF,* ................................... *Sheriff of the County of Philadelphia, Pennsylvania, known to me (or satisfactorily proven) to be the person described in the foregoing instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes herein contained.*

*In ................... hereunto set my hand and official seal.*

Prothonotary

PROTHONOTARY
STANLEY J. CHMIELEWSKI
DEPUTY PROTHONOTARY

Book No. 6
Writ No. 362
Control No.

## Deed = Poll

JEWELL WILLIAMS, SHERIFF
JOSEPH C. VIGNOLA, UNDERSHERIFF

TO

THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RAAC 2005RP1

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A. AS TRUSTEE

071100509

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE

Premises: 2713 East Huntington Street Philadelphia, PA 19125

The Address of the above-named Grantee is
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702:

On behalf of the Grantee

KML Law Group, P.C.
BNY Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106

## PHILADELPHIA REAL ESTATE

## TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is/is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

### A. CORRESPONDENT - All inquiries may be directed to the following person:

NAME **KML LAW GROUP, P.C.**

TELEPHONE NUMBER
**(215) 627-1322**

STREET ADDRESS
SUITE 5000 BNY INDEPENDENCE CENTER
701 MARKET STREET

CITY **Philadelphia**  STATE **PA**  ZIP CODE **19106**

### B. TRANSFER DATA

DATE OF ACCEPTANCE OF DOCUMENT

GRANTOR(S)/LESSOR(S)
SHERIFF OF PHILADELPHIA COUNTY

GRANTEE(S)/LESSEE(S)
THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A

STREET ADDRESS
Land Title Building, 100 South Broad Street, 5th Floor

STREET ADDRESS
3451 Hammond Avenue, Suite 150

| CITY | STATE | ZIP CODE | CITY | STATE | ZIP CODE |
| --- | --- | --- | --- | --- | --- |
| Philadelphia | PA | 19110 | Waterloo | IA | 50702 |

### C. PROPERTY LOCATION

STREET ADDRESS
2713 East Huntington Street

CITY TOWNSHIP BOROUGH
Philadelphia - Philadelphia

COUNTY
Philadelphia

SCHOOL DISTRICT

TAX PARCEL NUMBER
N/A

### D. VALUATION DATA

| 1. ACTUAL CASH CONSIDERATION $93,000.00 | 2. OTHER CONSIDERATION + 0- | 3. TOTAL CONSIDERATION = $93,000.00 |
| --- | --- | --- |
| 4. COUNTY ASSESSED VALUE $12,576.00 | 5. COMMON LEVEL RATIO FACTOR X 3.97 | 6. FAIR MARKET VALUE = $49,926.72 |

### E. EXEMPTION DATA

| 1A. AMOUNT OF EXEMPTION 0% | 1B. PERCENTAGE OF INTEREST CONVEYED 0% | |
| --- | --- | --- |

2.     **Check Appropriate Box Below for Exemption Claimed**

☐     Will or intestate succession _____

                              *(NAME OF DECEDENT)*                    *(ESTATE FILE NUMBER)*

☐     Transfer to Industrial Development Agency

☐     Transfer to agent or straw party (Attach copy of agency/straw party agreement.)

☐     Transfer between principal and agent. (Attach copy of agency/straw trust agreement.) Tax paid prior deed $ _____

☐     Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution.)

■     Transfer from mortgagor to a holder of a mortgage in default  Mortgage Book JTD 1923, Page 539
                                    Assignment of Mortgage #  doc-51854259
       Mortgagee (grantor) sold property to Mortgagor (grantee)

☐     Corrective deed. (Attach copy of the prior deed.)

☐     Other (Please explain exemption claimed, if other than listed above.) _____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE: July 13, 2012 |
| --- | --- |
| *Sharon Horton* | |

82-127 (Rev 6/93) (SEE REVERSE)

# EXHIBIT D

**FILED**
20 DEC 2013 03:32 pm
Civil Administration
A. WARREN

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

---

THE BANK OF NEW YORK TRUST
COMPANY, N.A., AS SUCCESSOR TO
JPMORGAN CHASE BANK, N.A., AS
TRUSTEE

        v.

LISA BUTTERLINE and
MARK S. BUTTERLINE

NOVEMBER TERM, 2007

No. 00509

---

### ORDER

     AND NOW, this       , day of        , 2013, upon

consideration of Defendants' Motion to Set Aside Sheriff's Sale and Plaintiff's Response thereto,

it is hereby

     ORDERED and DECREED that Defendants' Motion is DENIED.

                 BY THE COURT:

                                                          J.

Case ID: 071100509
Control No.: 13121246

**KML LAW GROUP, P.C.**
By: Thomas I. Puleo, Esquire
Attorney I.D. #27615
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA 19106-1532
(215) 627-1322                                              Attorney for Plaintiff

| | |
|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE | IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY |
| v. | NOVEMBER TERM, 2007 |
| LISA BUTTERLINE and MARK S. BUTTERLINE | No. 00509 |

<u>**PLAINTIFF'S RESPONSE TO**</u>
<u>**DEFENDANTS' MOTION TO SET ASIDE SHERIFF'S SALE**</u>

NOW COMES Plaintiff, The Bank of New York Trust Company, N.A., as successor to

JPMorgan Chase Bank, N.A., as Trustee, by its attorneys, and hereby responds to the

Defendants' Motion to Set Aside Sheriff's Sale, as follows:

1. Admitted. By way of further response, Plaintiff's Complaint filed on November 7,

2007, is a written document which speaks for itself.

2. Admitted in part; denied in part. It is admitted that on April 23, 2009, judgment by

default was entered against Defendants. The remaining averments in this paragraph state

conclusions of law to which no response is required.

3. Admitted in part; denied in part. It is admitted that on July 13, 2011, a writ of

execution was issued. It is also admitted that the property was sold at Sheriff's Sale on

November 1, 2011 to the Plaintiff for the bid amount of $93,000.00. It is further admitted that

the Sheriff's deed was executed on July 23, 2012. A true and correct copy of the said Deed is attached hereto as Exhibit "A". The remaining averments in this paragraph state conclusions of law to which no response is required.

4. Denied. After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and therefore denies the same. Without waiver of the foregoing, it is denied that the property was worth between $250,000 and $260,000 at the time of the sale. There was competitive bidding at the Sheriff's Sale up to $93,000.00 which is the amount of the final bid by Plaintiff. The remaining averments in this paragraph state conclusions of law to which no response is required.

5. Admitted in part; denied in part. It is admitted only that Defendants sought loss mitigation through the course of the foreclosure proceedings, none of which was successful. The remaining averments in this paragraph are denied. After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the same. Moreover, the averments in this paragraph state conclusions of law to which no response is required.

6. Denied. It is denied that Plaintiff misled Defendants about any loss mitigation or loan modification alternatives. The remaining averments in this paragraph are denied. After reasonable investigation, Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the same. Moreover, the averments in this paragraph state conclusions of law to which no response is required.

7. Denied. The averments in this paragraph state a conclusion of law to which no response is required.

8. Denied. The averments in this paragraph state a conclusion of law to which no response is required.

WHEREFORE, Plaintiff respectfully requests that Defendants' Motion to Set Aside Sheriff's Sale be denied.

Respectfully submitted,

KML LAW GROUP, P.C.

Thomas I. Puleo, Esquire
Attorney for Plaintiff

# EXHIBIT E




**City and County of Philadelphia**
**Office of the Sheriff**

**Defendant Asset Recovery Team**
**Land Title Building**
**100 S Broad Street, 5th Floor**
**Philadelphia, PA 19110**
**(215) 686-3537/32 (Office)    (215) 686-3554 (Fax)**

Jewell Williams                                                    Lt. Monte' Guess
Sheriff                                                           D.A.R.T. Unit Supervisor

December 18, 2014

Mr. Daniel C. Levin, Esq.
510 Walnut Street
Suite 500
Philadelphia, PA 19106

RE:    **Lisa Butterline and Mark S. Butterline**
       **2713 E. Huntingdon Street**

Dear Mr. Levin:

The Defendant Asset Recovery Team (D.A.R.T.) received you inquiry for 2713 E. Huntingdon Street; that property was judicially sold at Sheriff Sale on November 1st, 2011. That property went to the attorney on the writ; when that is done the attorney for the bank only has to pay the pending cost (i.e. Sheriff's cost, transfer taxes, water). The bidding did reach $93,000.00; but since the bank owns and won the bid, they would only pay cost. Because of this your clients are not due any monies from the Sheriff Sale.

This case is considered CLOSED.

I hope that I have been helpful; should you require any additional information; please feel free to contact this office at your earliest convenience.

Sincerely,

Lt. Monte Guess

CC: FILE

# EXHIBIT F



**DEFENDANT ASSET RECOVERY TEAM**

**PHILADELPHIA SHERIFF'S OFFICE**

*(215) 686-3537 FAX (215) 686-3554*

WHEN COMPLETED MAIL TO:

**PHILADELPHIA SHERIFF'S OFFICE**

**D.A.R.T.**

**100 SOUTH BROAD ST., 5TH FLOOR,**

**PHILADELPHIA, PA  19110**

## CONTACT INFORMATION

| 1. NAME (REQUESTER / CLAIMANT) | 2. ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

| 3. HOME TELEPHONE | 4. CELL PHONE | 5. WORK PHONE | 6. BEST TIME TO CALL |
|---|---|---|---|
| | | | ☐ MORNING   ☐ AFTERNOON |

7. HAVE YOU EVER MADE A CLAIM FOR DISBURSEMENT WITH THE PHILADELPHIA SHERIFF'S OFFICE?

☐ YES   IF YES, WHAT YEAR? _____

           AMOUNT CLAIMED? _____

☐ NO

8. DID YOU RESIDE AT THIS PROPERTY?

☐ YES   IF YES, WHAT YEAR DID YOU RESIDE AND HOW LONG?

☐ NO

_____

## PROPERTY INFORMATION

| 9. NAME OF DEFENDANT (NO NICKNAMES OR AKA'S) | 10. PROPERTY ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| | | | | |

| 11. BOOK / WRIT NUMBER | 12. RELATIONSHIP (PLEASE CHECK ONE) |
|---|---|
| — | ☐ SELF   ☐ RELATIVE _____   ☐ |
| | OTHER |

## PLEASE PROVIDE COPIES OF DOCUMENTS CHECKED IN THE BOXES BELOW

13. PHOTO IDENTIFICATION (MANDATORY)

☐ DRIVER'S LICENSE (STATE) _____

☐ GOVERNMENT IDENTIFICATION

14. HAVE AN ESTATE BEEN ESTABLISHED?

☐ YES (IN THE COUNTY OF _____ )

☐ NO

15. PLEASE CHECK THE FOLLOWING ITEMS THAT YOU ARE PROVIDING.

☐ DEED

☐ MORTGAGE SATISFACTION PIECE

☐ COURT JUDGEMENT

☐ COURT NOTICE

☐ DEATH CERTIFICATE

☐ BIRTH CERTIFICATE

☐ MARRIAGE CERTIFICATE

☐ DIVORCE DEECREE

☐ OTHER _____

*SHERIFF OFFICE USE ONLY:*

FILE NUMBER: _____

DATE RECEIVED: _____

PREVIOUS FILE: _____

PREPARED BY: _____

## PLEASE READ BEFORE SIGNING

**UNSWORN FALSIFICATION TO AUTHORITIES (18 PA C.S. § 4904)**

I VERIFY THAT THE STATEMENTS OF FACTS MADE BY ME ARE TRUE AND CORRECT AND THAT THEY ARE MADE SUBJECT TO THE PENALTIES OF TITLE 18 PA C.S. § 4904 RELATING TO UNSWORN FALSIFICATION TO AUTHORITIES.  I FURTHER VERIFY THAT I HAVE NOT OMITTED OR FALSIFIED ANY FACTS OR MATTERS ON THIS FORM.

| ➤ | *PRINT NAME* | *SIGNATURE* | *DATE & TIME:* |
|---|---|---|---|
| ➤ | *RECEIVED BY (SIGNATURE)* | | *DATE & TIME:* |

# EXHIBIT G

- English
- Español

- Home
- About Us
- Civil Forms & Fees
- Real Estate
- Avoid Losing Your Home
- Calendar
- News
- Blog

# <u>Sheriff Jewell Williams boosts efforts to return unclaimed excess Sheriff's Sale funds</u>

**Dollars Returned: $5,275,875**



After a property is sold, settled and all liabilities and debts have been paid and recorded, a defendant (the owner of record at the time the court ordered the sale) may recover any excess balance remaining on the account through the Sheriff's Defendant Asset Recovery Team also known as DART.

## A New Commitment

In previous administrations most of these excess funds were never returned to the defendants. Sheriff Jewell Williams made it a priority when he took office in 2012 to search out those owed money by beefing the efforts of the DART unit. Under his leadership the DART unit has been more aggressive in validating which defendants are eligible to receive a DART payment and connecting with those individuals to put a check in their hands.

## Getting Results

In the interactive chart to the left, you can hover over it with your cursor to see how much money DART has returned since Sheriff Williams has taken office. The team is on track this year to outpace each of the last three years!

## Helping Real People



The success of this program is having a real impact on real people. In April 2015, Sheriff Jewell Williams presented a check to Thelma Denise Peake, whose organization *West Philadelphia on the Move, Inc.* received over $40,000 from the sale of two properties it owned, which pushed DART over a record-breaking $1 million in returned funds for the quarter. The money, said Peake, will go "back into the community to continue fighting for a better West Philadelphia."

File a Claim

## More Information

- How Sheriff's Sales Work
- Upcoming Seminars
- Sheriff's Sale Properties
- Recorded Deeds
- Conditions of Sale
- Asset Recovery (DART)

## Join Our Mailing List

Email address:

Add

100 South Broad Street, 5th Floor, Philadelphia, PA 19110
Main Phone: 215-686-3530 | Real Estate Phone: 215-686-3565
Copyright © 2012. All Rights Reserved.

Designed by Soapbox Solutions, LLC.