IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF NEW YORK MELLON TRUST COMPANY, CITY OF PHILADELPHIA, and the PHILADELPHIA SHERIFF'S OFFICE, <br><br> Defendants. | Civil Action No. 15-cv-01429-JS |

**DEFENDANT BANK OF NEW YORK MELLON TRUST COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS**

**BLANK ROME LLP**
Laura E. Vendzules
LVendzules@blankrome.com
Michael A. Iannucci
Iannucci@blankrome.com
One Logan Square
Philadelphia, PA 19103
Tel.: (215) 569-5500
Fax: (215) 569-5555

*Attorneys for Defendant,
Bank of New York Mellon Trust Company*

Table of Contents

|  |  | Page |
|---|---|---|
| INTRODUCTION | | 1 |
| LEGAL ARGUMENT | | 2 |
| A. | There is No Contract Between the Parties | 2 |
| B. | Plaintiffs' Reliance on Biddle Is Misplaced | 3 |
| C. | Plaintiffs' Third-Party Beneficiary Argument is Improper and Must Be Rejected | 4 |
| D. | Plaintiffs Fail to Address The Implied Contract Argument and it is Therefore Uncontested | 4 |
| E. | Plaintiffs' Class Claims Cannot Be Certified | 5 |
| CONCLUSION | | 6 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Burton v. Teleflex, Inc.*,
   707 F.3d 417 (3d Cir. 2012) ................................................................................................3

*Cherry v. City of Philadelphia*,
   C.A. No. 04-1393, 2004 U.S. Dist. LEXIS 23082 (E.D. Pa. Nov. 15, 2004) ..........................4

*Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ..................................................................................................4

*EMC Mortgage v. Biddle*,
   114 A.3d 1057 (Pa. Super. 2015) ...............................................................................1, 2, 3

*In re Herbert*,
   86 B.R. 433 (Bankr. E.D. Pa. 1988) .....................................................................................3

*Langweiler v. Bor. of Newtown*,
   2011 U.S. Dist. LEXIS 51410 (E.D. Pa. May 12, 2011) .......................................................4

*Luppe v. Cheswick Generating Station*,
   No. 12-929, 2015 U.S. Dist. LEXIS 9791 (W.D. Pa. Jan. 28, 2015) .....................................5

*In re Presque Isle Apartments*,
   112 B.R. 744 (Bankr. W.D. Pa. 1990) ..................................................................................2

*Seiple v. Comty. Hosp. of Lancaster*,
   No. 97-cv-8107, 1998 WL 175593 (E.D. Pa. Apr. 14, 1998) ................................................3

*Strategic Staffing Group v. Friedell*,
   2006 U.S. Dist. LEXIS 51253 (E.D. Pa. July 7, 2006) .........................................................4

*Zarichny v. Complete Payment Recovery Servs.*,
   No. 14-3197, 2015 U.S. Dist. LEXIS 6556 (E.D. Pa. Jan. 21, 2015) ....................................5

**Other Authorities**

Fed. R. Civ. P. 12(f) ......................................................................................................................5

Fed. R. Civ. P. 23(c)(1)(A) ...........................................................................................................5

Fed. R. Civ. P. 23(d)(1)(D) ...........................................................................................................5

Pa. R. Civ. P. 3136 ........................................................................................................................5

**INTRODUCTION**

Bank of New York Mellon Trust Company ("BONY") files this Reply Brief in support of its Motion to Dismiss the Complaint or, alternatively, to Strike the Class Allegations. At the outset, Plaintiffs Lisa and Mark Butterline's ("Plaintiffs") Complaint asks this Court to apply the implied duty of good faith and fair dealing to the Bank of New York Mellon Trust Company ("BONY") for a the City of Philadelphia's, alleged non-compliance with a Pennsylvania Rule of Civil Procedure. This is unprecedented.[1]

Putting the absurdity of this premise aside, Plaintiffs' claims must be dismissed as a matter of law, and nothing in Plaintiffs' Brief in Response to the Motion for Summary Judgment establishes otherwise. First, there is no contract between Plaintiffs and BONY at the time of the Sheriff's Sale. Second, Plaintiffs' attempted reliance on *EMC Mortgage v. Biddle*, 114 A.3d 1057 (Pa. Super. 2015) is misguided at least and fatal at most. Third, Plaintiffs' improper attempt to amend their pleadings in the middle of motion practice is improper. Fourth, the proposed amendment—to argue that Plaintiffs are a third-party beneficiary of an "agreement" between BONY and the City of Philadelphia—defies logic and highlights the slender reed on which Plaintiffs' claims are based. Fifth, Plaintiffs' "implied contract" claim, if it was even pled at all, must be dismissed because it was not addressed in Plaintiffs' opposition brief. Sixth, Plaintiffs' opposition brief glosses over the individualized nature of the purported class's claims; chiefly, whether each putative class representative complied with their administrative requirements on the one hand while ignoring that federal courts have become more willing to

---

[1] To be clear, Plaintiffs' arguments taken to their logical end would impose contractual obligations on lenders, servicers, banks and financial institutions *after* default judgment was entered against a breaching borrower and, incredibly, *even during and after* the Sheriff's Sale. For Plaintiffs to argue, as they do here, that they are entitled to money from BONY, after spending years not honoring their mortgage obligations (including taxes and insurance) and causing damage to the Property, is outrageous.

strike class claims at the outset of litigation when it is clear, as it is here, that the class cannot be certified on the other.

For these reasons and all those stated in BONY's Motion to Dismiss, Plaintiffs' Complaint should be dismissed or, in the alternative, Plaintiff's class claim should be stricken.

## LEGAL ARGUMENT

### A. There is No Contract Between the Parties.

In response to BONY's Motion to Dismiss, Plaintiffs make two arguments that pivot from weak to weaker. Initially, Plaintiff argues that *EMC Mortg. v. Biddle*, 2015 PA Super 79 (2015) supports their case. More specifically, Plaintiffs argue that the *Biddle* court allowed certain explicit contractual provisions to survive a default judgment, such as the lender's right to attorneys' fees, title fees and the interest rate. Accordingly, Plaintiffs surmise that their implied covenant of good faith and fair dealing claim is sufficient. Next, Plaintiffs' argue that they are third-party beneficiaries of the contract. Putting aside the unsound foundation upon which the entirety of Plaintiffs' claims are based—that BONY could be liable for the City of Philadelphia's alleged non-compliance with a Pennsylvania Rule of Civil Procedure (over which BONY exercised no control)—Plaintiffs' arguments raised in opposition to BONY's motion to dismiss are baseless.

As the motion to dismiss highlights (and Plaintiffs do virtually nothing to counter), the entirety of Plaintiffs' contract-based claims hinge on a non-existent contract. To be clear, the parties' contract was extinguished in April 2009—*two years prior to the Sheriff's sale*—when the Philadelphia Court of Common Pleas entered judgment by default. It is well established law that a default judgment extinguishes the mortgage.[2] *Biddle*, 2015 PA Super. 79, 6 (2015); *In re*

---

[2] Notably, § 18 of the Mortgage provides that Plaintiffs would have the right to reinstate the Mortgage prior to the earlier of five days before the sale or "the entry of a judgment

2

*Presque Isle Apartments,* 112 B.R. 744, 747 (Bankr. W.D. Pa. 1990); *In re Herbert,* 86 B.R. 433, 436 (Bankr. E.D. Pa. 1988). Without a contract, Plaintiffs' breach of implied covenant of good faith and fair dealing claim is untenable. *Burton v. Teleflex, Inc.*, 707 F.3d 417 (3d Cir. 2012); *Seiple v. Comty. Hosp. of Lancaster*, No. 97-cv-8107, 1998 WL 175593, at *2 (E.D. Pa. Apr. 14, 1998) ("Pennsylvania does not recognize a claim for breach of covenant of good faith and fair dealing as an independent cause of action.").

### B. Plaintiffs' Reliance on *Biddle* Is Misplaced.

Plaintiff, however, argues that because the *Biddle* court permitted certain of the express provisions of the Mortgage and Note to survive default judgment, than so too can Plaintiffs' breach of the implied covenant of good faith and fair dealing claim. (*See* Opp'n Br. at 7.) Plaintiff's position, simply put, is wrong.[3]

In *Biddle*, the court allowed certain explicit and express provisions of the contract—specific provisions that applied to post-judgment costs—to survive the default judgment (*i.e.*, the attorneys' fees, title costs and interest rate provision), in favor of the non-breaching party that was collecting on its judgment. *Biddle*, 2015 PA Super 79. *Biddle* does not stand for the proposition that a breaching party has implied contractual rights to enforce against the non-breaching party after a Sheriff's Sale. In fact, *Biddle* makes clear that a mortgage is discharged upon entry of default judgment unless its express provisions state otherwise. *Id.* Accordingly, Plaintiffs' reliance on *Biddle* only bolsters BONY's argument: there was no contract between the parties at the time of the Sheriff's Sale.

---

enforcing the Security Instrument." Since the foreclosure judgment occurred before the sale, the right to reinstatement terminated at the time of the judgment. (*See* Compl., Ex. A, § 18.)

[3] Plaintiffs also incorrectly argue that the "sheriff's sale involves the enforcement of Mortgage and Note." (Opp'n Br. at 7.) This too is incorrect. The Sheriff's Sale involves BONY enforcing its judgment, not enforcement of the Mortgage and Note.

3

C. **Plaintiffs' Third-Party Beneficiary Argument is Improper and Must Be Rejected.**

In attempt to salvage their claim, Plaintiffs next offer a new theory, claiming now that they are third-party beneficiaries "of the agreement between Defendants to transfer the Property for $93,000." This argument fails for two equally dispositive reasons. First, under settled law, Plaintiffs are not permitted to amend their allegations through their brief opposing BONY's motion to dismiss. *See Commonwealth of Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (It is well established that the plaintiff may not attempt to amend the complaint through a brief filed in response to the defendant's motion to dismiss); *Cherry v. City of Philadelphia*, C.A. No. 04-1393, 2004 U.S. Dist. LEXIS 23082, *8 (E.D. Pa. Nov. 15, 2004) ("[A] party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion"). And there can be no dispute that Plaintiffs failed to plead – or even hint at – a contract claim based on a theory of third party beneficiary. Second, there is no contract between the City of Philadelphia, which was conducting a judicial Sheriff's Sale, and BONY. As a result, even if this novel theory were pleaded, there was no contract to which Plaintiffs could have ever been a third-party beneficiary. As such, dismissal is warranted.

D. **Plaintiffs Fail to Address The Implied Contract Argument and it is Therefore Uncontested.**

Notably, Plaintiffs failed to address whether they meant to assert an implied contract claim against BONY. As such, that claim—which Plaintiff may not have pled in the first place—should be deemed uncontested and dismissed. *See Langweiler v. Bor. of Newtown*, 2011 U.S. Dist. LEXIS 51410 (E.D. Pa. May 12, 2011); *Strategic Staffing Group v. Friedell*, 2006 U.S. Dist. LEXIS 51253 (E.D. Pa. July 7, 2006).

### E. Plaintiffs' Class Claims Cannot Be Certified.

Plaintiffs' argument concerning BONY's motion to strike ignores—as it must—the central reason the class cannot be certified: this Court will not only have to engage an intense individualized fact-finding mission to determine who is even a member of the class, but also to determine which of those putative class members complied with the administrative requirements under PA. R. CIV. P. 3136. (*See* BONY's Br. at 12.) Notably, that information is not in BONY's possession, custody or control and would thus result in this Court conducting mini-trials as to each putative class member. Rather than face this inescapable reality, Plaintiffs instead try the "kick-the-can-down-the-road" approach, arguing that it would be premature for this Court to strike the class allegations at this stage of the proceedings. Once again, Plaintiffs ignore the more recent cases holding that the Court can strike class allegations where it is clear, as it is here, that Plaintiff's proposed class cannot be certified. *See Zarichny v. Complete Payment Recovery Servs.*, No. 14-3197, 2015 U.S. Dist. LEXIS 6556, at *4-*5 (E.D. Pa. Jan. 21, 2015) (finding class allegations may be stricken at the motion to dismiss stage by reliance upon FED. R. CIV. P. 12(f), 23(c)(1)(A) and 23(d)(1)(D)); *Luppe v. Cheswick Generating Station*, No. 12-929, 2015 U.S. Dist. LEXIS 9791, at *4-*5 (W.D. Pa. Jan. 28, 2015) (same). Because there is no need to waste either this Court's or the parties' resources, the class claims should be stricken.

## CONCLUSION

For all the reasons set forth above, as well as those set forth in BONY's motion to dismiss, BONY's motion to dismiss should be granted and Plaintiffs' Complaint against BONY dismissed with prejudice. Alternatively, Plaintiffs' class claims should be stricken.

Respectfully submitted,

**BLANK ROME LLP**

Date: August 3, 2015

*s/ Laura E. Vendzules*
Laura E. Vendzules
Michael A. Iannucci

*Attorneys for Defendant,*
*Bank of New York Mellon Trust Company*

140383.02727/101259818v.1

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2015, the foregoing was served via ECF or by email on the following:

Daniel C. Levine, Esq.
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Christopher G. Hayes, Esq.
THE LAW OFFICE OF CHRISTOPHER G. HAYES
225 S. Church Street
West Chester, PA 19382

Michael Louis, Esq.
MACELREE HARVEY, LTD.
17 West Miner Street, PO Box 660
West Chester, PA 19381

*s/ Michael A. Iannucci*
Michael A. Iannucci