IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA AND MARK BUTTERLINE,<br><br>                *Plaintiffs*,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON<br>TRUST COMPANY, *et al.*,<br><br>                *Defendants*. | Civil Action No. 2:15-cv-01429-JS |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS CITY OF PHILADELPHIA
AND CITY OF PHILADELPHIA SHERIFF'S OFFICE IN SUPPORT OF THEIR
MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

**INTRODUCTION**

Plaintiffs are unable to point to any allegation of *fact* in their Amended Complaint that plausibly states a claim against the City of Philadelphia or the Philadelphia Sheriff's Office (collectively the "Philadelphia Defendants"). Instead, Plaintiffs rely on speculation and conjecture untethered to any allegation of fact. As a result, Plaintiffs' sole claim against the Philadelphia Defendants should be dismissed with prejudice. Conceding that they have no facts that they can plead against the Philadelphia Defendants to rescue their claim, Plaintiffs have not asked for leave to amend their existing pleading as it relates to the Philadelphia Defendants. *Compare* Pls.' Mem. Law in Resp. to Defs.' City of Phila. and Phila. Sheriff's Office Mot. to Dismiss (hereinafter "Pls.' Mem. Law in Resp. to Phila. Mot. to Dismiss") (Dkt. No. 24) (no request for further leave to amend) *with* Pls.' Mem. Law in Resp. to Def. Bank of N.Y. Mellon

Trust Co.'s Mot. to Dismiss at 1 n.1 (Dkt. No. 23) (requesting leave to amend as to that defendant only).

**ARGUMENT**

**I.   PLAINTIFFS HAVE FAILED TO PLEAD A PLAUSIBLE CLAIM AGAINST THE PHILADELPHIA DEFENDANTS.**

While on the one hand Plaintiffs acknowledge that the Court can and should consider the public record relating to Plaintiffs, on the other hand Plaintiffs base their arguments on assertions that are not supported by the record or Plaintiffs' own allegations. Instead of pointing to facts that support the claim they have asserted, Plaintiffs essentially ask the Court to take their word that they have a claim. That is insufficient as a matter of law.

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations, take as true, to 'state a claim that is plausible on its face.'" *Fleisher v. Std. Ins. Co.,* 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit has made clear that in evaluating the sufficiency of a pleading, a district court must (i) disregard legal conclusions, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012); and (ii) not apply any assumption of truth to allegations that "are no more than conclusions." *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (internal quotation omitted). Moreover, a court must disregard allegations that are contradicted by documents. *ALA, Inc. v. CCAIR*, 29 F.3d 855, 859 n.8 (3d Cir. 1994) ("Where there is a disparity between a written instrument annexed to a pleading and an allegation in the pleading based thereon, the written instrument will control."); *see also Goldenberg v. Indel, Inc.*, 741 F. Supp. 2d 618, 624 (D.N.J. 2010) ("The court will consider these documents about which there is

2

no dispute as to authenticity, and to the extent they contradict the Complaint's factual allegations, the documents will control.").

Plaintiffs have failed to show how the spare factual allegations in their Amended Complaint show a plausible entitlement to relief, particularly in the context of indisputably authentic public documents that contradict the few facts Plaintiffs have pleaded. For instance, in opposing the Philadelphia Defendants' motion, Plaintiffs rely heavily on the public Notice of Sherriff's Sale that they attached as Exhibit A to their opposition brief. For the first time in their brief, Plaintiffs assert that the public Notice of Sherriff's Sale was misleading (which it was not). But there is no allegation in the Amended Complaint (or even in Plaintiffs' brief) that Plaintiffs ever saw that notice, which was published in *The Legal Intelligencer* (a periodical that Plaintiffs do not allege they read), or any allegation of *fact* that they did or did not do anything based on the notice. The lack of allegations in the Amended Complaint about the public notice is not surprising, given the incontrovertible *fact* that Plaintiffs received a hand delivered notice in November 2007 that Plaintiffs do not claim was in anyway misleading. *See* Ex. 1 to the Mem. Law of City of Phila. and City of Phila. Sherriff's Office in Supp. of Mot. to Dismiss (hereinafter "Phila. Mem. Law in Supp. Mot. to Dismiss") (Dkt. No. 18).[1]

---

[1] While Plaintiffs allege that they want to represent some class of persons, the differences in the notice that Plaintiffs received by hand delivery and the notice in the *Legal Intelligencer* that Plaintiffs now claim is misleading show that class certification here is impossible. There are too many individual issues relating to things like who saw what notice and who took what action when in the course of separate and distinct foreclosure proceedings for a class to be certified. Based on the Amended Complaint and the public record, it is implausible for Plaintiffs to assert that they are typical of other class members, or even members of a class that can assert that Exhibit A, the public noticed published in *The Legal Intelligencer*, is misleading.

## II. THE STATUTE OF LIMITATIONS BARS PLAINTIFFS' CLAIM ON THE FACE OF THE COMPLAINT.

Plaintiffs argue half-heartedly that the statute of limitations is an affirmative defense that cannot be resolved at this stage. Again, Plaintiffs fail to point to any actual allegations of *fact* that allow them to bypass the inescapable conclusion that they are attempting to assert a claim that is too late by several years. As Plaintiffs themselves admit in their brief, *see* Pls.' Mem. Law in Resp. to Phila. Mot. to Dismiss at 6, a case must be dismissed where the failure to comply with the statute of limitations is apparent on its face. *See* Phila. Mem. Law in Supp. Mot. to Dismiss at 4 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiffs say that they could not have learned of their supposed due process claim until they were denied DART relief. Pls.' Mem. Law in Resp. to Phila. Mot. to Dismiss at 10. That makes no sense. Plaintiffs do not dispute that they received notice by hand delivery in November 2007 that their mortgagee was foreclosing on their property, putting them on inquiry notice that their home would be sold to a bidder for some amount of money. Plaintiffs do not allege a single *fact* plausibly suggesting that they could not have easily investigated any time thereafter the amount of the bid and whether it had been paid. Even the public Notice of Sheriff's Sale that Plaintiffs now want to rely on to oppose the Philadelphia Defendants' motion put Plaintiffs on inquiry notice of what they now say—without any *factual* support—they could not learn until later. Furthermore, since the public Notice of Sheriff's Sale at a minimum put the Plaintiffs on inquiry notice, they could have and should have known on the date of the public notice that there might be surplus proceeds from the sale. Plaintiffs had the responsibility to request such proceeds, or at least make some effort to determine if they existed. Plaintiffs are not permitted to wait three and a half years to inquire as to why such proceeds were not paid to them.

4

Plaintiffs cannot dispute that by the time they filed their motion to set aside the Sherriff's sale in December 2013, *see* Ex. 2 to Phila. Mem. Law in Supp. Mot. to Dismiss, Plaintiffs knew that (1) the Bank of New York Mellon Trust Company ("BONY") bid more than the judgment, and (2) they had not been paid any excess. Plaintiffs offer no explanation supported by an actual allegation of *fact* as to why they did not inquire of the Sherriff's Office by then about the excess they now assert they are entitled to receive. Similarly, Plaintiffs do not allege any plausible *fact* suggesting that if they made an inquiry, they would have been prevented from learning what they now say they first learned after they were denied DART relief.

Moreover, there is no *fact* or law that supports Plaintiffs' assertion that their utilization of DART procedures tolled the limitations period or somehow delayed accrual of their claim when they failed to utilize those procedures within the limitations period. The undisputed facts are that Plaintiffs' home was sold by Sherriff's sale on November 1, 2011. Plaintiffs allege that full payment was due on December 1, 2011. Plaintiffs filed a motion to set aside the Sherriff's sale on December 10, 2013, before filing their DART claim. There is nothing that excuses Plaintiffs' delay in waiting over three and a half years to assert the claim they now seek to advance against the Philadelphia Defendants.

Plaintiffs fail to understand the distinction between administrative exhaustion and the requirement that a plaintiff must have used available procedures that provide due process before asserting a due process claim in court. *See Elsmere Park Club, L.P. v. Town of Elsmere*, 542 F.3d 412, 423 (3d Cir. 2008) (citing *McGreevy v. Stroup,* 413 F.3d 359 (3d Cir. 2005)); *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2006) (explaining that a plaintiff cannot skip a process that appears to provide due process and use the federal courts as a means to get back what he wants). There is no basis to conclude that these cases—holding that a plaintiff must avail herself of the

due process available before seeking that process in the courts—extend or toll the statute of limitations for Plaintiffs in this case. Plaintiffs do not cite any support for the proposition that pursuing one's remedy under DART is required before bringing suit because there is no general exhaustion requirement under § 1983. *McGreevy v. Stroup,* 413 F.3d 359, 369 (3d Cir. Pa. 2005) (citing *Patsy v. Bd. of Regents*, 457 U.S. 496, 502 (1982) (holding that plaintiffs suing under § 1983 are not required to have exhausted state administrative remedies)).

### III. PLAINTIFFS HAVE FAILED TO STATE A PLAUSIBLE DUE PROCESS CLAIM.

The Philadelphia Defendants demonstrated in their opening brief that even putting the statute of limitations aside, Plaintiffs have not pleaded an actionable claim for relief. As discussed above, Plaintiffs do not allege that they ever saw the public Notice of Sherriff's sale from the *Legal Intelligencer* that they now claim is misleading. Curiously, while Plaintiffs say in their Amended Complaint that they are entitled to damages from the Philadelphia Defendants, they now admit that the Philadelphia Defendants did not take any property from them. *See* Pls.' Mem. Law in Resp. to Phila. Mot. to Dismiss at 10-11. Plaintiffs provide no explanation—factual or otherwise—regarding why they do not have today what they had back in 2011: the ability to seek from BONY the excess funds that Plaintiffs claim BONY owes them.

Plaintiffs admit that, as a matter of *fact*, that the Philadelphia Defendants are not and never were in possession of what Plaintiffs claim is theirs. Plaintiffs do not allege a single *fact* suggesting—plausibly or otherwise— that the Philadelphia Defendants have prevented them from seeking payment of the alleged excess from BONY. To the contrary, Plaintiffs say in their brief that the Philadelphia Defendants have not taken anything from them. This omission of pleaded facts showing that the Philadelphia Defendants actually are retaining funds that belongs

to Plaintiffs is a material distinction between this case and the cases on which Plaintiffs try to rely. The cases Plaintiffs cite all address situations where a failure to notify results in a forfeiture or the government is actually retaining funds arguably belonging to the plaintiff. *See, e.g.*, Pls.' Mem. Law in Resp. to Phila. Mot. to Dismiss at 9 (*citing Swinka Realty Invs., LLC v. Lackawanna County Tax Claim Bureau*, 2013 U.S. Dist. LEXIS 148615, *3 (M.D. Pa. Oct. 15, 2013) (where the defendant failed to refund a plaintiff's money of which it was in possession until "long after" notifying plaintiff that it would refund the purchase price)). Absent allegations to that affect, Plaintiffs have failed to allege a plausible claim.

To the extent that Plaintiffs are suggesting that they had a property interest in receiving a procedure—the procedure of having the Sheriff collect the excess proceeds on their behalf—such argument further demonstrates that Plaintiffs' claim against the Philadelphia Defendants should be dismissed with prejudice because, as a matter of law, there is no due process interest in a procedure. "To the contrary, procedural interests under state law are not themselves property interests that will be enforced in the name of the Constitution." *Dist. Counsel 33, AFSCME v. City of Phila.*, 944 F. Supp. 392, 395 (E.D. Pa. 1995) *aff'd sub nom.* 101 F.3d 690 (3d Cir. 1996) (citing *Olim v. Wakinekona*, 461 U.S. 238, 248–51 (1983)). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim*, 461 U.S. at 250.

Finally, as explained more thoroughly in the Philadelphia Defendants' Motion to Dismiss, the case Plaintiffs rely on for a claim to excess funds in a Sheriff's sale is a class-certification case where the court addressed in a footnote, at the class certification stage, the Pennsylvania Rules of Civil Procedure and the Sheriff's Standard Accounting Procedures. *See In re Sheriff's Excess Proceeds Litig.*, 98 A.3d 706, 713 n.2 (Pa. Commw. Ct. 2014). The case

7

did not say that the Sheriff has any duty to collect for a former homeowner's benefit unpaid amounts allegedly retained by the bank.  Plaintiffs admit that there are "no funds in [the Philadelphia Defendants'] custody" here, Pls.' Mem. Law in Resp. to Phila. Mot. to Dismiss at 10, so the *Excess Proceeds* case is simply inapplicable.

## **CONCLUSION**

For the foregoing reasons, and for the reasons expressed in the Philadelphia Defendants' opening brief, Plaintiffs' Amended Complaint against the Philadelphia Defendants should be dismissed with prejudice.

Dated:  August 3, 2015

/s/ Kenneth I. Trujillo
Kenneth I. Trujillo (Pa. ID No. 46520)
Ira Neil Richards (Pa. ID No. 50879)
Stephen A. Fogdall (Pa. ID No. 87444)
Shannon Ammon (Pa. ID No. 318939)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

# CERTIFICATE OF SERVICE

I certify that on August 3, 2015, I served the foregoing Reply Memorandum of Law of Defendants City of Philadelphia and City of Philadelphia Sherriff's Office in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(6) on the following via the Court's CM/ECF System, where it is available for viewing and downloading.

Christopher G. Hayes
Law Offices of Christopher G. Hayes
225 South Church Street
West Chester, PA 19382

Daniel C. Levin
Levin, Fishbein, Sedran, & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106

Michael G. Louis
William T. Wilson
MacElree, Harvey, Gallagher, Featherman, & Sebastian, LTD.
17 W. Miner Street
PO Box 660
West Chester, PA 19381

*Counsel for Plaintiffs*

Joelle Epstein
Kevin G. McDonald
Laura E. Vendzules
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19130

*Counsel for Defendant The Bank of New York Mellon Trust Company*

/s/ Shannon Ammon