IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA BUTTERLINE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-1429 |
| | : | |
| THE BANK OF NEW YORK MELLON | : | |
| TRUST COMPANY, NATIONAL | : | |
| ASSOCIATION, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                    **March 31, 2016**

After Plaintiffs Lisa and Mark Butterline fell behind on their mortgage payments, Defendant Bank of New York Mellon Trust Company, N.A. (the Bank) initiated foreclosure proceedings, culminating in the sale of Plaintiffs' home in a sheriff's sale conducted by Defendant Philadelphia Sheriff's Office.[1]  The Bank purchased the property at the sheriff's sale with a winning bid of $93,000, approximately $30,000 more than the amount of its foreclosure judgment.  Because the Bank was also the executing creditor, however, the City did not collect the entire purchase price, nor did it collect the full amount of the difference between the Bank's winning bid and the amount of its foreclosure judgment.  Instead, the City collected from the Bank only $16,291.11 in costs, taxes, and other charges, leaving more than $13,000 of the sale proceeds uncollected.

This lawsuit concerns these excess proceeds, which Plaintiffs claim they are entitled to receive under Pennsylvania law, but which they have not received to date despite their efforts to recover the funds from the City.  Plaintiffs allege the City violated their rights under the Fifth and Fourteenth Amendments to the Federal Constitution by depriving them of their property interest in the excess proceeds without affording them due process of law.  Plaintiffs also fault

---

[1] The remaining Defendant in the case is the City of Philadelphia.  The City and the Sheriff's Office are referred to collectively herein as the City.

the Bank for failing to pay to the City the full amount by which its winning bid exceeded the amount of the foreclosure judgment, asserting the failure to pay constitutes a breach of the Bank's duty of good faith and fair dealing under the note and mortgage.  Alleging the City's failure to collect and the Bank's failure to pay are standard practice when the Bank (or another executing creditor) has the winning bid at a sheriff's sale, Plaintiffs seek to pursue their procedural due process and breach of contract claims on behalf of themselves and three classes of individuals who, like Plaintiffs, failed to receive excess proceeds generated by a sheriff's sale pursuant to a foreclosure judgment.  The City and the Bank have each filed a motion to dismiss Plaintiffs' Amended Complaint.  For the reasons set forth below, both motions will be granted.  The Court will defer ruling on Plaintiffs' request to amend their Amended Complaint pending submission of a formal motion for leave to amend accompanied by a proposed amended pleading.

**FACTS**[2]

Plaintiffs previously owned real property located at 2713 East Huntingdon Street in Philadelphia (the Property).  Plaintiffs experienced financial difficulties due to loss of employment and illnesses and fell behind on their mortgage payments.  In November 2007, the Bank, as mortgagee of the Property, filed a complaint for mortgage foreclosure in the Court of Common Pleas of Philadelphia County.  In April 2009, the Bank requested and obtained entry of a default judgment in the foreclosure action in the amount of $62,764.79, representing the

---

[2] The following facts are drawn from Plaintiffs' Amended Complaint, the exhibits attached thereto, and documents filed of record in the underlying foreclosure action, all of which this Court may properly consider in evaluating the instant motions to dismiss.  *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (holding documents a court may consider in deciding a Rule 12(b)(6) motion to dismiss include "the complaint, exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents").

outstanding principal balance of Plaintiffs' loan plus interest, attorneys' fees, and other charges. *See* Am. Compl. ¶ 10 & Ex. A.

The Bank thereafter filed a praecipe for a writ of execution directing the Sheriff of Philadelphia County to sell the Property to satisfy its judgment.  The published notice regarding the sale[3] stated that, in the event of active bidding, the highest bidder would be required to post certain cots at the time of sale, with the balance of the purchase money to be "deposited . . . to the Sheriff at his office within 30 days from the date of the sale."  Pls.' Resp. to City's Mot. to Dismiss, Ex. A.  The published notice also represented the Sheriff would "file in his office . . . a Schedule of Distribution Thirty (30) Days from the date of Real Estate sold on October 1, 2011"[4] and that "[d]istribution w[ould] be made in accordance with the Schedule unless exceptions [we]re filed thereto within ten (10) days thereafter."  *Id.* [5]

The sheriff's sale was held on November 1, 2011, and after competitive bidding, the City accepted the Bank's winning bid of $93,000, approximately $30,000 more than the amount of the foreclosure judgment.  *Id.* ¶¶ 12-13.  Following the sale, the City did not prepare and keep on file a schedule of proposed distribution of the proceeds of the sale, as required by Pennsylvania Rule of Civil Procedure 3136(a).[6]  On July 23, 2012, the Sheriff deeded the Property to the Bank;

---

[3] Pennsylvania Rule of Civil Procedure 3129.2(d) requires that notice of a sheriff's sale be advertised in one newspaper of general circulation and in the legal publication designated by court rule, if any.

[4] Although it appears, based on the published notice, that the sheriff's sale was originally scheduled for October 1, 2011, the sale was ultimately held a month later, on November 1, 2011.

[5] Plaintiffs produced the published notice regarding the sale in support of their opposition to the City's motion to dismiss.  The Amended Complaint does not include any allegations regarding the notice.

[6] The version of Rule 3136(a) in effect at the time the sheriff's sale was held in this case directed that, "[n]ot later than thirty days after the sale of real property, . . . the sheriff shall prepare a schedule of proposed distribution of the proceeds of sale which shall be kept on file and shall be

the deed was recorded on October 31, 2012.  Although the deed recited that the conveyance of

the Property was "for and in consideration of the sum of ($93,000.00) to me in hand paid," *id.*

Ex. C, in fact, the City did not require the Bank to pay the $93,000 bid amount.  Indeed, the City

did not even require the Bank to pay the full amount of the difference between the bid amount

and the amount of its foreclosure judgment.  Rather, the City only required the Bank to pay the

costs owed to the City—e.g., the Sheriff's costs, taxes, charges for water and gas, etc.—which

totaled $16,291.11.

According to the Amended Complaint, when the executing creditor has the winning bid

at a sheriff's sale, the City collects only these costs, not the full amount of the difference between

the bid and the amount of the proceeds to which the creditor is entitled, as a matter of policy.

When the winning bidder is a third party, in contrast, the City collects the full amount of the bid;

rather than automatically distributing any excess proceeds to the owner, however, the City

simply retains the funds and distributes them only if the owner submits an administrative claim,

referred to as a Defendant Asset Recovery Claim, pursuant to the Sheriff's local rules.

In December 2013, more than two years after the sheriff's sale, Plaintiffs filed a motion

to set aside the sale in the Court of Common Pleas, in part on the basis that the $93,000 sales

price was well below the $250,000-$260,000 value of the Property and was therefore grossly

inadequate, causing the Bank to be unjustly enriched.  City's Mot. to Dismiss Ex. 2.  The motion,

however, was denied.

In December 2014, Plaintiffs filed a Defendant Asset Recovery Claim requesting all

surplus funds obtained as a result of the sale.  On December 18, 2014, the City rejected the

---

available for inspection in the sheriff's office."  The Rule specified a schedule of distribution
need not be filed "when the property is sold to the plaintiff [i.e., the judgment holder] for costs
only."  Pa. R. Civ. P. 3136(a).  Given the $93,000 sale price, however, the sale in this case was
not "for costs only."

claim, stating that since the Bank "won the bid," it was required to pay only the "pending cost (i.e. Sheriff's cost, transfer taxes, water)" and Plaintiffs were thus "not due any monies" from the sale.  Am. Compl. Ex. E.

Plaintiffs thereafter initiated this putative class action lawsuit against the City and the Bank on March 19, 2015, and filed an Amended Complaint on May 14, 2015.  Plaintiffs assert procedural due process claims against the City, alleging the City deprived them—and other foreclosure defendants whose property was purchased by the executing creditor at a sheriff's sale—of their interest in the excess funds generated by the sale of their property without due process of law through its policies of (1) failing to collect from the executing creditor the full amount by which the creditor's bid exceeds the amount of the proceeds to which the creditor is entitled, (2) failing to file a schedule of proposed distribution after the sale to identify the parties entitled to receive sale proceeds, and (3) failing to distribute excess proceeds to the judgment debtor unless the debtor files a Defendant Asset Recovery Claim.  Plaintiffs seek compensatory and punitive damages and a declaratory judgment that the City's policies are unconstitutional. Against the Bank, Plaintiffs bring a claim for breach of implied contract, alleging the Bank breached its duty of good faith and fair dealing under the mortgage contract by failing to pay to the City the full amount of the difference between its winning bid and the amount of the proceeds to which the Bank was entitled as a result of its foreclosure judgment.  Plaintiffs seek to pursue their contract-based claim against the Bank on behalf of a class of individuals whose real property was foreclosed upon by the Bank and who did not receive excess proceeds from the sale because the Bank paid only costs owed to the City.

The City and the Bank have each filed a motion to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure

12(b)(6).  Plaintiffs oppose both motions and request leave to amend their claim against the Bank in the event the Court dismisses their existing claim.

**DISCUSSION**

To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a Rule 12(b)(6) motion, a district court first must separate the legal and factual elements of the plaintiff's claims.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210-11.  The court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

**A.    Claims Against the Sheriff's Office**

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)).

In evaluating Plaintiffs' procedural due process claims, the Court must first determine whether their asserted individual interest is constitutionally protected.  *See Baraka v. McGreevey*, 481 F.3d 187, 205 (3d Cir. 2007) (quoting *Alvin*, 227 F.3d at 116).  Property interests protected by the Due Process Clause of the Fourteenth Amendment "are not created by

6

the Constitution." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985).  Rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  *Id.* (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  To have a protected property interest in a benefit, a person must have "more than an abstract need or desire for it" or "a unilateral expectation of it"; he must have "a legitimate claim of entitlement to it."  *Baraka*, 481 F.3d at 205 (quoting *Roth*, 408 U.S. at 577).

Under Pennsylvania law, "[a] defaulting mortgagor of land . . . has the right to receive from the proceeds of the sale of the mortgaged land the amount, if any, in excess of the mortgage debt."  *In re Evergreen Mem'l Park Ass'n*, 308 F.2d 65, 67 (3d Cir. 1982) (citations omitted); *accord W. Sav. Fund Soc'y of Phila. v. Devlin*, 61 Pa. D. & C.2d 702, 707 (Pa. Ct. Com. Pl. 1973) ("When the proceeds of a sale upon execution are more than sufficient to satisfy the liens upon a property sold and the costs of sale, it is the judgment debtor who is entitled to the surplus."); *cf. In re Sheriff's Excess Proceeds Litig.*, 98 A.3d 706, 713 n.2 (Pa. Commw. Ct. 2014) ("When a foreclosure sale generates proceeds in excess of existing tax liens and costs, [Pennsylvania Rule of Civil Procedure 3136] requires the Sheriff to distribute the excess proceeds to the former property owner . . . .").  Because Plaintiffs had a "legitimate claim of entitlement" to the excess proceeds generated in the sheriff's sale under state law, their claims implicate a property interest protected by the Fourteenth Amendment.

To establish the first element of their procedural due process claim, Plaintiffs must allege the City deprived them of their interest in the excess proceeds.  The City argues Plaintiffs have not plausibly alleged such a deprivation here, as it is the Bank, not the City, that holds the excess proceeds and Plaintiffs continue to have a claim against the Bank to recover those funds.  Plaintiffs do not directly respond to this argument, except to suggest that a deprivation is not the same as a seizure or a taking and to assert they have, in fact, been deprived of an interest in

7

property based on the City's failure to follow the procedures outlined in its sheriff's sale notice. *See* Pls.' Resp. to City's Mot. to Dismiss 11.

The Court agrees with the City that the facts alleged in the Amended Complaint do not support the reasonable inference that the City deprived Plaintiffs of their property interest in the excess proceeds. Plaintiffs do not allege the City has prevented them from seeking to recover the excess proceeds from the Bank. And in fact Plaintiffs are pursuing their interest in the excess proceeds against the Bank in this case.

The Court agrees with Plaintiffs that the Pennsylvania Rules of Civil Procedure contemplate the City will collect and distribute excess proceeds of a sheriff's sale to the mortgagee in the same manner it distributes sale proceeds to lien creditors who are entitled to share in the distribution.[7] But Plaintiffs have not shown that they have a property interest in the

---

[7] Notably, the Pennsylvania Commonwealth Court interpreted the Rules in this manner in *In re Sheriff's Excess Proceeds Litigation*, stating "[w]hen a foreclosure sale generates proceeds in excess of existing tax liens and costs, [Pennsylvania Rule of Civil Procedure 3136] requires the Sheriff to distribute the excess proceeds to the former property owners . . . after approximately 40 days." 98 A.3d at 713 n.2. While the City characterizes this statement as "pure dicta," the Commonwealth Court's interpretation is consistent with the Rules.

As noted, Rule 3136(a) requires the sheriff, within thirty days after a sale of real property, to prepare a schedule of proposed distribution of the sale proceeds and to keep the schedule on file and available for inspection in the sheriff's office. Under Rule 3136(d), the sheriff must then distribute the sale proceeds "in accordance with the proposed schedule of distribution unless written exceptions are filed with the sheriff not later than ten (10) days after the filing of the proposed schedule." Although the Rules do not specifically require the sheriff to collect the purchase price from the winning bidder, such a requirement is implicit in the sheriff's distribution obligation, as the sheriff cannot distribute funds he has not collected.

Nor does Rule 3133 suggest otherwise. Rule 3133 provides that when real property is purchased by the judgment holder or any other lien creditor entitled to receive all or part of the proceeds of the sale, the sheriff "upon proof of that fact shall accept on account of the purchase price the receipt of the purchaser up to the amount of the proceeds to which the purchaser is entitled." As one commentator has noted, Rule 3133 "is based upon considerations of economy for the judicial system as well as for the lien creditor," permitting the creditor "to short-circuit the unnecessary mechanics of paying the full purchase price to the sheriff and then waiting for the sheriff to repay that sum less sheriff's costs and anything due or prior lienors." 8A Christine M. G. Davis, *Goodrich Amram 2d* § 3133:1 (Mar. 2016 update). By specifying a particular

collection procedures, or that their property interest in the excess proceeds generated in the sheriff's sale includes the right to receive those funds from the City, as opposed to the Bank. Although Plaintiffs' allegations that the City is systematically failing to comply with state collection procedures are troubling, these allegations are not sufficient to state a procedural due process claim.  A claim of "a property interest in a state-mandated process in and of itself . . . is at odds with the rule that '[p]rocess is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim.'"  *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 771 (2005) (Souter, J., concurring) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *see also Loudermill*, 470 U.S. at 541 ("The categories of substance and procedure are distinct. . . .  'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."); *Dist. Counsel 33, Am. Fed. of State Cnty. & Mun. Emps., AFL-CIO v. City of Phila.*, 944 F. Supp. 392, 395 (E.D. Pa. 1995) ("[P]rocedural interests under state law are not themselves property interests that will be enforced in the name of the Constitution."), *aff'd* 101 F.3d 690 (3d Cir. 1996) (unpublished).

Because Plaintiffs have failed to allege facts showing the City deprived them of their property interest in the excess proceeds, their procedural due process claim will be dismissed.[8] In view of the Third Circuit rule "that district courts in civil rights cases must extend the plaintiff

---

circumstance in which the sheriff is not to collect a portion of the purchase price from the winning bidder, the Rule suggests such non-collection is the exception, not the general practice.

    While Rule 3133 also provides "[t]he sheriff may require payment in cash of all legal costs distributable from the proceeds of sale," this provision in no way authorizes the sheriff to collect only costs from a lien creditor-purchaser when the winning bid exceeds costs and the purchaser's receipt.  Further, nothing in Rule 3133 exempts the sheriff from complying with Rule 3136.  To the contrary, when the sheriff accepts the receipt of a lien creditor on account of the purchase price, he is required to include this information in the schedule of proposed distribution.  Pa. R. Civ. P. 3136(b).

[8] As the Court concludes Plaintiffs have not pleaded a plausible procedural due process claim, the Court need not address the City's alternative argument that this claim is time-barred.

an opportunity to amend—irrespective of whether it was requested and irrespective of whether the plaintiff was counseled—before dismissing a complaint," *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007), the dismissal will be without prejudice to Plaintiffs right to file a further amended complaint within the time permitted in the accompanying Order.

     **B.     Claim Against the Bank**

In their Amended Complaint, Plaintiffs assert a contract-based claim for breach of the duty of good faith and fair dealing against the Bank.  Specifically, Plaintiffs allege the Bank owed them a duty of good faith and fair dealing under the note and mortgage on the Property and breached this duty by failing to pay to the City the full amount owed on its winning bid, i.e., the difference between the bid amount and the amount of its judgment.  Alternatively, in the event the Court rejects this theory as legally untenable, Plaintiffs seek leave to amend to pursue a claim for the excess funds as a third-party beneficiary of the contract that arose between the City and the Bank as a result of the sheriff's sale.

The Bank argues Plaintiffs' existing claim for breach of the duty of good faith and fair dealing must be dismissed because the claim depends on the existence of an ongoing contractual relationship between the parties and any such relationship was extinguished upon entry of a default judgment in the foreclosure action.  The Court agrees.

Under Pennsylvania law, "[w]here a duty of good faith arises, it arises under the law of contracts."  *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (quoting *Heritage Surveyors & Eng'rs, Inc. v. Nat'l Penn Bank*, 801 A.2d 1248, 1253 (Pa. Super. Ct. 2002)).  The obligation of good faith "is tied specifically to and is not separate from the duties a contract imposes on the parties," *Hanaway v. Parkesburg Grp., LP*, --- A.3d ---, ---, 2015 WL 9261244, at *8 (Pa. Super. Ct. Dec. 15, 2015) (citation omitted); hence, an action for "breach of the

covenant of good faith and fair dealing is a breach of contract action, not an independent action for breach of a duty of good faith," *id.* at *9; *see also Burton*, 707 F.3d at 432 (noting a claim for breach of the covenant of good faith and fair dealing "must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself" (quoting *JHE, Inc. v. Se. Pa. Transp. Auth.*, No. 1790, 2002 WL 1018941, at *5 (Pa. Ct. Com. Pl. May 17, 2002))).

Although Plaintiffs had a contractual relationship with the Bank based on the note and mortgage, once a default judgment was entered in the mortgage foreclosure action, "the parties' mortgage agreement was extinguished." *EMC Mortg., LLC v. Biddle*, 114 A.3d 1057, 1064 (Pa. Super. Ct. 2015); *see also id.* at 1065 (explaining that, under the doctrine of merger of judgments, upon entry of judgment in a foreclosure action, "the terms of [the] mortgage are merged into a foreclosure judgment and thereafter no longer provide the basis for determining the obligations of the parties" (quoting *In re Stendardo*, 991 F.2d 1089, 1095 (3d Cir. 1993))). Because entry of a default judgment extinguished the contract that is the source of the Bank's alleged duty of good faith and fair dealing, Plaintiffs cannot maintain a claim for breach of that duty. *See Geesey v. CitiMortgage, Inc.*, --- F. Supp. 3d ---, ---, 2015 WL 5714494, at *13 (W.D. Pa. Sept. 29, 2015) ("The law in Pennsylvania is clear that there can be no claim for breach of good faith and fair dealing when there is no contract to which such obligation attaches.").

The merger of judgments doctrine is subject to an exception: parties to a mortgage may "rely upon a particular [mortgage] provision post-judgment if the mortgage clearly evidences their intent to preserve the effectiveness of that provision post-judgment." *Biddle*, 114 A.3d at 1066 (quoting *Stendardo*, 991 F.2d at 1095). Citing *Biddle*, Plaintiffs argue a mortgage contract "can and may survive the foreclosure process." Pls.' Resp. to Bank's Mot. to Dismiss 7. *Biddle* is inapposite, however, as the particular mortgage provisions found to survive the foreclosure

11

process in that case were terms that could only have effect in the event of a foreclosure. *See id.* at 1067.  Here, in contrast, Plaintiffs do not point to any language in the mortgage clearly evidencing the parties' intent to preserve the effectiveness of any mortgage provisions post-judgment.

While Plaintiffs cannot state a claim against the Bank for breach of the duty of good faith and fair dealing, they also seek leave to amend to pursue a breach of contract claim as a third-party beneficiary of the agreement between the Bank and the Sheriff.  The Bank opposes the request as procedurally improper and also argues Plaintiffs third-party beneficiary theory is meritless because there is no contract between the City and the Bank.

Because Plaintiffs have already amended their Complaint once, any further amendment requires the Court's leave, which should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 12(a)(2).  Although Plaintiffs have not filed a formal motion for leave to amend, their opposition brief cites the applicable standard under Rule 15 and sets forth the legal basis for the claim they wish to assert, which arises out of the same facts alleged in the current Amended Complaint.  Based on the existing briefing, moreover, the Court is not persuaded amendment would necessarily be futile, as, contrary to the Bank's assertion, there is support for the proposition that a sheriff's sale creates a contract between the sheriff and the winning bidder under Pennsylvania law.  *See In re Townsville*, 268 B.R. 95, 119 (Bankr. E.D. Pa. 2001) ("At the time of the sale, the purchaser assumes an obligation to comply with the terms of sale."); *Pa. Co. for Insurances on Lives & Granting Annuities ex rel. Jefferson Med. Coll. of Phila. v. Broad St. Hosp.*, 47 A.2d 281, 283 (Pa. 1946) (holding when the sheriff accepts a bid, "the purchaser acquire[s] a right to a deed on complying with the terms of sale and assume[s] the obligation of complying with those terms"); *Calhoun v. Commercial Credit Corp.*, 30 A.2d 735, 736 (Pa. Super. Ct. 1943) (characterizing the sheriff as making a "contract of sale" with the winning

bidder at a sheriff's sale); *Fed. Farm Mortg. Corp. v. Howard*, 47 Pa. D. & C. 64, 66 (Pa. Ct. Com. Pl. 1942) ("The purchaser at a sheriff's sale contracts with the sheriff to purchase and thereby becomes liable to the sheriff for his default in paying the amount of his bid at the time specified. . . ."). Nevertheless, the Court is reluctant to rule definitively on Plaintiffs' request for leave to amend at this juncture because Plaintiffs have not submitted a proposed amended complaint to the Court, as is required when requesting leave to amend in the Third Circuit. *See Fletcher-Harlee Corp.*, 482 F.3d at 252 (applying the longstanding rule "that, to request leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so that it can determine whether amendment would be futile"). Accordingly, the Court will defer ruling on the request pending submission of a formal Rule 15 motion accompanied by a proposed amended complaint.

For the reasons set forth above, the motions to dismiss filed by the City and the Bank will be granted. The Court will reserve ruling on the Bank's request for leave to amend pending submission of a formal Rule 15 motion. An appropriate Order follows.