## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all other similarly situated,<br><br>     Plaintiff<br><br>     v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co.<br>700 S. Flower Street, Ste. 200<br>Los Angeles, CA 90017<br><br>     and<br><br>CITY OF PHILADELPHIA<br>100 S. Broad Street<br>Philadelphia, PA 19110<br><br>     and<br><br>PHILADELPHIA SHERIFF'S OFFICE<br>100 South Broad Street, 5th Floor<br>Philadelphia, PA 19110<br>     Defendants | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | : NO. 15-01429 <br><br><br><br><br><br><br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of

plaintiffs' Motion to Amend the Amended Class Action Complaint, it is hereby ORDERED,

ADJUDGED and DECREED that said Motion is GRANTED.

_____   J.

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all other similarly situated,<br>        Plaintiff<br><br>        v.<br><br>THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co.<br>700 S. Flower Street, Ste. 200<br>Los Angeles, CA 90017<br><br>        and<br><br>CITY OF PHILADELPHIA<br>100 S. Broad Street<br>Philadelphia, PA 19110<br><br>        and<br><br>PHILADELPHIA SHERIFF'S OFFICE<br>100 South Broad Street, 5th Floor<br>Philadelphia, PA 19110<br>        Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:    NO. 15-01429<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    **JURY TRIAL DEMANDED**<br>:<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFF'S MOTION TO AMEND THE AMENDED CLASS ACTION COMPLAINT**

        Plaintiffs respectfully move this Honorable Court for an Order in the form appended

hereto to amend the Amended Class Action Complaint filed with this Court on May 14, 2016.  A

copy of the proposed second amended complaint is attached hereto as Exhibit "A".  This motion

is brought pursuant to Fed. R. Civ. P. 15(a).  In short, Plaintiffs seek to amend the Amended

1

Class Action Complaint to address a third party beneficiary claim. Also, plaintiffs seek to add additional allegations to plaintiffs' § 1983 claim against the defendants, City of Philadelphia and Philadelphia Sheriff's Office. In support of this motion, Plaintiffs respectfully direct this Court's attention to the memorandum of law and exhibits attached thereto.

Respectfully submitted,

Date:    April 21, 2016

 /s/  Daniel C. Levin
Daniel C. Levin, Esquire
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
215-592-1500

Christopher G. Hayes, Esquire
**THE LAW OFFICE OF CHRISTOPHER G. HAYES**
225 South Church Street
West Chester, PA 19382
610-431-9505

William T. Wilson, Esquire
**MACELREE HARVEY**, Ltd.
17 W. Miner Street
West Chester, PA 19382
610-840-0206

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all other similarly situated, | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | NO. 15-01429-JS |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co. | : | |
| | : | **JURY TRIAL DEMANDED** |
| and | : | |
| CITY OF PHILADELPHIA | : | |
| and | : | |
| PHILADELPHIA SHERIFF'S OFFICE | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE**
**TO AMEND THE AMENDED CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

Plaintiffs Lisa and Mark Butterline ("Plaintiffs"), by and through their undersigned

counsel, respectfully move this Court, pursuant to Rule 15 of the Federal Rules of Civil

Procedure, for leave to file a Second Amended Complaint, a copy of which is attached hereto as

Exhibit "A" (the "Second Amended Complaint").

Plaintiffs seek such leave to file the Second Amended Complaint against Defendant The

1

Bank Of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co. (the "Bank"), to properly allege its rights to enforce its third party beneficiary claim to an alleged contract between Defendants herein, and as directed by this Court in its Order allowing Plaintiffs to seek leave to amend its complaint to allege its third party beneficiary claim. Dkt. 32.

In addition, the Second Amended Complaint specifically addresses the alleged deficiencies in Plaintiffs' constitutional claim identified by this Court in its Order granting Defendant City of Philadelphia (the "City") and Defendant Philadelphia Sheriff's Office (the "Sheriff's Office") motion to dismiss, without prejudice. Dkt. 32. Moreover, the Second Amended Complaint seeks to allege Plaintiffs' third party beneficiary claim against the City and the Sheriff's Office, as they were the contracting parties with the Bank.

The instant motion for leave and the Second Amended Complaint are respectfully submitted at this Court's direction and there is no justifying reason to deny the motion to amend or the filing of the Second Amended Complaint.

## II.     PROCEDURAL HISTORY AND STATEMENT OF RELEVANT FACTS

On March 19, 2015, Plaintiffs filed a class action complaint against Defendants, alleging claims for constitutional violations and breach of contract, on behalf of all foreclosed homeowners who were not paid the excess funds from the sheriff's sale of their homes as required under the applicable law.  See Plaintiffs' Amended Complaint ("Complaint") at ¶ 23.  In that Complaint, Plaintiffs alleged that the Bank, mortgagor on Plaintiffs' Home, was awarded the

2

winning bid for Plaintiffs' Home at sheriff's sale for the amount of $93,000.  Complaint at ¶12.

Plaintiffs further alleged that the City and the Sheriff's Office then deeded the Home to the Bank,

with the purchase price listed on the Deed as the consideration in the amount of $93,000.

Complaint at ¶ 14.  The Complaint then alleges that the Bank, pursuant to the unlawful policy of

the City and the Sheriff's Office, and in contravention of the agreeing parties' obligations on the

Deed as well as the winning bid amount at the sheriff's sale, only paid its costs to the Sheriff's

Office for the Home, not the full purchase price of $93,000.  As such, none of the otherwise

excess funds were available for Plaintiffs for distribution as lawfully required.  Complaint at ¶

15.

       In response to the filing of the Complaint, on June 15, 2015, the Bank moved to dismiss

Plaintiffs' Breach of Contract claim and the City and the Sheriff's Office moved to dismiss

Plaintiffs' Due Process claim.  Following argument, this Court, by Order dated March 31, 2016,

granted the City and the Sheriff's Office's motion to dismiss, without prejudice, and permitted

Plaintiffs to file their Second Amended Complaint against those Defendants by April 21, 2016. [1]

Dkt. 32.  In that same Order, this Court granted the Bank's motion to dismiss, with prejudice, but

allowed Plaintiffs to seek leave by April 21, 2016 to amend in order to pursue their third party

beneficiary claim.  Dkt. 32.

---

[1] The Second Amended Complaint, attached hereto as Exhibit A, is the amended complaint Plaintiffs intend to file in this matter against the City and The Sheriff's Office consistent with this Court's Order.  However, as the Second Amended Complaint contains allegations against the Bank for which Plaintiffs seek leave to amend, Plaintiffs cannot file the Second Amended Complaint with the Clerk until this Court rules on such motion to amend.  In the event, the Court denies the motion to amend, Plaintiffs respectfully request that the Second Amended Complaint against the City and the Sheriff's Office be recognized as being timely filed in accordance with this Court's Order.

Accordingly, Plaintiffs respectfully seek leave to amend their amended complaint and file their Second Amended Complaint alleging their constitutional and third party beneficiary claims against Defendants.

## III.    THIRD PARTY BENEFICIARY CLAIM IN THE SECONDED AMENDED COMPLAINT[2]

Plaintiffs' Proposed Second Amended Complaint seeks to allege a third party beneficiary claim against Defendants. See Second Amended Complaint ("Proposed Complaint") at ¶ 58-63. Specifically, Plaintiffs' Second Amended Complaint alleges that the Defendants entered into a valid, legal and binding contract for the sale of Plaintiffs' Home at a sheriff's sale for the purchase price of $93,000. *Id.* Pursuant to the sheriff's sale, the Bank unequivocally agreed to pay $93,000 to the City and the Sheriff's Office as the lawful consideration for the Deed to Plaintiffs' home. *Id.*

More relevantly, pursuant to Pennsylvania law as well as the intentions of the parties to the agreement to transfer Plaintiffs' Home, Plaintiffs were the intended beneficiaries of any excess funds paid by the Bank to the City and the Sheriff's Office from such sheriff's sale. *Id.* However, in direct contravention Defendants' contract and the Plaintiffs' intended beneficiary status, the City and the Sheriff's Office only required the Bank to pay the outstanding costs owed to the City and the Sheriff's Office, and not the full contracted transfer price of $93,000, thereby failing to collect the excess funds to which Plaintiffs are lawfully entitled. *Id.*

Accordingly, Plaintiffs bring this Second Amended Complaint alleging their rights as

---

[2] Plaintiffs' Second Amended Complaint also alleges, pursuant to the Due Process clause of the United States Constitution, that Plaintiffs' property interests were deprived by the City and Sheriff's Office's unlawful act to fail to collect and distribute the excess funds from the sheriff's sales of their home. Plaintiffs' Second Amended Complaint at ¶¶ 13-15; 69-72. Although this Court did not require leave to amend Plaintiffs' Constitutional claims against the City and the Sheriff's Office, Plaintiffs have addressed the viability of these claims in this motion.

4

third party beneficiaries of the contract between Defendants to receive the excess funds to which

they are entitled from the sheriff's sale of their Home. *Id.*

## IV.   SUMMARY OF LAW

### A.   Third Party Beneficiary Claim

Under Pennsylvania law, a sheriff's sale creates a contract between the Sheriff and the

winning bidder.  See *Butterline v. Bank of New York Mellon Trust Company*, 2016 WL 1273916,

*7 (E.D. Pa. 2016); see also *In Re: Townsville*, 268 B.R. 95, 119 (E.D.Pa. 2001); *Jefferson Med.*

*Coll. of Phila. v. Broad St. Hosp.*, 47 A.2d 281, 283 (Pa. 1946); *Calhoun v. Commercial Credit*

*Corp.*, 30 A.2d 735, 736 (Pa. Super. Ct. 1943); *Fed. Farm Mortg. Corp. v. Howard*, 47 Pa. D. &

C. 64, 66 (Pa. Ct. Com. Pl. 1942).  In fact, this Court stated:

> The Court is not persuaded amendment would necessarily be futile, as,
> contrary to the Bank's assertion, there is support for the proposition that a
> sheriff's sale creates a contract between the sheriff and the winning bidder
> under Pennsylvania law. See *In re Townsville*, 268 B.R. 95, 119 (Bankr.
> E.D. Pa. 2001) ("At the time of the sale, the purchaser assumes an
> obligation to comply with the terms of sale."); Pa. Co. for Insurances on
> Lives & Granting Annuities ex rel. *Jefferson Med. Coll. of Phila. v. Broad*
> *St. Hosp.*, 47 A.2d 281, 283 (Pa. 1946) (holding when the sheriff accepts a
> bid, "the purchaser acquire[s] a right to a deed on complying with the
> terms of sale and assume[s] the obligation of complying with those
> terms"); *Calhoun v. Commercial Credit Corp.*, 30 A.2d 735, 736 (Pa.
> Super. Ct. 1943) (characterizing the sheriff as making a "contract of sale"
> with the winning bidder at a sheriff's sale); *Fed. Farm Mortg. Corp. v.*
> *Howard*, 47 Pa. D. & C. 64, 66 (Pa. Ct. Com. Pl. 1942) ("The purchaser at
> a sheriff's sale contracts with the sheriff to purchase and thereby becomes
> liable to the sheriff for his default in paying the amount of his bid at the
> time specified....").

*Butterline*, 2016 WL *7.

Further, once a contract is established, as herein, a breaching party may be held liable to a

third party beneficiary.  See *Spires v. Hanover Fire Insurance Company*, 70 A.2d 828, 830-31

5

(Pa. 1950) rev' on other grounds by *Guy v. Liederbach*, 459 A.2d 744 (Pa. 1983).  A claim for

third party beneficiary is a claim sounding in contract. *Guy*, 459 A.2d at 751.  In fact, a third

party may assert a third party beneficiary claim when that third party is identified as a beneficiary

in the contract. *Id.*  More relevantly, even if a third party is not identified as a beneficiary in the

contract it may assert a beneficiary claim if it is the intended beneficiary of the contract. The

Restatement (Second) of Contracts § 302 states:

> (1) Unless otherwise agreed between promisor and promisee, a
> beneficiary of a promise is an intended beneficiary if recognition of a right
> to performance in the beneficiary is appropriate to effectuate the intention
> of the parties and either
> > (a) the performance of the promise will satisfy an obligation
> of the promisee to pay money to the beneficiary; or
> > (b) the circumstances indicate that the promisee intends to
> give the beneficiary the benefit of the promised performance.
> (2) An incidental beneficiary is a beneficiary who is not an
> intended beneficiary.

Restatement (Second) of Contracts § 302 (1979)

Indeed, the Supreme Court of Pennsylvania later adopted §302 of the Restatement

(Second) of Contracts when adopting the right to a third party beneficiary claim for breach of

contract. *Guy*, 459 A.2d at 751.

Here, Plaintiffs may bring their third party beneficiary claim against any of the breaching

parties to the contract alleged herein, when, under the exceptions adopted in §302 of the

Restatement Second of Contract, the contract indicates that the promisee intends to give the third

party beneficiary the benefit of the promise performed. *Id.*  Thus, the determination of whether a

third party has a beneficiary claim against a breaching party is whether that third party is an

"intended beneficiary" as opposed to an "incidental beneficiary". *Id.*  Moreover, when the

contracting parties do not explicitly state that a third party is a beneficiary to a contract, a

recognition occurs when the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary. *Guy*, 459 A.2d at 751.

Under the relevant law, Plaintiffs can state a breach of contract claim as third party beneficiary against the City and Sheriff's Office. At a Sheriff's Sale, once the party wins the bid, the City and the Sheriff's Office have an obligation to collect the full amount of the winning bid. *Butterline v. Bank of New York ,et al*, 2016 WL 1273916, fn. 7 (E.D. Pa. 2016). Further, the City and the Sheriff's Office, upon receipt of the purchase money from the sheriff sale, has a legal and statutory obligation under Pennsylvania law, to distribute any excess funds to the foreclosed homeowners. *In Re: Sherriff's Excess Proceed Litig.*, 98 A.3d 706, fn. 2 (Pa. Cmwlth. Ct. 2014). More specifically, when a foreclosed homeowner's house goes to sheriff's sale and the bid accepted by the City and the Sheriff's Office exceeds the costs and liens owed on the foreclosed home, the foreclosed homeowner is entitled to any excess funds from the sheriff's sale. *Id.*

Indeed, Pennsylvania law clearly provides a procedure to claim any such excess funds. See Exhibit "B", the Sheriff's Department's Asset Recovery Team ("DART") procedure provided by the City. In fact, the City and the Sheriff's Office publicly acknowledges on its website that after a foreclosed property is sold, transferred and all liabilities and debts have been paid and satisfied the foreclosed homeowner may recovery any excess balance through the DART procedure. See Exhibit "C", relevant screen shots of the Sheriff's Office website. See also *In Re: Sheriff's Excess Proceeds Litigation*, 2013 WL 3070863, fn 10 (Pa.Com.Pl. 2013).

Pursuant to the written (and recorded) agreement between the City and the Sheriff's Office and the Bank which Deeded Plaintiffs' home for consideration of $93,000, the City and

7

the Sheriff's Office had a legal obligation to distribute any excess funds to Plaintiffs.  Proposed
Complaint at ¶ 58-63.  Thus, Proposed Complaint states a valid claim for breach of contract as a
third party beneficiary against the City, the Sheriff's Office.

      Not only is the City and Sheriff's Office failing to perform on its promise under the sale
of Plaintiffs' Home, but the Bank has also breached its' contractual obligations under the
agreement.  In fact, the Deed and the entire record of the sheriff's sale state that the Bank, as a
winning bidder, was contractually obligated to pay $93,000 in consideration to receive the Deed.
Proposed Complaint at ¶ 58-63.  However, when the Bank failed to pay the $93,000, it prevented
Plaintiffs from receiving any funds pursuant to Pennsylvania law and provided under the DART
procedure mandated by the Sheriff's Office.  *Id.*  In fact, when the Bank did not pay the $93,000
and no excess funds were available from the sale, Plaintiffs' DART claim was naturally rejected
because the City never required the Bank to pay the excess funds.  *Id.*  The Bank's failure to pay
pursuant to its contract, adversely affects Plaintiffs' status under the contract and violates
Plaintiffs' right as an intended third party beneficiary.

      Further applying the applicable law to the relevant facts herein, Plaintiffs allege in their
Second Amended Complaint that Defendants entered into an express contract, the Deed.  *Id.*
This contract allowed the Bank to receive the Plaintiffs' Home from the City and the Sheriff's
Office in return for the payment of $93,000.  *Id.*  Plaintiffs further allege that they were the
intended beneficiaries of such contract because the law, and the policy of the City and the
Sheriff's Office, required that the Plaintiffs receive any excess funds from the sheriff's sale of
their Home.  *Id.*  All Defendants knew that Plaintiffs would benefit from their contracts and that
Plaintiffs could be harmed by any breach of the contract by any Defendant.  *Id.*  Now, as a direct

result of the Defendants breach of the contract, Plaintiffs are entitled to damages as third-party beneficiaries because Plaintiffs suffered damages as a result of the breach. Indeed, as a direct and proximate result of the breaching actions of Defendants, which combined to form the basis of this suit, Plaintiffs have suffered damages. Thus, Plaintiffs' motion to amend to pursue its' third party beneficiary claim should be freely granted.

**B.      Procedural Due Process Claims**

Plaintiffs have added few additional facts in support of their procedural due process claim, to the effect that the correct procedures were the ones advertised to the public, albeit not followed. These facts, although not pleaded in the prior complaint, were considered by the Court in its earlier decision. Plaintiffs are not seeking to surreptitiously ignore or circumvent that ruling, although they do believe its reconsideration is warranted. An effort to amend is arguably necessary in order for them to preserve the issue for review. *United States ex rel. Atkinson v Pa. Shipbuilding Co.*, 473 F.3d 506, 516-17 (3d Cir. 2007).

This Court's March 31 ruling acknowledges the protected property interest of Plaintiffs in the excess proceeds of the sheriff's sale of their Home. Dkt. 31 at p. 7. The basis for the dismissal of the Plaintiffs' due process claim, however, was their perceived failure to allege a deprivation of that interest because they did "not allege that the City has prevented them from seeking to recover the excess proceeds from the Bank" as, concededly, they are attempting to do. The Court then went on to reason that the Plaintiffs did not "have a property interest in the collection procedures, or that their property interest in the excess proceeds generated in the sheriff's sale includes the right to receive those funds from the City, as opposed to the Bank." Dkt. 31 at p. 7. However, Plaintiffs' claim is not premised on a property interest in the

9

procedures.  It is quite correct, as the Court wrote, that there is no property interest in the procedures themselves.  Dkt. at p. 9, *citing Dist. Council 33, Am. Fed. Of State Cnty. & Mun. Emps., AFL-CIO v City of Phila.,* 944 F.Supp. 392, 395 (E.D. Pa. 1995), *aff'd*, 101 F.3d 690 (3d Cir. 1996).

It is the excess funds which are the property in which the Plaintiffs have an interest, and the interest that is the subject of the deprivation.  Denial of the proper collection procedures is, instead, the vehicle by which the deprivation took place.  The suggestion that there may be an alternate remedy to be achieved through pursuing the Bank does not guarantee the success of that pursuit; thus far, the Bank vigorously contests its liability.  Even though there may be an alternate remedy, there has still been a deprivation during the time required to pursue that remedy.  Even a temporary deprivation of a property interest gives rise to a claim for denial of procedural due process.  *Fuentes v Shevin*, 407 U.S. 67, 84-85 (1972).  Plaintiffs do not have the excess funds and, according to the facts alleged in the Complaint, their entitlement is clear.  Therefore, they have been deprived of those funds.

The Court's reference to the possibility of recovery from the Bank is suggestive that a procedural due process denial is absent due to the presence of a potentially adequate remedy under state law.  However, the Supreme Court, in *Logan v Zimmerman Brush Co.*, 455 U.S. 422 (1982), made clear that such reasoning did not apply to situations where the deprivation was the result of an established governmental procedure. 455 U.S. at 436.  This case involves an established governmental procedure, and is far from random or unauthorized, however illegal.  Thus, the existence of a potential state remedy is simply irrelevant.

10

The Second Circuit's decision in *Alexandre v Cortes*, 140 F.3d 406 (2d Cir. 1998), is illustrative. Alexandre was arrested by Cortes, a police officer, who lawfully seized his car in the process (just as the Sheriff's Office lawfully placed Plaintiffs' Home up for sale and took equitable title thereto). I & B Business Corporation held a lien on the car, and Alexandre was in default on the payments, but still retained a property interest in the car, including a right of redemption. *Id.* at 407-410. Similarly, Plaintiffs were in default on their mortgage, but continued to have a property interest in any excess proceeds of sale. Cortes took a shortcut, about which Alexandre was unaware, around a legally required procedure and delivered the car to I & B (just as the Sheriff's Office took a shortcut and conveyed Plaintiffs' Home to the Bank contrary to the procedures mandated by Pennsylvania law and advertised). There, the court held that Alexandre had been deprived of a property interest. *Id.* at 411.

The *Alexandre* court also addressed the issue of adequate state law remedies, which included replevin and trespass to chattels and found, "the existence of independent state relief does not defeat a Section 1983 claim where the deprivation complained of results from the operation of established state procedures." *Id.* (citations omitted). The Third Circuit also recognizes that the availability of a post-deprivation state remedy is no defense when the deprivation is the result of custom and usage, rather than random and unauthorized acts. *Berlanti v Bodman*, 780 F.2d 296, 301-302 (3d Cir. 1985).

In *Alexandre*, there was a hint of self-dealing, in that Cortes purchased the car from I & B immediately after delivering it to that company. This, however, had nothing to do with the court's decision, which did not even discuss such issues as whether Cortes qualified as a bona fide purchaser for value. That is because it was a procedural due process case, concerning which

11

the intent to deny due process was not relevant.  Whereas the intent to deny the right might be relevant in a substantive due process case, so long as the transfer itself was intentional, it has no bearing in regard to procedural due process.  The Third Circuit explained this in *Sourbeer v Robinson*, 791 F.2d 1094 (3d Cir. 1986), writing:

> We know of no authority for the proposition that an intentional deprivation of life, liberty or property does not give rise to a due process violation because the failure to provide due process was without fault.  If that were the rule, there would be no due process violation where an official who deliberately deprives a person of his life, liberty or property carefully follows established state procedures that are later found to be constitutionally inadequate, because the official would be without fault.

791 F.2d at 1105.

**C.      Substantive Due Process Claim**

A substantive due process claim has been added, which was not included at all in the prior pleadings, but was suggested by the City in its motion to dismiss.  It also requires no additional factual support in the Second Amended Complaint.

The Second Amended Complaint alleges that the City created an institutionalized shortcut around well-known legally mandated procedures, for no legitimate governmental interest, under circumstances that required no haste and denied no opportunity for calm reflection.  Further, it alleges that the City made misleading statements about those procedures such that the Plaintiffs, and many more members of the public who were affected, would continue to rely on the proper procedures that were not being followed.  Finally, it alleges that the numerous victims of this wrongdoing were individuals who tended to be in a position of exceptional vulnerability, and that the resulting denial deprived them of a means of addressing that very vulnerability.  This supports a claim for a violation of substantive due process.

12

Substantive due process protects against deprivations that do not substantially advance a legitimate state interest. *Lingle v Chevron U.S.A., Inc.*, 544 U.S. 528, 540 (2005). It is limited, however, to those governmental actions that meet a strenuous test that shocks the conscience of the court. In this case, the City's actions meet that standard.

The City's actions here were in accordance with a deliberate policy of broad application, and not the random act of an individual agent or small group. See *Beard v Borough of Duncansville*, 652 F.Supp.2d 611, 618-619 (W.D.Pa. 2009)(plaintiffs made no allegations of malicious intent, but did allege that the defendant acted with knowledge its action was unlawful and in haste. The court, concluding that the defendant had the luxury of proceeding deliberately, held that the plaintiffs had sufficient evidence to meet the "shocks the conscience" standard). They were accompanied by misleading statements that interfered with the prompt resolution of the Plaintiffs' claim. *Swinka Realty Investmens, LLC v Lackawanna County Tax Claim Bureau*, 2013 WL 5656615, *2-3 (M.D. Pa. 2013)(misleading statements leading to a temporary deprivation of funds contributory to potentially viable claim for denial of substantive due process). It disproportionately impacts persons in times of severe financial distress. *Hamilton v Spriggle*, 965 F.Supp.2d 550, 587 n. 9 (M.D.Pa. 2013)(the multiplicity of incidents and potential victims was factor in viability of substantive due process claim). Plaintiffs believe this conduct should genuinely shock the conscience of the Court, as well as any other person.

## V.   LEGAL ARGUMENT

### A.   Leave to Amend Should be Freely Given

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of the litigation.

13

*Heyl J. Patterson Int'l v. F.D. Rich Housing,* 663 F.2d 419, 425 (3d. Cir. 1981).  Courts should grant leave to amend a complaint "freely" and when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Rule 15(a) of the Federal Rules of Civil Procedure is in accord with *Forman* and requires that when leave of court is sought to file an amended complaint, it should be "freely given." Fed.R.Civ. P. 15(a).  Only when factors suggest amendment would be unjust should the amendment be denied.  *Arthur v. Maerstic Inc.*, 434 F.3d 196, 203 (3ʳᵈ Cir. 2006).  In deciding whether to allow a party to amend the pleadings, courts may consider factors such as undue delay, dilatory motive, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* Applying these factors, leave to amend is appropriate in this case.

### 1.   Plaintiff Has Timely Sought the Instant Amendment and Thus There Was No Undue Delay

This litigation is in its early stages.  This motion is promptly brought at the direction of this Court.  Thus, there is no undue delay.  Further, Plaintiffs' claim is timely brought with in the four-year statute of limitation for its third party beneficiary claim.

### 2.   Plaintiff Has Not Acted in Bad-Faith in Seeking This Amendment

Plaintiffs are not seeking the amendment to delay these proceedings, to harass Defendants, nor did Plaintiffs intentionally refrain from filing this motion in a timely manner. On the contrary, Plaintiffs acted swiftly as set forth above.

### 3.   Defendants Will Not Be Prejudiced by the Amendment

An opposing party who has had notice of the general nature of the claim or matters asserted in the supplemental pleading from the beginning of the action will not be prejudiced by the granting of leave to file the supplemental pleading. *See Altman v. General Elec. Co.*, 32

14

F.R.D. 245 (E.D. Pa. 1962).   Plaintiffs are making the same generalized allegations in the

proposed Second Amended Complaint as in prior complaints.

### 4.     Plaintiffs' Claim is Not Futile

As set forth above, Plaintiffs have a valid third party beneficiary claim against all

Defendants herein.  Plaintiffs were intended beneficiary of the contract between Defendants.

Further, performance of the contract required Defendants to pay money that should be available

to Plaintiffs, thus providing Plaintiffs with third party beneficiary status. *Guy*, 459 A.2d at 757.

### 5.     Plaintiff Has Not Previously Sought Leave to Amend

This is the first motion Plaintiff has brought to amend the complaint.  Thus, Plaintiff has

not had a pattern in this litigation of amending their complaint.

## VI.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to amend the Amended

Class Action Complaint and file the attached Proposed Complaint.

Respectfully submitted,


Date:   April 21, 2016                     /s/  Daniel C. Levin
                                           Daniel C. Levin, Esquire
                                           LEVIN, FISHBEIN, SEDRAN & BERMAN
                                           510 Walnut Street, Ste. 500
                                           Philadelphia, PA 19106
                                           215-592-1500

                                           Christopher G. Hayes, Esquire
                                           THE LAW OFFICE OF CHRISTOPHER G. HAYES
                                           225 South Church Street
                                           West Chester, PA 19382
                                           610-431-9505

William T. Wilson, Esquire
**MACELREE HARVEY**, Ltd.
17 W. Miner Street
West Chester, PA 19382
610-840-0206

**CERTIFICATE OF SERVICE**

I, Daniel Levin, Esquire, certify that the foregoing Motion for Leave to Amend the Amended Class Action Complaint was served this 21st day of April 2016 via the Court's electronic notification system.

 /s/ Daniel Levin
Daniel Levin, Esquire

17