**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all others similarly situated, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | NO. 15-01429-JS |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, et al | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

**PLAINTIFFS' RESPONSE TO CITY OF PHILADELPHIA AND SHERIFF'S OFFICE'S**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, DENY LEAVE TO AMEND**

Plaintiffs Lisa and Mark Butterline ("Plaintiffs") respectfully submit this response to Defendants City of Philadelphia and City of Philadelphia Sheriff's Office (collectively "Defendants" or the "City") motion to dismiss Plaintiffs' Second Amended Complaint (the "Complaint") with prejudice or, in the alternative, deny leave to amend.

The City's opposition to Plaintiffs' motion to pursue the Complaint does not and cannot address the clear and simple reality of this case: For years, the City has blatantly, recklessly, and shockingly failed to follow its clear legal obligation to collect and distribute excess funds to homeowners, such as Plaintiffs herein, from Sheriff Sales conducted in Philadelphia County. As such, and as demonstrated more fully below, the City's motion should be denied and Plaintiffs should be allowed to proceed with their Complaint.

## ARGUMENT

### I.      Plaintiffs have Sufficiently Pled Facts to Support Plausible Claims against the City

In an ironic and self-righteous attempt to pull a heartless 'gotcha' on Plaintiffs, the City portrays the Butterline's claim as futile, hopeless, beyond repair, flawed, and defective. More

troubling, the perverse outcome of the City's gotcha is that, if allowed, it can escape obvious liability for the millions of dollars it has callously failed to pay to Plaintiffs and the proposed Class despite its' clear legal obligations to do so.  As the Superior Court has aptly recognized, "it is the substance of the complaint rather that its form" which controls the cause of action.  *Varner v. Classic Communities Corp.,* 890 A.2d 1068, 1074 (Pa.Super.2006).  Indeed, Plaintiffs only need to plead the operative facts of in the litigation.  *See* Fed.R.Civ.P. 8.  Moreover, Plaintiffs do not have to include every theory of the case.  *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992).  In fact, "specifying an incorrect theory is not fatal." *Bartholet,* 953 F.2d at 1078 (the court "should ask whether relief is possible under any set of facts that could be established consistent with the allegations"); *see also* 5 Charles Wright & Arthur Miller, *Federal Practice and Procedure* § 1202 at 69 (1990) (pleading is "to advise the other party of the event being sued upon.").  Thus, the City's contrived gotcha that legal labels in the Complaint should control over facts sufficiently pled within the Complaint's four corners is without merit.

## II.    Plaintiffs have a Protectable Property Interest in the Excess Funds

First, Plaintiffs simply do not contend, as the City persists in representing, that there can be a property interest in a procedure.  Plaintiffs have never contended that they had a property interest in process itself.  Instead, Plaintiffs' interest, as this Court recognized, is a protectable property interest in the excess proceeds of the Sheriff's Sale.  *See* Dkt. 31 at p. 7.

Moreover, the City's argument that *Fuentes v Shevin*, 407 U.S. 67 (1972) is inapplicable is simply inapposite.  This case is about a deprivation of a property interest by the denial of due process.  It has nothing to do with a "seizure" in violation of the Fourth Amendment.  In misinterpreting *Fuentes*, the City argues that Plaintiffs received enough due process to satisfy the constitution, citing to *Nelson v City of New York*, 352 U.S. 103 (1956).  Unlike *Nelson*, the City

ignored the procedures of Pennsylvania herein.  Worse, the City issued affirmatively misleading statements concerning its intent to follow the rules.  The City cannot reject the procedures published by the Pennsylvania courts yet continue to tell interested parties that it will follow the Pennsylvania proscribed procedures.  To the contrary, the City is required to provide accurate notification of the procedures it intends to use.  *See Nelson*, 352 U.S. at 109.

Finally, the City's argument that an adequate post-deprivation remedy against the Bank of New York (the "Bank") is misplaced.  First, the City cites no authority for the notion that a remedy against one wrongdoer is eliminated because of the theoretical viability of a recovery from a third party.  In fact, the adequacy of an alternative post-deprivation remedy is not even germane to a case involving a consistently applied custom or usage of the government, as opposed to the random or unauthorized acts of an official.  *See Berlanti v Bodman*, 780 F.2d 296, 301-302 (3d Cir. 1985).  The only case cited by the City, *Pappas v City of Lebanon,* 331 F.Supp.2d 311 (M.D. Pa. 2004), has no real application here.  Indeed, there is no suggestion whatsoever in *Pappas* that the court intended to overrule Supreme Court cases speaking to the due process requirement of notification of a proceeding and not excusing misleading notifications.  *See Memphis Light, Gas & Water Division v Craft*, 436 U.S. 1 (1978) (requiring hearing notice to include description of procedures not otherwise published); *Mullane v Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950) (requiring notice reasonably calculated to apprise interested parties that is appropriate to the nature of the case).

## III.    The City Breached its' Obligations to Plaintiffs as Third Party Beneficiaries

Defendants wrongly argue that Plaintiffs cannot state a claim as third party beneficiaries to an agreement between the City and the Bank because Plaintiff may only sue the promissor of a contract under a third party beneficiary claim.  The City further incorrectly argues that it did not

breach any promise under their agreement with the Bank and, therefore, Plaintiffs do not have a claim against the City as a third party beneficiary.  While Plaintiffs may only sue a breaching party to the contract, it is quite clear under Pennsylvania law that both the City and the Bank breached the applicable agreement.  A person may seek damages as a third party beneficiary to a contract when they are the intended beneficiary of the contract.  *Scarpitti v. Weborg*, 530 Pa. 366, 370 (1992).  Moreover, both the City and the Bank can be charged to have duties and promises to third party beneficiaries, thus subjecting them to a third party beneficiary claim. *Scarpitti,* 530 Pa. at 373-374.

Sheriff's sales involve an agreement with third party beneficiaries.  The Sheriff promises to distribute excess funds from the Sheriff's Sale.  When a foreclosure sale generates proceeds in excess of existing tax liens and costs, P.R.Civ.P. 3136 requires the Sheriff to distribute the excess proceeds to the former property owner.[1]  *See In Re: Sheriff's Excess Proceeds Litig.*, 98 A.3d 706, 713 N.2 (Pa. Commw. Ct. 2014).  Thus, if there are excess proceeds from the sale, the Sheriff is legally required to prepare a Schedule of Proposed Distribution of the proceeds of the sale to be kept on file and available for inspection at the Sheriff's Office.[2]  Pa.R.Civ.P. 3136(a).

It is well-settled that the City may not, by its' terms of the sale, affect the rights of parties that are entitled to proceeds.  *Mather v. McMichael*, 13 Pa. 301, 304-305 (1850).  More importantly, the City is not absolved from liability for the distribution of funds when it does so improperly.  *See Pingitore*, 2011 WL 9156008 at n.6 ("If the sheriff committed the wrongs alleged, then the sheriff may have to pay the class damages.  Such payment does not have to be

---

[1]Regardless of whether the Pennsylvania Rules of Civil Procedure create a private right of action to bring a claim or create a duty for a third party beneficiary claim, Pennsylvania law clearly creates such a requirement of and a duty by the City to distribute funds from Sheriff Sales' properly or be held liable.  *See Pingitore v. City of Philadelphia*, 2011 WL 9156008 (Pa. Com. Pl. 2011).

[2] Such substantive law, in effect at the time of the City and the Bank's agreement, is implicitly incorporated into the agreement.  *See First Nat. Bank of Penna. v. Flanagan*, 515 Pa. 263, 270 (1987), citing *DePaul v. Kauffman,* 441 Pa. 386, 398, 272 A.2d 500, 506 (1971).

made with the particular dollars transferred to the treasurer, any dollars will do.")  *See also Knofsky v. Carey*, 89 Pa. Super. 422, 425-27 (1926); *Knoell v. Carey*, 285 Pa. 498, 499 (1926). Even if the City no longer has the funds, Plaintiff "may seek reimbursement from [the Bank] if they wish but they are not required to do so." *Pingitore*, 2011 WL 9156008.  Indeed, Plaintiffs may lawfully continue to prosecute their claims against the City in a class action.  *Id*.  Thus, Plaintiffs may pursue their claim against the City even if the City doesn't hold the funds.  *Id.*

Here, the City and the Bank were both parties to an agreement deeding the Plaintiffs' property following the Sheriff Sale.  The terms of such agreement clearly state, among other things, that $93,000 was the consideration for the transfer of the property.  As required by such agreement and the law, the City was to file a schedule of distribution of the proceeds from the sale of the property since, as both parties to the agreement were aware, there were excess funds. However, the City breached its obligations under the agreement to distribute the excess funds from the sale in violation of the Pennsylvania law.  By breaching its obligations under the agreement, the third party beneficiaries suffered damages.

In trying to avoid its obvious liability, the City disingenuously argues that it did not breach its obligations and that is was not required to distribute any excess funds.  The city is wrong.  As aptly noted by Judge Arnold New, "[i]f the Sheriff committed the wrongs alleged then the Sheriff may have to pay the class damages." *Pingitore*, 2011 WL 9156008.  It is silly for the City to think it can excuse itself of its legal obligations by claiming it refused to collect the stated consideration.  It is the City's legal obligation to distribute the excess funds from Sheriff Sales and its failure to collect the stated consideration is not a defense to its breach.  *Id.*

### III.  Plaintiffs' Claims are Timely

As the City acknowledges, the procedural due process claim asserted in the proposed

Second Amended Complaint barely differs from the one originally filed.  When an amendment "asserts a claim . . . that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading," it relates back to the date of the original filing.  *See* Fed. R. Civ. P. 15(c)(1)(B).  Thus, the analysis relevant to the procedural due process claim's two-year statute of limitations is, therefore, indistinguishable from that which applied the first time the issue was raised.

The City failed to follow legally prescribed procedures and misrepresented its intentions to do so.  The Plaintiff's received no notice that these things had happened until after the denial of their DART application, much less than two years before the filing of the original complaint, and the City can point to no "storm warnings" prior to that time so as to stop the tolling of the statute that results from the invisibility of its illegal procedure, as required for this defense to succeed.  *See Cetel v Kirwan Financial Group, Inc.*, 460 F.3d 494, 507 (3d Cir. 2006).

Moreover, the statute of limitations is an affirmative defense.  It can be the basis for a motion to dismiss only to the extent its application is made crystal clear by the four corners of the complaint.  *See ALA, Inc. v CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994).  If there is any ambiguity about the matter, the resolution of the issue must await a more fully developed factual record.  *See Hanna v United States*, 514 F.2d 1092, 1095 (3d Cir. 1975).  Plaintiffs allege the initial discovery of the City's wrongdoing within two years of their filing, and there is nothing in the pleadings to even suggest that this is not the truth, let alone to make it dispositive.

Defendants also argue that Plaintiffs' constitutional claim is time barred because Plaintiffs sat on their right when the Bank failed to pay the full amount of the winning bid thirty days after the sale.  Defendants are wrong.  Plaintiffs were under no obligation to request excess funds from the Bank when it failed to pay the full amount on its bid thirty days after the sale.  In

fact, under Pennsylvania law, a Sheriff shall distribute the proceeds of the sale in accordance with the proposed schedule of distribution prepared by the Sheriff.  *See* Pa.R.Civ.P. 3136. Within that period of time up until five years, the former owner may claim excess funds from the sale of the home.  72 PS. § 1301.9(1).  After five years, the property is then transferred to the Commonwealth of Pennsylvania where, again, a class member may seek reimbursement from the treasure from unclaimed funds.  *Pingitore*, 2011 WL 9156008.  Plaintiffs timely sought the excess funds to which it is lawfully entitled to from the City in the form of a DART request in December 2014.  In fact, at the earliest point after being first advised that the City does not collect the entire stated consideration and wouldn't distribute the excess funds from the sale as required under the agreement and applicable law, Plaintiffs filed the instant lawsuit against the City.  Clearly, Plaintiffs' claims were timely brought under §1983 and are not time barred.

Plaintiffs' third party beneficiary claim is governed by a four-year statute of limitations. The City breached its agreement on July 23, 2012 when it failed to file a schedule of distribution and distribute the excess funds from the sale upon deeding the Property to the Bank.  No matter how the City tries to frame it otherwise, its' breach occurred when it failed to perform its obligations under the agreement as it promised.  Thus, the filing of Plaintiffs' Complaint is timely filed and within four years of July 23, 2012.  *See Broomes v. Schmidt*, 1996 WL 229369, *1 (E.D. Pa. 1996) (Motion to amend the complaint tolls statute of limitations).

Respectfully submitted,

Date:   May 16, 2016

 /s/  Daniel C. Levin
Daniel C. Levin, Esquire
**LEVIN, FISHBEIN, SEDRAN & BERMAN**
510 Walnut Street, Ste. 500
Philadelphia, PA 19106
215-592-1500

Christopher G. Hayes, Esquire
**THE LAW OFFICE OF CHRISTOPHER G. HAYES**
225 South Church Street
West Chester, PA 19382
610-431-9505

William T. Wilson, Esquire
**MACELREE HARVEY**, Ltd.
17 W. Miner Street
West Chester, PA 19382
610-840-0206

Attorneys for Plaintiffs and the Class

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel Levin, Esquire, certify that the foregoing response to Defendants' motion to dismiss was served on all counsel of record this 16th day of May 2016 via the Court's electronic notification system.

 /s/ Daniel Levin
Daniel Levin, Esquire
