IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LISA AND MARK BUTTERLINE,<br><br>                    *Plaintiffs*,<br><br>            v.<br><br>THE BANK OF NEW YORK MELLON<br>TRUST COMPANY, NAT'L ASS'N, *et al.*,<br><br>                    *Defendants*. | Civil Action No. 2:15-cv-01429-JS |

**REPLY OF DEFENDANTS CITY OF PHILADELPHIA AND
CITY OF PHILADELPHIA SHERIFF'S OFFICE IN SUPPORT OF THEIR
MOTION TO DISMISS WITH PREJUDICE OR, IN THE ALTERNATIVE,
TO DENY LEAVE TO AMEND**

Plaintiffs' response brief provides no cogent basis to save their claims against the City from dismissal. The Court should reject plaintiffs' proposed Second Amended Complaint and dismiss this action with prejudice as to the City.

**I.      Plaintiffs Cannot Save Their Procedural Due Process Claim.**

Plaintiffs fail to identify any allegation plausibly showing that the City deprived them of their claim to the amount by which the Bank's winning bid at the sheriff's sale exceeded its judgment plus costs. Because they cannot meet *Twombly*'s standard for stating a claim, plaintiffs resort to invalid pre-*Twombly* cases. *See* Pls' Resp. at 2. Even if the pre-*Twombly* cases applied, plaintiffs' procedural due process claim is hopeless.

Plaintiffs wrongly assume that because this Court said they have a property interest in the excess funds the Bank never paid, they can sue the City under the Due Process Clause for not

collecting this unpaid excess.  Pls' Resp. at 2.  As this Court already held, for that due process claim to be viable, plaintiffs would need a property interest not simply in the unpaid excess, but in *how* the excess is collected from the Bank and *who* does the collecting — in short, a property interest in the collection procedures.  This Court rightly rejected that suggestion, and plaintiffs make no new allegation in their Second Amended Complaint to justify a different conclusion.  Nor do they contend there is any "extraordinary circumstance" to depart from this law of the case.  *Abbott v. Washington Mut. Fin., Inc.,* 2008 U.S. Dist. LEXIS 21903, *8 (E.D. Pa. Mar. 20, 2008).

Plaintiffs allege none of the hallmarks of a procedural due process violation in the cases they themselves cite.  *See, e.g., Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1 (1978), *Fuentes v. Shevin,* 407 U.S. 67 (1972), and *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306 (1950).  In each one of those decisions, property possessed by the plaintiff either was taken from the plaintiff, or was threatened to be taken, as a result of some affirmative action by the defendant, without notice or a hearing.  In *Memphis Light,* the utility company threatened to shut off the plaintiffs' electricity and gas, but never told the plaintiffs whom they could speak with to resolve the disputed bills.  436 U.S. at 16.  In *Fuentes*, the plaintiffs "had possessions seized under writs of replevin" on an *ex parte* application by their creditor.  407 U.S. at 71, 76.[1]  In *Mullane*, a common trust was to be liquidated and the out-of-state beneficiaries

---

[1]  We do not understand plaintiffs' criticism of our characterization of *Fuentes*.  *See* Pls' Resp. at 2.  In *Fuentes*, consistent with our characterization, state governments did indeed "seize" personal possessions without providing proper procedural guarantees. In any event, the critical point is that, in *Fuentes*, state governments possessed the property sought by the plaintiffs.  Here, by contrast, plaintiffs seek an entitlement to have the government obtain their property for them.

had only been given notice by publication in a local newspaper they presumably never read. 339 U.S. at 306.

Plaintiffs' allegations do not fit in this box. To the extent plaintiffs have alleged any property interest here, it is a *claim* to unpaid money. Because it is the Bank that owes the money, if anyone does, this claim is a cause of action against *the Bank* for payment. While such a cause of action can certainly be "property" under the Due Process Clause, plaintiffs could only be deprived of this property if the cause of action has somehow been "destroyed," as in *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 436 (1982); *see also Pappas v. City of Lebanon,* 331 F. Supp. 2d 311, 321 (M.D. Pa. 2004). Moreover, plaintiffs could only be deprived of this property *by the City* if the City itself somehow destroyed it. That never happened, and plaintiffs do not say that it did. Plaintiffs have always had their cause of action against the Bank for payment, and they are free to continue to pursue it.

Nor is there any respect in which the City did not provide plaintiffs with notice that there might be an unpaid excess they could seek from the Bank. Although plaintiffs say that the City "issued affirmatively misleading statements" in a public notice before the sheriff's sale, Pls' Resp. at 3, they do not allege that they ever saw those statements, and they do not allege that the notice they indisputably *did* receive before the sale (*see* Exhibit 1 to the present motion) was in any way misleading. In any event, plaintiffs cannot have a procedural due process claim based solely on an alleged "misleading" notice. They can have such a claim only if they did not receive notice of a deprivation of their property. No deprivation occurred here.

Thus, plaintiffs' procedural due process claim is meritless and any attempt to amend that claim is futile. This action should be dismissed with prejudice as to the City.

**II.     Plaintiffs Concede They Have no Substantive Due Process Claim**.

Plaintiffs make no attempt to address the flaws in their substantive due process claim.  By not responding at all, plaintiffs concede that their claim against the Bank for the unpaid excess is not protected by substantive due process.  Moreover, notwithstanding their conclusory rhetoric, they do not allege that the City engaged in self-dealing, corruption or any such conscience-shocking behavior.  *See, e.g., Levy-Tatum v. Navient Solutions, Inc.,* 2016 U.S. Dist. LEXIS 56446, *22 (E.D. Pa. Apr. 28, 2016) ("[A] plaintiff's failure to address a defendant's arguments for dismissal [is] an abandonment [of the claim].").  Hence, plaintiffs' substantive due process claim should be rejected and this action should be dismissed with prejudice as to the City.

**III.    Plaintiffs' Third-Party Beneficiary Claim Against the City Fails.**

Plaintiffs' third-party beneficiary claim fails because the City never made any promise that it would collect the full amount of the Bank's bid.

*First,* Pennsylvania Rule of Civil Procedure 3136 is, on its face, a *procedural* rule.  Plaintiffs do not cite any authority, and indeed there is none, that would turn this procedural rule into an enforceable contractual promise by the City to affirmatively collect the full amount of the winning bid at a sheriff's sale.  Plaintiffs' argument that this procedural rule is "implicitly incorporated" into the alleged contract between the City and the Bank, Pls' Resp. at 4 n.2, is wrong.  Plaintiffs erroneously rely on cases under the Contracts Clause of the Pennsylvania Constitution that make use of the fiction of *substantive* laws being incorporated into contracts at the time they are made.  *See, e.g., First Nat'l Bank of Pa. v. Flanagan,* 528 A.2d 134, 137 (Pa. 1987) ("[S]*ubstantive* laws in effect when the parties enter into a contract are implicitly incorporated into it." (emphasis added)).  No such principle applies to *procedural* laws.  *See, e.g., Lynn v. Prudential Prop. & Cas. Ins. Co.,* 619 A.2d 779, 782 (Pa. Super. 1993) (explaining

4

that while "substantive laws" are deemed incorporated into a contract under the Contracts Clause, this does not apply to laws imposing "procedures on the enforcement of substantive rights").  Thus, plaintiffs' incorporation argument should be rejected.

*Second,* plaintiffs' reliance on *Pingitore v. City of Philadelphia*, 2011 Phila. Ct. Com. Pl. LEXIS 393 (Nov. 14, 2011), and *In re Sheriff's Excess Proceeds Litig.,* 98 A.3d 706 (Pa. Commw. Ct. 2014), illustrates their continued confusion regarding their claim in this case.  *Pingitore* and *Sheriff's Excess Proceeds Litigation* concern funds alleged to be actually in the custody of the Sheriff, which the Sheriff is said not to have distributed to former homeowners or turned over to the Treasurer of the Commonwealth under 72 P.S. § 1301.9(1).  The plaintiffs in these cases assert *tort* claims against the Sheriff for *retaining* these funds.  *See Sheriff's Excess Proceeds Litig.,* 98 A.3d at 716 (noting claims of unjust enrichment and conversion); *Pingitore,* 2011 Phila. Ct. Com. Pl. LEXIS 393 at *1 (claims of concealment and conversion).  Plaintiffs here do not attempt to assert tort claims against the City for retaining any funds.  Nor could they, because the City does not have, and never had, the unpaid amount by which the Bank's bid exceeded its judgment plus costs.  Instead, plaintiffs' theory is that the City has a *contractual* obligation to *collect* money the Bank never paid.  Nothing in *Pingitore*, *Sheriff's Excess Proceeds Litigation*, or any other decision supports this erroneous collection theory.

*Third,* plaintiffs' reliance on cases saying that the Sheriff may be liable in tort for erroneously distributing the proceeds of a sheriff's sale is likewise misplaced.  *See Mather v. McMichael,* 13 Pa. 301 (1850); *Knoell v. Carey,* 132 A.2d 702 (Pa. 1926); *Kanofsky v. Carey,* 89 Pa. Super. 422 (1926).  These cases recognize that where the Sheriff mistakenly pays funds to a subordinate lienholder, the prior lienholder entitled to the funds has a tort claim against the

5

Sheriff. *See, e.g., Knoell,* 132 A.2d at 703. No mistaken distribution occurred here, and plaintiffs are not attempting to bring a tort claim. So, again, these cases are inapplicable.

In short, if plaintiffs wanted to sue the Sheriff in state court on a tort theory, they could have attempted that course. They chose instead to bring a Section 1983 claim based on an unsupportable due process theory. That claim has fallen to pieces, so they have now made up out of whole cloth a third-party beneficiary theory against the City supported by no authority and based on a promise the City never made. The Court should reject this claim and dismiss this action with prejudice as to the City.[2]

## IV.   Plaintiffs' Claims are Untimely.

Plaintiffs' arguments that their claims are timely should also be rejected.

*First,* contrary to what plaintiffs say in their response brief, nowhere in their proposed Second Amended Complaint do they allege when they first became aware that the Bank's bid exceeded its judgment and that they might have a claim to excess funds from the sale. Nor do they dispute that if they had simply attended the sale on November 1, 2011, they would have learned this three and half years before filing this action and five and a half years before seeking leave to assert their third-party beneficiary claim against the City. While they say that they "timely sought the excess funds" in "a DART request in December 2014," they do not allege that this is how they first learned of the unpaid excess. Nor could they, because their motion to set aside the sheriff's sale (*see* Exhibit 2 to the present motion) demonstrates that they were aware of this at least a year earlier, in December 2013. Nor do plaintiffs explain why they waited more

---

[2]   At a minimum, given that plaintiffs' federal due process claim is meritless and should be dismissed, the Court should refuse to exercise supplemental jurisdiction over plaintiffs' contract claim under 28 U.S.C. § 1367.

than three years to make the DART request, or how their three-year delay could be characterized as a diligent attempt to protect their interests.

*Second,* plaintiffs' assertion that there were no "storm warnings" here is simply not credible. Pls' Resp. at 6. Plaintiffs do not dispute that they were personally served with a notice that their home would be put up for sheriff's sale. That would prompt any reasonable plaintiff to exercise "those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others," *Kach v. Hose,* 589 F.3d 626, 642 (3d Cir. 2009), by, at a minimum, attending the sale. Plaintiffs chose not to do that. That is fatal to their hope to rely on a discovery rule.

Thus, in addition to being legally insufficient, plaintiffs' claims should be rejected as untimely.

## CONCLUSION

For all these reasons, as well as those set forth in the City's opening memorandum, the City urges the Court to dismiss plaintiffs' claims against it with prejudice or, in the alternative, refuse to allow plaintiffs to file their Second Amended Complaint. In either event, the City of Philadelphia and the City of Philadelphia Sheriff's Office should be terminated from this action with prejudice.

Dated: May 20, 2016

/s/ Stephen A. Fogdall
Kenneth I. Trujillo (Pa. ID No. 46520)
Ira Neil Richards (Pa. ID No. 50879
Stephen A. Fogdall (Pa. ID No. 87444)
Shannon Ammon (Pa. ID No. 318939)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2000

## CERTIFICATE OF SERVICE

      I, Stephen A. Fogdall, certify that on May 20, 2016, I served the foregoing Reply of Defendants City of Philadelphia and City of Philadelphia Sheriff's Office in Support of their Motion to Dismiss with Prejudice or, in the Alternative, to Deny Leave to Amend, on all counsel of record via the Court's CM/ECF system.

                                                                   /s/ Stephen A. Fogdall