LISA AND MARK BUTTERLINE, on      :
behalf of themselves and all other similarly  :
situated,                                :
          Plaintiff           :
                                     :
          v.                :
                                   :        NO. 15-01429-JS
THE BANK OF NEW YORK MELLON TRUST  :
COMPANY, NATIONAL ASSOCIATION fka  :
The Bank of New York Trust Company, N.A. as  :
successor to JPMorgan Chase Bank, N.A., as  :
Trustee for Residential Asset Mortgage Products,  :
Inc., Mortgage Asset-Backed Pass-Through  :
Certificates, Series 2005-RP1 i/p/a Bank of New  :
York Trust, Co.                         :
700 S. Flower Street, Ste. 200         :
Los Angeles, CA 90017              :
                                   :
                                   :
          Defendants        :

## SECOND AMENDED CLASS ACTION COMPLAINT

**I.**    **PARTIES**

      1.     Plaintiffs, Lisa and Mark Butterline ("Plaintiffs") are citizens of Pennsylvania.

Currently, Lisa Butterline resides at 32 Briaroot Lane, Levittown, Pennsylvania 19054 and Mark

Butterline resides at 7310 Loretto Avenue, Philadelphia, Pennsylvania 19111. During the

relevant period of this Second Amended Class Action Complaint the Plaintiffs owned property

and resided in Philadelphia County, Pennsylvania.

      2.     Defendant, The Bank Of New York Mellon Trust Company, National Association

fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A.,

as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through

Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co. ("Bank" or "Defendant"), is incorporated in New York and a citizen of New York. Bank of New York is located at 700 S. Flower Street, Ste. 200, Los Angeles, CA 90017.

**Other Relevant Actors**

3.     The City of Philadelphia ("City") is a political subdivision of Pennsylvania located entirely within and comprising all of Philadelphia County and with offices at 100 S. Broad Street, Philadelphia, PA 19110.

4.     The Philadelphia Sheriff's Office (the "Sheriff's Office"), is an entity of the City of Philadelphia having its offices at 100 S. Broad Street, 5th Floor, Philadelphia, Pennsylvania 19110.

## II.   VENUE

5.     Venue is proper in this Court because all transactions occurred in Philadelphia County, which is located in the Eastern District of Pennsylvania. Venue is proper pursuant to 28 U.S.C. § 1391(e)(2).

## III.   JURISDICTION

6.     Subject matter jurisdiction is proper in this District under 28 U.S.C. §1331. Further, this action exceeds $5 million in damages. Moreover, Defendant personally availed itself of jurisdiction in Pennsylvania.

## IV.   RELEVANT FACTS

7.     Plaintiffs owned a property located at 2713 East Huntingdon Street, Philadelphia, Pennsylvania 19125 (the "Home").

8.     Plaintiffs suffered financial distress due to loss of employment and illnesses and were unable to maintain payment on their mortgage for their Home.

9.    Because of the failure to meet the requirements of the mortgage, the Bank, the mortgagee, filed a complaint for mortgage foreclosure on the Home on November 15, 2007 in Philadelphia County Court of Common Pleas.

10.    On April 23, 2009, after litigation and the foreclosure process, the Bank filed an Order for Judgment against Plaintiffs in the amount of $62,764.79. A true and correct copy of the Order for Judgment and accompanying documents are attached hereto and made a part hereof and marked as Exhibit "A".

11.    Thereafter, the Bank filed a Praecipe for Writ of Execution and Writ of Execution listing Plaintiffs' Home for sheriff's sale. A true and correct copy of the Praecipe and Writ of Execution are attached hereto made a part hereof and marked as Exhibit "B".

12.    Subsequently, Plaintiff's Home was listed by the Sheriff's Office for sheriff's sale on November 1, 2011.

13.    Prior to the said November sheriff's sale, and as required by Pa. R. Civ. P. 3129.2(d), the Sheriff's Office advertised the sale, advising the public and the Plaintiffs that, in the event of active bidding, the highest bidder would be required to post certain costs at the time of sale, with the balance of the purchase money to be deposited to the Sheriff at his office within 30 days from the date of sale.

14.    After competitive bidding from third parties on the property, the Bank had the highest bid for the Home at $93,000.

15.    On July 23, 2012, the Home was deeded from the Sheriff's Office to the Bank for consideration in the amount of $93,000 (the "Purchase Price"). A true and correct copy of the Deed is attached hereto made a part hereof and marked as Exhibit "C" (the "Deed"). This Deed eliminated Plaintiffs' equity and ownership interest in the Home.

16.     However, the Bank never paid the $93,000 Purchase Price for the Home, but was only required to pay the outstanding costs on the Home owed to the City that totaled $16,291.11 (the "Costs"). In fact, upon information and belief, the Bank only had to pay an additional $3,045 to the Sheriff's Office after the above judgment was entered to satisfy the Costs. More importantly, the Sheriff's Office never filed a Schedule of Distribution identifying who was to be paid and what amount of the proceeds from the sheriff sale on the Home. For the record, the Schedule of Distribution is a list of the liens on any property sold at sheriff's sale that is required by statute to be kept on file and available for inspection in the Sheriff's Office any time a property is sold to the plaintiff for its judgment only. Pa. R.C.P. 3136(a). Attached hereto and made a part hereof and marked as Exhibit "D" is a printout from the Sheriff's Office listing the distributions from the sale of the Home.

17.     The Sheriff's Office acknowledges that it is their policy in a sale of a property such as the Home herein not to collect the full Purchase Price but only the Costs owed to the City. Attached hereto and made a part hereof and marked as Exhibit "E" is a December 18, 2014 letter setting forth such policy.

18.     According to the Sheriff's Office, when the bank wins the bid at the sheriff's sale, the bank will not pay the full amount of the bid. The bank will only pay taxes owed to the Sheriff's Office, which include water bill, transfer tax, Sheriff's Office costs, etc. See Exhibit "F" for December 24, 2014 letter explaining such, attached hereto and made a part hereof. Whereas, when the winning bidder at a sheriff's sale is a third party and not the executing creditor, like the Bank herein, the Sheriff's Office retains the amount of the purchase price exceeding the judgment plus the costs. In fact, the Sheriff's Office only distributes those excess funds to the owner upon application, known as a Defendant Asset Recovery Claim ("DART"), if

one is made, and without ever alerting the owner of property of the availability of the excess funds to which the owner is entitled.

19. In December 2014, Plaintiffs filed a DART, pursuant to the Sheriff's Office's local rules, requesting the excess funds obtained during the sheriff's sale of their Home. However, on December 18, 2014 the City rejected Plaintiffs' DART, stating that when the plaintiff/bank, such as the Defendant herein, takes a property in foreclosure in a sheriff's sale it is only required to pay costs owed and that, therefore, there were no surplus funds. As such, Plaintiffs now bring this action to recover from the Bank the excess funds that should have been properly paid to them.

## V.    SUMMARY OF LAW

20. Pursuant to the Pennsylvania Rules of Civil Procedure 3136, when a property is sold at a sheriff's sale due to a foreclosure, the Sheriff's Office shall prepare a Schedule of Proposed Distribution of Proceeds of the sale, which shall be kept on file and also be available for inspection at the Sheriff's Office, unless the property is sold to the foreclosing plaintiff for its costs only. Pa.R.Civ.P. No. 3136(a).

21. Pursuant to the Pennsylvania Rules of Civil Procedure 3136(d), all monies obtained through the Sheriff's Sale should be distributed pursuant to the Schedule of Distribution.

22. To the contrary, and in violation of Pennsylvania law, the Bank only paid the outstanding costs on the Home owed to the City instead of the full Purchase Price and, thus, the excess funds to which Plaintiffs were legally entitled were not available for distribution.

23. However, under clear Pennsylvania law, when a homeowner's property goes into foreclosure and the bid accepted by the Sheriff's Office exceeds the judgment and the

outstanding costs and/or liens on the property, the foreclosed homeowner is entitled to the excess funds from the sheriff's sale. See *In Re: Sheriff's Excess Proceeds Litigation*, 98 A.3d 706, fn. 2 (Cmwlth. Ct. 2014).

24.     Here, the Bank agreed to purchase the Home for $93,000; well in excess of the Bank's judgment in the amount of $62,764.79 and the Sheriff's costs of $16,291.11, and leaving excess funds due to the Plaintiffs of approximately $13,944.11.

25.     By paying the costs only, however, the Bank has damaged foreclosed homeowners from receiving any excess funds from the sheriff's sale as entitled to them under Pennsylvania law.

26.     Moreover, the Bank herein was a party and the promisor in the agreement with the City deeding the Plaintiffs' property following the Sheriff Sale.

27.     The terms of such agreement clearly state, among other things, that $93,000 was the consideration for the transfer of the property.

28.     As required by such agreement and the law, the City was to file a schedule of distribution of the proceeds from the sale of the property since, as the Bank was aware, there were excess funds.

29.     However, the Bank breached its obligations under the agreement to pay the full Purchase Price for the Home.

30.     By breaching its obligations under the agreement, the Bank damaged the third party beneficiaries under such agreement.

31.     Indeed, Pennsylvania law clearly supports the existence of such an agreement. See *Lal v. Ameriquest Mortg. Co.*, 858 A.2d 119, 124 (Pa. Super. Ct. 2004) ("[O]nce the hammer falls [at a sheriff's sale] and bidding is closed, the winning bidder has entered into a binding

contract and may no longer retract his or her bid.").

32.     Under Pennsylvania law, a nonparty to a contract, such as Plaintiffs herein, is a

third party beneficiary of the contract with standing to recover. See *Guy v. Liederbach*, 459 A.2d

744, 751 (Pa. 1983) (quoting Restatement (Second) of Contracts § 302 (1979)).

33.     Here, the Bank promised to pay the full Purchase Price for the Home and

Plaintiffs may enforce that promise against the Bank.

## VI.     CLASS ACTION ALLEGATIONS

34.     Plaintiffs bring this action pursuant to Rule 23(b)(3) and (b)(2) of the Federal

Rules of Civil Procedure on behalf of themselves and the following class:

> All individuals or entities whose real property was foreclosed and sold to
> the Bank at the sheriff sale and who did not recover the excess funds
> remaining from such sheriff's sale after all liabilities on the real property
> had been satisfied.

35.     This action has been brought and may be properly maintained as a class action

under Federal law and satisfies numerosity, commonality, typicality and adequacy requirements

for maintaining a class action under Federal Rules of Civil Procedure Rule 23(a).

### Numerosity

36.     The purposed class is so numerous that individual joinder of all its members is

impractical.

37.     Upon information and belief, there are hundreds of people who have lost their

homes to foreclosure in the City of Philadelphia whose said homes were subsequently purchased

by the executing creditor who owned the loan at the sheriff's sale and who did not receive any

funds in excess of the liens owed on the foreclosed property.

38.     Upon information and belief, joinder of all individuals is impractical because of

the large number of members of the class. In fact, the class members are likely dispersed over a large geographical area with some members presently residing outside of Philadelphia County and this Judicial District.

39. Upon information and belief, many members of the class would likely have difficulty pursuing their rights individually.

## Common Questions of Law and Fact

40. Common questions of law and fact exist to all members of the class in that they all had their right to excess funds from a foreclosure sale prevented by the Bank only paying the costs rather than the full purchase price of the winning bid.

41. The common questions of law and fact include but are not limited to:

    a) whether an executing creditor is required to pay the difference between the amount of the winning bid, minus the amount of any proceeds to which the lien creditor is entitled pursuant to Pa. R.C.P. 3133; and

    b) whether the Bank owes Plaintiffs and members of the class money for not paying to the Sheriff's Office the difference between its judgment and the winning bid, which would have included monies payable to the Plaintiff and the class.

## Typicality

42. Plaintiffs' claims are typical of the claims of the class since Plaintiffs and members of the class sustained damages arising out of Defendant's common course of conduct. The harms suffered by Plaintiffs are typical of the harms suffered by the class.

## Adequacy

43. Plaintiffs are adequate representatives of the class because they have personal interest in the outcome of the action and will fairly and adequately protect the interests of the class. Plaintiffs have no interests that are adverse to the interests of the members of the class

44.     Plaintiffs have retained counsel who are substantially experienced and successful in prosecuting class actions and/or are knowledgeable concerning sheriff's sales. The named plaintiffs are being represented by co-lead counsel Daniel C. Levin, Esquire, Levin, Fishbein, Sedran & Berman and Christopher G. Hayes, Esquire, The Law Offices of Christopher G. Hayes and class counsel Michael Louis, Esquire, MacElree Harvey, Ltd and William Wilson, Esquire, Bailey & Ehrenberg PLLC.

45.     Plaintiffs know of no conflict between members of the class or between counsel and members of the class.

46.     This action, in part, seeks declaratory and injunctive relief. As such, the Plaintiffs seek class certification under Federal Rules of Civil Procedure Rule 23(b)(2) in that all class members are subject to the same conduct of the executing creditor to only pay the costs owed on the property rather than the difference between the executing creditor's judgment as a credit bid pursuant to Pa. R.C.P. 3133 and the winning bid, thereby preventing Plaintiffs and members of the class from receiving excess sums from the sheriff's sale.

47.     Common questions of law and fact exist to all members of the class and predominate over any questions that affect only individual class members. These common questions of law and fact include, without limitation, the common and predominate question of whether the Bank only paying liens and costs owed on the property rather than full amount bid prevented Plaintiffs from collecting excess funds that were owed to them when their property was sold at sheriff's sale.

48.     Class action is superior to other available methods for the fair and efficient adjudication of this controversy, especially since joinder of all individual members of the class is impracticable given the large number of class members and the fact that they are dispersed over a

large geographical area. Furthermore, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the federal court system of adjudicating hundreds of individual cases of this kind would be enormous. Individualized litigation would also magnify the delay and expense of all parties and the court system. By contrast, the conduct of this action as a class action and this District presents far fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the class.

49.     Upon information and belief, there are no other actions pending to address the Defendant's injury to the class.

50.     In the alternative, certification under Federal Rules of Civil Procedure Rule 23(b)(3), Plaintiffs also seek partial certification under Federal Rules of Civil Procedure Rule 23(c)(4).

## COUNT I
## BREACH OF CONTRACT - THIRD PARTY BENEFICIARY

51.     Plaintiffs incorporate by reference paragraphs 1 through 50 as if fully set forth herein.

52.     The Bank entered into a contract with the City and the Sheriff's Office and to purchase Plaintiffs' Home for $93,000.00.

53.     The Plaintiffs' are the intended beneficiary of such contract. In fact, the City specifically states on its website "After a property is sold, settled and all liabilities and debts have been paid and recorded, a defendant (the owner of record at the time the Court ordered the sale) may recover any excess balance remaining on the account..." See Exhibit "G" for copy of website in which the City states that Plaintiffs are the intended beneficiary of the contract.

54.     The City and the Sheriff's Office acknowledge that under Pennsylvania law Plaintiffs are entitled to excess funds from sheriff's sale.  The City and the Sheriff's Office also acknowledge and state that they make every attempt to reunite homeowners with excess funds from the sheriff's sale; again indicating that Plaintiffs are an intended third party beneficiary to the contract.

55.     The Bank's contract with the City and the Sheriff's Office is memorialized in the Deed (a valid contract) for Plaintiffs' Home, which writes "Jewell Williams, Sheriff of the County of Philadelphia and Joseph C. Vignola, Undersheriff of the County of Philadelphia in the Commonwealth of Pennsylvania and in consideration of the sum of $93,000 be in hand due here by grant and convey the Bank of New York Mellon Trust Co…"; the elements of the contract are clearly stated in the Deed.

56.     However, in violation of the clear terms of the contract, the Bank did not pay the City or the Sheriff's Office the $93,000 Purchase Price as the stated consideration on the Deed. Rather, the Bank paid costs only totaling $16,291.11.  The breach by the Bank to abide by the terms of the contract injured Plaintiffs as the intended beneficiaries of the excess funds contemplated by the contract.

57.     As a result of this breach of contract by the Bank, Plaintiffs are entitled to damages as intended third party beneficiaries.

## VII.    DEMAND FOR TRIAL BY JURY

58.     Plaintiffs hereby demand trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the class are entitled to and pray for the following relief:

A.      An order certifying this action to be maintained as a class action;

B.      A judgment against the Defendant on Plaintiffs first count herein and awarding compensatory and punitive damages, if appropriate, to Plaintiffs and the class in an amount to be determined by the jury and/or the Court on both an individual and class wide basis;

C.      A monetary award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 23; and

D.      Any and all other relief that this Court deems appropriate.

Respectfully submitted,

Dated:  March 31, 2017

  /s/ Daniel C. Levin
Daniel C. Levin, Esquire
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Christopher G. Hayes, Esquire
**THE LAW OFFICE OF CHRISTOPHER G. HAYES**
225 S. Church Street
West Chester, PA 19382

William T. Wilson, Esquire
**BAILEY & EHRENBERG**
120 N. Church Street, Suite 206
West Chester, PA 19380

Michael Louis, Esquire
**MACELREE HARVEY, LTD.**
17 West Miner Street, PO Box 660
West Chester, PA 19381

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 31st day of March, 2017, I have served a true and correct copy of Plaintiffs' Second Amended Complaint upon all counsel of record via the Court's electronic notification system.


          /s / Daniel C. Levin
**DANIEL C. LEVIN, ESQUIRE**

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF Philadelphia COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE<br>3451 Hammond Avenue<br>Suite 150<br>Waterloo, IA 50702<br>      Plaintiff | ACTION OF MORTGAGE FORECLOSURE<br><br>Term<br>No. 071100509 |
|                 vs. | |
| LISA BUTTERLINE<br>MARK S. BUTTERLINE<br>Mortgagor(s) and<br>Record Owner(s)<br>2713 East Huntington Street<br>Philadelphia, PA 19125<br>      Defendant(s) | |

## ORDER FOR JUDGMENT

    Please enter Judgment in favor of THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE and against LISA BUTTERLINE and MARK S. BUTTERLINE for failure to file an Answer in the above action within (20) days, or by agreement if defendant is THE UNITED STATES OF AMERICA, from the date of service of the Complaint, in the sum of $62,764.79.

    I hereby certify that the above names are correct and that the precise residence address of the judgment creditor is THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE, 3451 Hammond Avenue Suite 150 Waterloo, IA 50702 and that the name(s) and last known address(es) of the Defendant(s) is/are LISA BUTTERLINE, 2713 East Huntington Street, Philadelphia, PA 19125 and MARK S. BUTTERLINE, 2713 East Huntington Street, Philadelphia, PA 19125 .

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff
Attorney I.D. #56129
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322

Case ID: 071100509

CHECK # _____

# AFFIDAVIT OF SERVICE

| | |
|---|---|
| **PLAINTIFF/S/**<br>**THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR**<br>**TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE**<br>**DEFENDANT/S/**<br>**LISA BUTTERLINE**<br>**MARK S. BUTTERLINE** | **COURT NUMBER**<br>**NOVEMBER 2007    000509**<br><br>XX    COMPLAINT - MORTGAGE FORECLOSURE<br>___    WRIT OF EXECUTION - MORTGAGE ORECLOSURE<br>___    COMPLAINT - EJECTMENT<br>___    WRIT OF POSSESSION |

**SERVE**

➡️

**AT**

{

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE
**MARK S. BUTTERLINE**

ADDRESS (Street or Road, Apartment No., City, Boro, Twp., State and ZIP Code)
**2713 East Huntington Street Philadelphia, PA 19125**

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE:

ADDRESS OF ATTORNEY FOR PLAINTIFF
**GOLDBECK McCAFFERTY & McKEEVER**
**Suite 5000 – Mellon Independence Center**
**701 Market Street**
**Philadelphia, PA 19106**

**EDWARD RAMOS**, hereby certifies in accordance with law that he did serve upon above named Defendant a true and correct copy of the above-captioned on the _8th_ day of _November_ 20_07_ at _7.03_ o'clock _A_ .M., in the following manner:

(   )   Defendant(s) personally served.
( ✓ )   Adult family member with whom said Defendant(s) reside(s).
      Relationship is _Co defendant_
(   )   Adult in charge of Defendant's residence who refused to give name or relationship.
(   )   Manager / Clerk of place of lodging in which Defendant(s) reside(s).
(   )   Agent or person in charge of Defendant's office of usual place of business.
(   )   _____ an officer of said Defendant company.
(   )   POSTED in accordance with Court Order.
(   )   Other _____

On the _____ day of _____, 20___, at _____ o'clock, ___ .M., Defendant not found because:

(   )   Moved     (   )   Unknown     (   )   Vacant     (   )   Other _____

I certify the foregoing to be true and correct.

SIGNATURE _Edward Ramos_

SWORN TO AND SUBSCRIBED:
Before me this _____ day:
of _Nov 9_ 2007    PRINT NAME EDWARD RAMOS

_Notary Public_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BARBARA L. HAND, Notary Public
City of Philadelphia, Phila. County
My Commission Expires June 19, 2010

55830
Case ID: 071100509

CHECK #_____

# AFFIDAVIT OF SERVICE

| PLAINTIFF/S/ | | |
|---|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE | COURT NUMBER **NOVEMBER 2007  000509** | |

| | | | |
|---|---|---|---|
| | | XX | COMPLAINT - MORTGAGE FORECLOSURE |
| | | ___ | WRIT OF EXECUTION - MORTGAGE ORECLOSURE |
| | | ___ | COMPLAINT - EJECTMENT |
| | | ___ | WRIT OF POSSESSION |

DEFENDANT/S/
**LISA BUTTERLINE**
**MARK S. BUTTERLINE**

**SERVE**

➤ **AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVICE
**LISA BUTTERLINE**

ADDRESS (Street or Road, Apartment No., City, Boro, Twp., State and ZIP Code)
**2713 East Huntington Street Philadelphia, PA 19125**

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE:

ADDRESS OF ATTORNEY FOR PLAINTIFF
GOLDBECK McCAFFERTY & McKEEVER
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA  19106

<u>EDWARD RAMOS</u>, hereby certifies in accordance with law that he did serve upon above named Defendant  a true and correct copy of the above-captioned on the ___8 th___ day of ___November___ 200 7 at 9:03 o'clock __A__.M., in the following manner:

( ✓ ) Defendant(s) personally served.
( ) Adult family member with whom said Defendant(s) reside(s).
Relationship is _____
( ) Adult in charge of Defendant's residence who refused to give name or relationship.
( ) Manager / Clerk of place of lodging in which Defendant(s) reside(s).
( ) Agent or person in charge of Defendant's office of usual place of business.
( ) _____ an officer of said Defendant company.
( ) POSTED in accordance with Court Order.
( ) Other _____

On the _____ day of _____, 20___, at ____ o'clock, ___ .M., Defendant not found because:

( ) Moved     ( ) Unknown     ( ) Vacant     ( ) Other _____

I certify the foregoing to be true and correct.

SIGNATURE ___*Edward Ramos*___

SWORN TO AND SUBSCRIBED:
Before me this ___9___ day:
of ___Nov___  2007:   PRINT NAME   EDWARD RAMOS
                       COMMONWEALTH OF PENNSYLVANIA
___*Notary Public*___              NOTARIAL SEAL
                       BARBARA L. HAND, Notary Public
                       City of Philadelphia, Phila. County
                       My Commission Expires June 19, 2010

Case ID: 071100509

## In the Court of Common Pleas of Philadelphia County

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702

                       Plaintiff

           vs.

LISA BUTTERLINE
MARK S, BUTTERLINE
(Mortgagor(s) and Record Owner(s))
2713 East Huntington Street
Philadelphia, PA 19125

                      Defendant(s)

No. 071100509

### PRAECIPE FOR JUDGMENT

    THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT
OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE
OF COLLECTING THE DEBT.

    Enter the Judgment in favor of Plaintiff and against LISA BUTTERLINE and MARK S. BUTTERLINE  by default
for want of an Answer.

    I CERTIFY THAT FOREGOING ASSESSMENT OF DAMAGES IS FOR SPECIFIED AMOUNTS ALLEGED TO
BE DUE IN THE COMPLAINT AND IS CALCULABLE AS A SUM CERTAIN FROM THE COMPLAINT.

                    (Copy of Assessment of Damages Attached)

I certify that written notice of the intention to file this praecipe was mailed or delivered to the party against whom judgment
is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the
filing of this praecipe. A copy of the notice is attached.  Pa.R.C.P. 237.1

                                    Michael T. McKeever
                                    Attorney for Plaintiff
                                    I.D. #56129

    AND NOW _____, _____ , Judgment is entered in favor of THE
BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE and against LISA BUTTERLINE and MARK S. BUTTERLINE  by default for want of an Answer  and damages
assessed in the sum of $62,764.79 as per the above certification.

                                    Prothonotary

OFFICE OF THE PROTHONOTARY

## COURT OF COMMON PLEAS
ROOM 284, CITY HALL, PHILADELPHIA, PA 19107

JOSEPH EVERS
     Prothonotary

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
     Plaintiff

Term
No. 071100509

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
**Mortgagor(s) and**
**Record Owner(s)**

2713 East Huntington Street
Philadelphia, PA 19125
     Defendant(s)

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

N O T I C E

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified that a Judgment has been entered against you in the above proceeding as indicated below:

Joseph Evers
Prothonotary

- ☒ Judgment by Default
- ____ Money Judgment
- ____ Judgment in Replevin
- ____ Judgment for Possession
- ____ Judgment on Aware of Arbitration
- ____ Judgment on Verdict
- ____ Judgment on Court Findings
- ____ Confession of Judgment

IF YOU HAVE ANY QUESTIONS CONCERNING THIS NOTICE, PLEASE CALL:
ATTORNEY Michael T. McKeever at the following telephone number:
(215) 627-1322

5-60 (2) (Rev. 4/78)55

Case ID: 071100509

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY:

    Kindly assess the damages in this case to be as follows:

| | |
|---|---|
| Principal Balance | $42,397.30 |
| Interest from 11/01/2006 through 04/20/2009 | $9,317.66 |
| Reasonable Attorney's Fee | $2,119.87 |
| Late Charges | $541.14 |
| Costs of Suit and Title Search | $900.00 |
| Escrow Payments Due 16 X $18.66 | $298.56 |
| Escrow Advance | $5,631.03 |
| Property Inspection | $161.25 |
| Expense Advances | $997.98 |
| Corporate Advance | $400.00 |
| | $62,764.79 |

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff

AND NOW, this _____ day of _____, 2009 damages are assessed as above.

Pro Prothy

Case ID: 071100509

## VERIFICATION OF NON-MILITARY SERVICE

The undersigned, as the representative for the Plaintiff corporation within named do hereby verify that I am authorized to make this verification on behalf of the Plaintiff corporation and that the facts set forth in the foregoing verification of Non-Military Service are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are made subject to penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

1. That the above named Defendant, LISA BUTTERLINE, is about unknown years of age, that Defendant's last known residence is 2713 East Huntington Street Philadelphia, PA 19125, and is engaged in the unknown business located at unknown address.

2. That Defendant is not in the Military or Naval Service of the United States or its Allies, or otherwise within the provisions of the Soldiers' and Sailors' Civil Relief Action of Congress of 1940 and its Amendments.

Date: 4/20/09   _____

Case ID: 071100509

## VERIFICATION OF NON-MILITARY SERVICE

The undersigned, as the representative for the Plaintiff corporation within named do hereby verify that I am authorized to make this verification on behalf of the Plaintiff corporation and that the facts set forth in the foregoing verification of Non-Military Service are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are made subject to penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

1. That the above named Defendant, MARK S. BUTTERLINE, is about unknown years of age, that Defendant's last known residence is 2713 East Huntington Street Philadelphia, PA 19125, and is engaged in the unknown business located at unknown address.

2. That Defendant is not in the Military or Naval Service of the United States or its Allies, or otherwise within the provisions of the Soldiers' and Sailors' Civil Relief Action of Congress of 1940 and its Amendments.

Date: 4/30/09 _____

Case ID: 071100509

55530FC

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

DATE OF THIS NOTICE: **November 29, 2007**

TO:  **LISA BUTTERLINE**
2713 East Huntington Street
Philadelphia, PA 19125

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702

*Plaintiff*

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
(Mortgagor(s) *and* Record Owner(s))
2713 East Huntington Street
Philadelphia, PA 19125

*Defendant(s)*

In the Court of
Common Pleas
of Philadelphia County

CIVIL ACTION - LAW

Action of
Mortgage Foreclosure

NOVEMBER 2007 Term
No. 000509

TO:  **LISA BUTTERLINE**
2713 East Huntington Street
Philadelphia, PA 19125

## IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

COMMUNITY LEGAL SERVICES, INC.
Law Center North Central
3638 North Broad Street
Philadelphia, PA 19140
215-227-2400 or 215-981-3700
PHILADELPHIA BAR ASSOCIATION
One Reading Center
Philadelphia, PA 19104
215-238-6333

*Joseph A. Goldbeck, Jr*
**GOLDBECK McCAFFERTY & McKEEVER**
BY: Joseph A. Goldbeck, Jr., Esq.
Attorney for Plaintiff
Suite 5000 – 701 Market Street.
Philadelphia, PA 19106   215-825-6318

Case ID: 071100509

55530PC

THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A
DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED
FOR THE PURPOSE OF COLLECTING THE DEBT.

DATE OF THIS NOTICE: **November 29, 2007**

TO:
    **MARK S. BUTTERLINE**
    2713 East Huntington Street
    Philadelphia, PA 19125

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
                    *Plaintiff*

    vs.
LISA BUTTERLINE
MARK S. BUTTERLINE
(Mortgagor(s) *and* Record Owner(s))
2713 East Huntington Street
Philadelphia, PA 19125

                *Defendant(s)*

In the Court of
Common Pleas
of Philadelphia County

CIVIL ACTION - LAW

Action of
Mortgage Foreclosure

NOVEMBER 2007 Term
No. 000509

TO:    **MARK S. BUTTERLINE**
       2713 East Huntington Street
       Philadelphia, PA 19125

## IMPORTANT NOTICE

    YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY
OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET
FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN (10) DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT
MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER
IMPORTANT RIGHTS. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A
LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH
INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE
ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE
PERSONS AT A REDUCED FEE OR NO FEE.

    COMMUNITY LEGAL SERVICES, INC.
    Law Center North Central
    3638 North Broad Street
    Philadelphia, PA 19140
    215-227-2400 or 215-981-3700
    PHILADELPHIA BAR ASSOCIATION
    One Reading Center
    Philadelphia, PA 19104
    215-238-6333

                        *Joseph A. Goldbeck, Jr*
                      **GOLDBECK McCAFFERTY & McKEEVER**
                      BY: Joseph A. Goldbeck, Jr., Esq.
                      Attorney for Plaintiff
                      Suite 5000 -- 701 Market Street.
                      Philadelphia, PA 19106   215-825-6318

Case ID: 071100509

PRAECIPE FOR WRIT OF EXECUTION - (MORTGAGE FORECLOSURE)
P.R.C.P 3180-3183

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney I.D.#56129
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322
Attorney for Plaintiff



| | |
|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE<br>3451 Hammond Avenue<br>Suite 150<br>Waterloo, IA 50702<br>     Plaintiff<br><br>          vs.<br><br>LISA BUTTERLINE<br>MARK S. BUTTERLINE<br>Mortgagor(s) and<br>Record Owner(s)<br><br>2713 East Huntington Street<br>Philadelphia, PA 19125<br>     Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>of Philadelphia County<br><br>CIVIL ACTION – LAW<br><br>ACTION OF MORTGAGE FORECLOSURE<br><br>Term<br>No. 071100509 |

## PRAECIPE FOR WRIT OF EXECUTION

TO THE PROTHONOTARY:

Issue Writ of Execution in the above matter:

Amount Due          $62,764.79

Interest from 04/21/2009 to Date of
Sale at 8.90%

(Costs to be added)

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff

Case ID: 071100509

Form CP 45

Mortgage Foreclosure
Ground Rent (rem)

GOLDBECK McCAFFERTY & McKEEVER
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

# Commonwealth of Pennsylvania

## COUNTY OF PHILADELPHIA

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
    Plaintiff

        vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortgagor(s) and
Real Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125
    Defendant(s)

COURT OF COMMON PLEAS

Term

No. 071100509

### WRIT OF EXECUTION

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

TO THE SHERIFF OF PHILADELPHIA COUNTY:

    To satisfy the judgment, interest and costs in the above matter you are directed to levy upon and sell the following described property:
PREMISES:    2713 East Huntington Street, Philadelphia, PA 19125

See Exhibit "A" attached



AMOUNT DUE                      $62,764.79

Interest From 04/21/2009 Through Date of Sale    _____

(Costs to be added)

JOSEPH H. EVERS, Prothonotary

By _____

Date _____

5-82 (Rev. 1/80)

Case ID: 071100509

Term _____ No. 071100509

IN THE COURT OF COMMON PLEAS

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortagor(s) and
Record Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125

WRIT OF EXECUTION
(Mortgage Foreclosure)

REAL DEBT                         $62,764.79
INTEREST from
COSTS PAID:
      PROTHY                      $
      SHERIFF                     $
      STATUTORY                   $
COSTS DUE PROTHY                  $
Office of Judicial Support
Judg. Fee
Cr.
Sat.

PREMISES:
2713 East Huntington Street
Philadelphia, PA 19125

Michael T. McKeever
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

Case ID: 071100509

WRIT OF                                        NO.

Location:  2713 East Huntington Street Philadelphia, PA 19125

WARD  18th ward

Approximate Size:  1190 square feet

BRT#:  31416640

Improvements:  Residential Property

Subject to Mortgage:  No

Subject to Rent:  No

C.P. No.:   Term, No. 071100509

Judgment:  $62,764.79

Attorney:  Michael T. McKeever

To be sold as the property of:  LISA BUTTERLINE and MARK S. BUTTERLINE

Sheriff of Philadelphia County
JOHN GREEN

Case ID: 071100509

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150     BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Case ID: 071100509

# EXHIBIT B

PRAECIPE FOR WRIT OF EXECUTION - (MORTGAGE FORECLOSURE)
P.R.C.P 3180-3183

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney I.D.#56129
Suite 5000 - Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
215-627-1322
Attorney for Plaintiff



| | |
|---|---|
| THE BANK OF NEW YORK TRUST COMPANY, N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE<br>3451 Hammond Avenue<br>Suite 150<br>Waterloo, IA 50702<br>　　　Plaintiff<br><br>　　　　　vs.<br><br>LISA BUTTERLINE<br>MARK S. BUTTERLINE<br>Mortgagor(s) and<br>Record Owner(s)<br><br>2713 East Huntington Street<br>Philadelphia, PA 19125<br>　　　Defendant(s) | IN THE COURT OF COMMON PLEAS<br><br>of Philadelphia County<br><br>CIVIL ACTION – LAW<br><br>ACTION OF MORTGAGE FORECLOSURE<br><br>Term<br>No.  071100509 |

PRAECIPE FOR WRIT OF EXECUTION

TO THE PROTHONOTARY:

Issue Writ of Execution in the above matter:

Amount Due　　　　　　　　　　$62,764.79

Interest from 04/21/2009 to Date of
Sale at 8.90%

(Costs to be added)

GOLDBECK McCAFFERTY & McKEEVER
BY: Michael T. McKeever
Attorney for Plaintiff

Case ID: 071100509

Form CP 45

Mortgage Foreclosure
Ground Rent (rem)

GOLDBECK McCAFFERTY & McKEEVER
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

# Commonwealth of Pennsylvania

## COUNTY OF PHILADELPHIA

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702
    Plaintiff

          vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortgagor(s) and
Real Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125
    Defendant(s)

COURT OF COMMON PLEAS

Term

No. 071100509

## WRIT OF EXECUTION

**THIS LAW FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENT. ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.**

TO THE SHERIFF OF PHILADELPHIA COUNTY:

    To satisfy the judgment, interest and costs in the above matter you are directed to levy upon and sell the following described property:
PREMISES:    2713 East Huntington Street, Philadelphia, PA 19125

See Exhibit "A" attached



AMOUNT DUE          $62,764.79

Interest From 04/21/2009 Through Date of Sale

(Costs to be added)

JOSEPH H. EVERS, Prothonotary

By _____

Date _____

5-82 (Rev. 1/80)

Case ID: 071100509

. Term

No. 071100509

IN THE COURT OF COMMON PLEAS

THE BANK OF NEW YORK TRUST COMPANY, N.A., AS
SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS
TRUSTEE

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE
Mortgagor(s) and
Record Owner(s)
2713 East Huntington Street
Philadelphia, PA 19125

WRIT OF EXECUTION
(Mortgage Foreclosure)

REAL DEBT                    $62,764.79
INTEREST from                _____
COSTS PAID:
       PROTHY                $_____
       SHERIFF               $_____
       STATUTORY             $_____
COSTS DUE PROTHY             $_____
Office of Judicial Support
Judg. Fee
Cr.
Sat.

PREMISES:
2713 East Huntington Street
Philadelphia, PA 19125

Michael T. McKeever
Attorney for Plaintiff
Suite 5000 – Mellon Independence Center
701 Market Street
Philadelphia, PA 19106
(215) 627-1322

Case ID: 071100509

WRIT OF                                                    NO.

Location:  2713 East Huntington Street Philadelphia, PA 19125

WARD  18th ward

Approximate Size:  1190 square feet

BRT#:  31416640

Improvements:  Residential Property

Subject to Mortgage:  No

Subject to Rent:  No

C.P. No.:   Term, No. 071100509

Judgment:  $62,764.79

Attorney:  Michael T. McKeever

To be sold as the property of:  LISA BUTTERLINE and MARK S. BUTTERLINE

                                        Sheriff of Philadelphia County
                                        JOHN GREEN

Case ID: 071100509

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150          BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

# EXHIBIT C



62553909
Pages: 1 of 4
10/31/2012 02 32PM

This Document Recorded          Doc Id: 62553909
10/31/2012   State RTT- 0 00    Receipt #: 1171117
02 32PM      Local RTT: 1,857 60    Rec Fee: 250 00
Doc Code- DS   Commissioner of Records, City of Philadelphia

# Know all Men by these
# Presents

*THAT I, JEWELL WILLIAMS Sheriff of the County of Philadelphia and JOSEPH C. VIGNOLA*

*Undersheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in*

*consideration of the sum of ($93,000.00) to me in hand paid, do hereby grant and convey to THE*

*BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A THE BANK*

*OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR TO JPMORGAN*

*CHASE BANK N.A. AS TRUSTEE FOR RAAC 2005RP1.*

## DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected,
Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly
from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of
Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in
length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150      BOARD OF REVISION NO. 31-4-166400. 32ST WARD

BEING the same premises which Lisa Butterline, by indenture dated December 9, 1997 and recorded in
the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page
52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Property Address: 2713 East Huntingdon Street, Philadelphia, PA 19125

Case ID: 121102761
Case ID: 12110276
Control No.: 1309063



52553909
Page: 1 of 4
10/31/2012 02:32PM

This Document Recorded                        Doc Id: 52553909
10/31/2012   State RTT  0 00                  Receipt #: 1171117
02 32PM      Local RTT  1 497 80              Rec Fee  230 00
Doc Code- DS  Commissioner of Records  City of Philadelphia

# Know all Men by these Presents

*THAT I, JEWELL WILLIAMS Sheriff of the County of Philadelphia and JOSEPH C. VIGNOLA*

*Undersheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, for and in*

*consideration of the sum of ($93,000.00) to me in hand paid, do hereby grant and convey to THE*

*BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A THE BANK*

*OF NEW YORK TRUST COMPANY, N.A., AS TRUSTEE, AS SUCCESSOR TO JPMORGAN*

*CHASE BANK N.A. AS TRUSTEE FOR RAAC 2005RP1*

### DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate on the northeasterly side of Huntingdon Street at the distance of 107 feet Northwestwardly from the northwesterly side of Salmon Street in the 31st formerly part of the 18th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Huntingdon Street 17 feet and extending of that width in length or depth Northeastwardly between lines parallel with said Salmon Street, 70 feet.

BEING known as No. 2713 E. Huntingdon Street.

PLOT/PLAN NO. 20NB-150      BOARD OF REVISION NO. 31-4-166400. 31ST WARD

BEING the same premises which Lisa Butterline, by Indenture dated December 9, 1997 and recorded in the Office of the Recorder of Deeds in and for the County of Philadelphia in Deed Book JTD 538 page 52, granted and conveyed unto Lisa Butterline and Mark S. Butterline, husband and wife.

Property Address: 2713 East Huntingdon Street, Philadelphia, PA 19125

*The same having been sold to the said grantee, on November 01, 2011 after due advertisement, according to the law, under and by virtue of a Writ of Execution issued/Decree entered on July 13, 2011 out of the Court of Common Pleas as of 071100509 at the suit of*

THE BANK OF NEW YORK TRUST COMPANY. N.A., AS SUCCESSOR TO JPMORGAN CHASE BANK, N.A.. AS TRUSTEE.

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE

In Witness whereof, I have hereunto affixed my signature, this 23ʳᵈ day of July Anno Domini Two Thousand Twelve.

SEALED AND DELIVERED
IN THE PRESENCE OF

_____

_____

By: _____

Jewell Williams, Sheriff

_____

Joseph C. Vignola, Undersheriff

Commonwealth of Pennsylvania:

County of Philadelphia:

On this, this **JUL 23 2012** _before me the undersigned Officer, personally appeared_
JEWELL WILLIAMS, BY HIS UNDERSHERIFF, _____ Sheriff of the County
of Philadelphia, Pennsylvania, known to me (or satisfactorily proven) to be the person described in the foregoing
instrument, and acknowledged that he/she executed the same in the capacity therein stated and for the purposes
therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____

Prothonotary

**PROTHONOTARY**
**STANLEY J. CHMIELEWSKI**
**DEPUTY PROTHONOTARY**

---

Book No. 6
Writ No. 363
Control No. _____

## Deed = Poll

JEWELL WILLIAMS, SHERIFF
JOSEPH C. VIGNOLA, UNDERSHERIFF

TO

THE BANK OF NEW YORK MELLON TRUST
COMPANY, N.A. AS TRUSTEE, F/K/A THE
BANK OF NEW YORK TRUST COMPANY, N.A.
AS TRUSTEE, AS SUCCESSOR TO JPMORGAN
CHASE BANK N.A. AS TRUSTEE FOR RAAC
2005RP1

THE BANK OF NEW YORK TRUST COMPANY,
N.A., AS SUCCESSOR TO JPMORGAN CHASE
BANK, N.A., AS TRUSTEE

071100509

vs.

LISA BUTTERLINE
MARK S. BUTTERLINE

Premises: 2713 East Huntington Street Philadelphia,
PA 19125

---

The Address of the above-named Grantee is
3451 Hammond Avenue
Suite 150
Waterloo, IA 50702:

_____
On behalf of the Grantee

KML Law Group, P.C.
BNY Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106

| | BOOK NO. | PAGE NO. |
|---|---|---|
| PHILADELPHIA REAL ESTATE | DATE RECORDED | |
| TRANSFER TAX CERTIFICATION | CITY TAX PAID | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is/is not set forth in the deed, (2) when the deed is without consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

## A.  CORRESPONDENT - All inquiries may be directed to the following person:

| | |
|---|---|
| NAME  KML LAW GROUP, P.C. | TELEPHONE NUMBER  (215) 627-1322 |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| SUITE 5000 BNY INDEPENDENCE CENTER  701 MARKET STREET | Philadelphia | PA | 19106 |

## B.  TRANSFER DATA

| | DATE OF ACCEPTANCE OF DOCUMENT |
|---|---|
| GRANTOR(S)/LESSOR(S)  SHERIFF OF PHILADELPHIA COUNTY | GRANTEE(S)/LESSEE(S)  THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE, F/K/A |

| STREET ADDRESS | | | | STREET ADDRESS | | | |
|---|---|---|---|---|---|---|---|
| Land Title Building, 100 South Broad Street, 5th Floor | | | | 3451 Hammond Avenue, Suite 150 | | | |
| CITY | STATE | ZIP CODE | | CITY | STATE | ZIP CODE | |
| Philadelphia | PA | 19110 | | Waterloo | IA | 50702 | |

## C.  PROPERTY LOCATION

| STREET ADDRESS | CITY, TOWNSHIP  BOROUGH |
|---|---|
| 2713 East Huntington Street | Philadelphia · Philadelphia |

| COUNTY | SCHOOL DISTRICT | TAX PARCEL NUMBER |
|---|---|---|
| Philadelphia | | N/A |

## D.  VALUATION DATA

| 1. ACTUAL CASH CONSIDERATION  $93,000.00 | 2. OTHER CONSIDERATION  + -0- | 3. TOTAL CONSIDERATION  = $93,000.00 |
|---|---|---|
| 4. COUNTY ASSESSED VALUE  $12,576.00 | 5. COMMON LEVEL RATIO  FACTOR  X 3.97 | 6. FAIR MARKET VALUE  = $49,926.72 |

## E.  EXEMPTION DATA

| 1A  AMOUNT OF EXEMPTION  0% | 1B. PERCENTAGE OF  INTEREST CONVEYED 0% |
|---|---|

2.      Check Appropriate Box Below for Exemption Claimed

☐   Will or intestate succession_____
     *(NAME OF DECEDENT)*                    *(ESTATE FILE NUMBER)*

☐   Transfer to Industrial Development Agency

☐   Transfer to agent or straw party  (Attach copy of agency/straw party agreement.)

☐   Transfer between principal and agent. (Attach copy of agency/straw trust agreement.) Tax paid prior deed $ _____

☐   Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation  (Attach copy of resolution.)

☒   Transfer from mortgagor to a holder of a mortgage in default  Mortgage Book JTD 1823, Page 539  Assignment of Mortgage #  doc-51854259

     Mortgagee (grantor) sold property to Mortgagor (grantee)

☐   Corrective deed. (Attach copy of the prior deed).

☐   Other  (Please explain exemption claimed, if other than listed above.) _____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE: July 13, 2012 |
|---|---|
| *Sharon Horton* | |

82-127 (Rev 6/93) (SEE REVERSE)

# EXHIBIT D

# REAL ESTATE

| | | | | | TERM/DATE | | SOLD |
|---|---|---|---|---|---|---|---|

ORIGINAL
10/4 /2011
Postponement D
11/1 /2011

| BOOK | WRIT | CASE # | COURT | TERM | NUMBER |
|---|---|---|---|---|---|
| 6 | 363 | 60363 | COMMON PLEAS | 0711 | 0509 |

**PLAINTIFF**

THE BANK OF NEW YORK TRUST COMPANY

**DEFENDANT**

LISA BUTTERLINE AND MARK S. BUTTERLINE

DATE SOLD

| REAL DEBT | STREET ADDRESS | UNIT | |
|---|---|---|---|
| $62,764.79 | 2713 EAST HUNTINGTON ST. | | MULTI ☐ |

Bankruptcy Number

| ATTORNEY | GOLDBECK, MCCAFFERTY, MCKEEVER, ESQ. | New/Edit Attorney |
|---|---|---|

Sales Status Update

FIRM Goldbeck McCafferty McKeever

111 S Independence Mall East
Suite 500
Philadelphia          PA       19106
(215) 627-1322

FIRM Goldbeck McCafferty McKeever

111 S Independence Mall East
Suite 500
Philadelphia          PA       19106
(215) 627-1322

FIRM Goldbeck McCafferty McKeever

111 S Independence Mall East
Suite 500
Philadelphia          PA       19106
(215) 627-1322

Sale Info:  Plaintiff : $93,000.00 : GOLDBECK

Philadelphia Civil Process Current Data - [Case Ledger]

Civil Reports Edit Print Filter Help

Filter On/Off  Clean Filter  Search

| Case Ledger | | | Case # | Balance |
|---|---|---|---|---|
| | | | | $172.69 |
| 10/28/2011 | 42210 | Cardanis-Grant | Advertising | $13.63 |
| 10/28/2011 | 42211 | Cardanis-Grant | Advertising | $13.63 |
| 11/1/2011 | 284022 | GOLDBECK, MCCAFFERTY, MCKEEVE | Deposit At Sale (Succ. B | $8,278.00 |
| 11/3/2011 | 42403 | Marinucci's Deli | professional fee | $1.59 |
| 11/21/2011 | 42789 | Neighborhood Leader | Advertising | $18.06 |
| 11/21/2011 | 42790 | Cardanis-Grant | Advertising | $3.19 |
| 11/30/2011 | 42934 | Cardanis-Grant | Advertising | $6.89 |
| 12/1/2011 | 42938 | Cardanis-Grant | Advertising | $6.66 |
| 12/1/2011 | 42939 | Sun Communications | Advertising | $37.74 |
| 12/2/2011 | 42990 | FIRST DISTRICT PLAZA | Location | $9.00 |
| 12/8/2011 | 43162 | Legal Intelligencer ALM | Advertising | $47.92 |
| 12/13/2011 | 43189 | Smart Devine | Professional Fees | $156.81 |
| 12/13/2011 | 43189V | Philadelphia - For Voided Check# 43189 | Professional Fees | ($156.81) |
| 12/14/2011 | 43273 | Smart Devine | Professional Fees | $156.81 |
| 12/15/2011 | 43277 | Legal Intelligencer ALM | Advertising | $55.80 |
| 12/15/2011 | 43278 | Cardanis-Grant | Advertising | $8.56 |
| 12/15/2011 | 43279 | Cardanis-Grant | Advertising | $13.63 |
| 12/15/2011 | 43280 | Legal Intelligencer ALM | Advertising | $47.51 |
| 12/24/2011 | 43532 | Cardanis-Grant | Advertising | $8.38 |
| 12/24/2011 | 43708 | Cardanis-Grant | Advertising | $7.38 |
| 12/30/2011 | 43779 | Ward | Advertising | $41.82 |
| 1/6/2012 | 43916 | City Line Abstract Company- Distribution F | Distribution Fee | $667.50 |
| 4/5/2012 | 45811 | FIRST DISTRICT PLAZA | Location | $8.88 |
| 7/11/2012 | 298857 | GOLDBECK, MCCAFFERTY, MCKEEVE | Balance On Sale | $1,261.50 |
| 7/13/2012 | 299017 | GOLDBECK, MCCAFFERTY, MCKEEVE | Additional Deposits | $3,152.11 |
| 7/19/2012 | 50695 | WATER REVENUE BUREAU- Water/Sew | Water Rents | $5,603.63 |
| 7/19/2012 | 50706 | Phila Gas Works - | POW | $229.07 |
| 7/19/2012 | 50712 | DEPARTMENT OF REVENUE - CITY TR | Commission | $2,160.00 |
| 7/19/2012 | 50713 | DEPARTMENT OF REVENUE - CITY TR | Conduct/Proc | $200.00 |
| 8/29/2012 | 301886 | *Error | Adjustment | ($1,261.50) |
| 10/6/2012 | 53050 | DEPARTMENT OF RECORDS-CITY TRA | City Transfer Tax | $1,497.80 |
| 10/6/2012 | 53071 | DEPARTMENT OF RECORDS- RECORD | Record Deed | $230.00 |
| 10/6/2012 | 53074 | Prothonotary | Acknow Deed | $4.00 |
| 5/30/2013 | 59029 | Scoop Usa | Advertising | $19.12 |
| 6/10/2013 | 59094 | Cardenas-Grant Communications | Advertising | $3.37 |

Summary for Case # = 00803 (79 detail records)

| Sum | | | $13,243.11 | $13,073.42 |
|---|---|---|---|---|

Page: N  172665  ◄ ► ◄ ► ◄  No Filter

| DEPOSITS | | | | ADVERTISING | |
|---|---|---|---|---|---|
| Check # | Date | Category | Amount | DATE | AMOUNT |
| Adjustment | 10/1/2007 | Adjustment | $116.00 | | $1,597.41 |
| 206895 | 8/20/2011 | Deposit With Writ | $1,700.00 | | $64.20 |
| 51623 | 11/1/2011 | Deposit At Sale (Su | $8,278.00 | | |
| 221802 | 7/11/2012 | Balance On Sale | $1,261.50 | | |
| 221824 | 7/13/2012 | Additional Deposits | $3,152.11 | | |
| Adjustment | 8/29/2012 | Adjustment | ($1,261.50) | | |

| POLICY # | | DISTRIBUTION | REAL DEBT | $62,764.79 |
|---|---|---|---|---|
| Received: | | AGENCY | | 21 |

**FEE**

| | |
|---|---|
| Case# | [redacted] |
| Street Addres | 372 EAST JUNIOR INGTON ST |
| Defendant | LISA BUTLERTINE AND MARK'S BUTLERTINE |
| Unit | |
| CLR | 5.53 |

| Assessment | Fair Market Value | Opening Bid | Purchase Price | | Bidding ☑ |
|---|---|---|---|---|---|
| $32,000.00 | $176,960.00 | $14,700.00 | $93,000.00 | | |

PLAINTIFF ☑    ASSIGNED ☐    STAYED ☐    THIRD PARTY ☐

| | | | | |
|---|---|---|---|---|
| Delinquent Real Estate Tax | $0.00 | | Advertising | $1,661.61 |
| Current Real Estate Tax | $0.00 | | Writ/Rec Proc ☑ | $100.00 |
| Tax Lien Sale | $0.00 | | Staying Sale | $0.00 |
| Water Rents | $5,603.63 | | Conduct/Proc ☑ | $200.00 |
| Nuisance Claim | $0.00 | | Commission | $2,160.00 |
| Meter Install | $0.00 | | Prothonotary 1 ☐ | $0.00 |
| City Transfer Tax 0.16590 | $5,308.80 ☑ | | Acknow Deed ☑ | $4.00 |
| State Transfer Tax 0.05530 | $0.00 ☐ | | Prothonotary 2 ☐ | $0.00 |
| Record Deed 3 | $230.00 ☑ | | City Attorney ☐ | $0.00 |
| PGW | $229.07 | | Deed Prepare 1 ☐ | $0.00 |
| | | | Recertification 0 | $0.00 |
| | | | Distribution Polic | $678.00 |
| Petition & Rule: | $0.00 | | Condo Fees | $0.00 |
| Search: | $0.00 | | City Law Cost | $0.00 |

| | | adjustment 10/1/2007 | $116.00 |
|---|---|---|---|
| Total Deposits | $13,246.11 | | $0.00 |
| Attorney Refund | $0.00 | | $0.00 |
| Total Charges | $16,291.11 | | $0.00 |
| Policy Fund Distribution | $0.00 | | $0.00 |
| Plaintiff Owe's | $3,045.00 | | |
| Account Balance | ($3,045.00) | | |

# EXHIBIT E



**City and County of Philadelphia**
**Office of the Sheriff**

**Defendant Asset Recovery Team**
**Land Title Building**
**100 S Broad Street, 5th Floor**
**Philadelphia, PA 19110**
**(215) 686-3537/32 (Office)    (215) 686-3554 (Fax)**

Jewell Williams                                             Lt. Monte' Guess
Sheriff                                                          D.A.R.T. Unit Supervisor

December 18, 2014

Mr. Daniel C. Levin, Esq.
510 Walnut Street
Suite 500
Philadelphia, PA 19106

RE:   **Lisa Butterline and Mark S. Butterline**
       **2713 E. Huntingdon Street**

Dear Mr. Levin:

The Defendant Asset Recovery Team (D.A.R.T.) received you inquiry for 2713 E. Huntingdon
Street; that property was judicially sold at Sheriff Sale on November 1st, 2011. That property
went to the attorney on the writ; when that is done the attorney for the bank only has to pay
the pending cost (i.e. Sheriff's cost, transfer taxes, water). The bidding did reach $93,000.00;
but since the bank owns and won the bid, they would only pay cost. Because of this your
clients are not due any monies from the Sheriff Sale.

This case is considered CLOSED.

I hope that I have been helpful; should you require any additional information; please feel free
to contact this office at your earliest convenience.

Sincerely,

Lt. Monte Guess

CC: FILE

# EXHIBIT F



**City and County of Philadelphia**
**Office of the Sheriff**

**Defendant Asset Recovery Team**
**Land Title Building**
**100 S Broad Street, 5th Floor**
**Philadelphia, PA 19110**
**(215) 686-3537/32 (Office)    (215) 686-3554 (Fax)**

| Jewell Williams | Lt. Monte' Guess |
|---|---|
| Sheriff | D.A.R.T. Unit Supervisor |

December 24, 2014

Mr. Daniel C. Levin
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697

RE:   <u>Lisa Butterline & Mark S. Butterline</u>
        <u>2713 E. Huntingdon Street</u>

Dear Mr. Levin:

The Defendant Asset Recovery Team (D.A.R.T.) is in receipt of your fax inquiring about payments made for the above property. All your questions should be directed to the law firm handling the foreclosure for the bank. The law firm will be able to give you a detailed breakdown of what was owed at the time of sale.

Goldbeck, McCafferty, McKeever, Esq.
111 S Independence Mall East
Suite 500
Philadelphia, PA 19106
215-627-1322

Again, when the Attorney on the writ wins the bid at Sheriff Sale they will not pay the amount the bid went to; they will only pay taxes, Sheriff Cost, water, Philadelphia Gas Works, etc.

Sincerely,

Lt. Monte Guess

CC: FILE