## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| LISA AND MARK BUTTERLINE, on behalf of themselves and all others similarly situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THE BANK OF NEW YORK MELLON TRUST | : | |
| COMPANY, NATIONAL ASSOCIATION fka The | : | CIVIL ACTION |
| Bank of New York Trust Company, N.A. as | : | No. 2:15-cv-01429-JS |
| successor to JPMorgan Chase Bank, N.A., as | : | |
| Trustee for Residential Asset Mortgage Products, | : | |
| Inc., Mortgage Asset-Backed Pass-Through | : | |
| Certificates, Series 2005-RP1 i/p/a Bank of New | : | |
| York Trust, Co., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant The Bank of New York Mellon Trust Company, National Association fka The

Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., *as*

*Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through*

*Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co.* ("***BONY Trust***"), for its answer

and affirmative defenses to the Second Amended Class Action Complaint of Plaintiffs Lisa and

Mark Butterline (collectively, "***Plaintiffs***") states:

## ANSWER

1.      Denied because BONY Trust lacks information and knowledge sufficient to admit

or deny the allegations in this paragraph, except BONY Trust admits only that Plaintiffs formerly

owned property located at 2713 East Huntingdon Street, Philadelphia, PA 19125 ("***Property***").

2.      Denied, except BONY Trust admits only that it is a citizen of the State of New York.

3.      Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

4.      Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

5.      Denied as legal conclusions, but admitted only that Plaintiffs invoke venue as alleged.

6.      Denied as legal conclusions, but admitted only that Plaintiffs invoke jurisdiction as alleged.

7.      Admitted.

8.      Denied because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, except BONY Trust admits only that Plaintiffs defaulted on their mortgage.

9.      Denied as legal conclusions, except BONY Trust admits only that Plaintiffs failed to meet the requirements of the mortgage, and a complaint for mortgage foreclosure was filed on or around November 15, 2007 in Philadelphia County Court of Common Pleas.

10.     Denied because the allegations in this paragraph refer to a document that speaks for itself.

11.     Denied because the allegations in this paragraph refer to a document that speaks for itself.

12.     Denied because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, except BONY Trust admits only that the Property was

listed for sheriff's sale.

13.     Denied as legal conclusions and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

14.     Denied, except BONY Trust admits only that it bid to purchase the Property for $93,000.

15.     Denied as legal conclusions, and to the extent that the allegations refer to a document that speaks for itself; and otherwise denied.

16.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, and the allegations refer to a document that speaks for itself; and otherwise denied.

17.     Denied because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, and because the allegations refer to a document that speaks for itself.

18.     Denied because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, and because the allegations refer to a document that speaks for itself.

19.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, the allegations refer to a document that speaks for itself, and otherwise denied.

20.     Denied as legal conclusions.

21.     Denied as legal conclusions.

22.     Denied as legal conclusions, and otherwise denied.

23.     Denied as legal conclusions.

24.     Denied as legal conclusions, and to the extent the allegations refer to a document that speaks for itself; and otherwise denied.

25.     Denied as legal conclusions, and otherwise denied.

26.     Denied as legal conclusions, and otherwise denied.

27.     Denied as legal conclusions, and because the allegations refer to a document that speaks for itself.

28.     Denied as legal conclusions, and to the extent the allegations refer to a document that speaks for itself, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

29.     Denied as legal conclusions, and otherwise denied.

30.     Denied as legal conclusions, and otherwise denied.

31.     Denied as legal conclusions.

32.     Denied as legal conclusions, and otherwise denied.

33.     Denied as legal conclusions, and otherwise denied.

34.     Denied as legal conclusions, but admitted only that Plaintiffs invoke the rules cited.

35.     Denied as legal conclusions, and otherwise denied.

36.     Denied as legal conclusions, and otherwise denied.

37.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph and about Plaintiffs' knowledge, and otherwise denied.

38.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph and about Plaintiffs'

knowledge, and otherwise denied.

39.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph and about Plaintiffs' knowledge, and otherwise denied.

40.     Denied as legal conclusions, and otherwise denied.

41.     Denied as legal conclusions.

42.     Denied as legal conclusions, and otherwise denied.

43.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations this paragraph, and otherwise denied.

44.     Denied because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, and otherwise denied.

45.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations about Plaintiffs' knowledge.

46.     Denied as legal conclusions, and otherwise denied, except BONY Trust admits only that Plaintiffs seek declaratory and injunctive relief and class certification under Rule 23(b)(2).

47.     Denied as legal conclusions, and otherwise denied.

48.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations this paragraph, and otherwise denied.

49.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations about Plaintiffs' knowledge.

50.     Denied as legal conclusions.

51.     BONY Trust incorporates its answers to the above paragraphs.

52.     Denied as legal conclusions, and because the allegations refer to a document that speaks for itself.

53.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph, and the allegations refer to a document that speaks for itself.

54.     Denied as legal conclusions, and because BONY Trust lacks information and knowledge sufficient to admit or deny the allegations in this paragraph.

55.     Denied as legal conclusions, and because the allegations refer to a document that speaks for itself, except BONY Trust admits only that it bid to purchase the Property for $93,000.

56.     Denied as legal conclusions, and because the allegations refer to a document that speaks for itself, and otherwise denied.

57.     Denied as legal conclusions, and otherwise denied.

58.     Denied, except BONY Trust admits only that Plaintiffs have demanded a trial by jury.

**WHEREFORE**, BONY Trust demands judgment in its favor and dismissal of Plaintiffs' Second Amended Class Action Complaint with an award of costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

1.     Plaintiffs and/or putative class members fail to state a claim upon which relief may be granted.

2.     Plaintiffs' and/or putative class members' claims are barred by the applicable

statutes of limitation.

3.      Plaintiffs' and/or putative class members' claims are barred by the doctrines of estoppel, laches, waiver and/or unclean hands.

4.      Plaintiffs' and/or putative class members' claims are barred, in whole or in part, because Plaintiffs and/or putative class members have not suffered any damages or legally cognizable harm.

5.      Plaintiffs' and/or putative class members' claims are barred, in whole or in part, because BONY Trust did not take any action, or omit to take any action, that caused any harm to Plaintiffs and/or putative class members.

6.      Plaintiffs and/or putative class members failed to mitigate their damages, if any, and therefore any recovery awarded to Plaintiffs and/or putative class members should be barred or reduced by such amount.

7.      Plaintiffs' and/or putative class members' claims are barred because their purported harm, if any, was caused by the acts or omissions of a party or parties other than BONY Trust or the agents, servants, or employees of BONY Trust, or by a person or entity over which BONY Trust had no control or duty to control.

8.      Plaintiffs' and/or putative class members' claims are barred because their purported harm, if any, was caused by the acts or omissions of the Philadelphia Sherriff's Office.

9.      Plaintiffs' and/or putative class members' claims are barred by their failure to comply with one or more conditions precedent.

10.     Plaintiffs' and/or putative class members' claims are barred by the terms of the loan documents at issue in this matter.

11.     BONY Trust denies any violation, and if one occurred, it was not willful or

intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonable adopted to avoid any such error.

12.     Any injury sustained by Plaintiffs and/or putative class members was caused by their failure to pay judgments executed against them or to respond to notices sent by BONY Trust.

13.     Plaintiffs' and/or putative class members' purported harm, if any, was caused by the actions of Plaintiffs and/or putative class members themselves and resulted from Plaintiffs' and/or putative class members' own negligence, which equaled or exceeded any alleged negligence or wrongdoing by BONY Trust.

14.     BONY Trust followed reasonable commercial banking procedures and standards.

15.     Named Plaintiffs' putative class cannot be certified as a matter of law.

16.     Plaintiffs fail to state a cause of action on behalf of a putative class because they fail to allege sufficiently the requirements of Federal Rule of Civil Procedures 23.

17.     The putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

18.     Named Plaintiffs do not represent the putative class because Plaintiffs continued to live in the Property even after the Sheriff's Sale.

19.     The Sheriff's Deed was not a contract.

20.     Plaintiffs' and/or the putative class members' claims fail for lack of consideration because the City of Philadelphia was incapable of providing consideration to BONY Trust in connection with the Sheriff's Deed.

21.     Even if the Sheriff's Deed were a contract, Plaintiffs and/or putative class members are not intended third-party beneficiaries of the Sheriff's Deed.

22.     Plaintiffs and/or the putative class members do not have standing to recover damages arising out of the sheriff's sale pursuant to the Pennsylvania Rules of Civil Procedure.

23.     Plaintiffs' and/or the putative class members' claims are barred by set off and/or recoupment.

24.     BONY Trust reserves the right to assert any additional affirmative defenses that become known as a result of discovery or further investigation and proceedings in this case.

**WHEREFORE**, BONY Trust demands judgment in its favor and dismissal of Plaintiffs' Second Amended Class Action Complaint with an award of costs, attorney's fees and such other relief as this Honorable Court may deem appropriate.

Dated:  May 4, 2018                                    Respectfully submitted,

                                                       */s/ Alexander D. Bono*
                                                       Alexander D. Bono (PA 25845)
                                                       Ryan E. Borneman (PA 203540)
                                                       Jessica Priselac (PA 208524)
                                                       Lynne E. Evans (PA 313479)
                                                       **DUANE MORRIS LLP**
                                                       30 South 17th Street
                                                       Philadelphia, PA 19103
                                                       Tel: (215) 979-1000
                                                       abono@duanemorris.com
                                                       reborneman@duanemorris.com
                                                       JPriselac@duanemorris.com
                                                       leevans@duanemorris.com


                                                       ***Attorneys for Defendant The Bank of New
                                                       York Mellon Trust Company, National
                                                       Association fka The Bank of New York Trust
                                                       Company, N.A. as successor to JPMorgan
                                                       Chase Bank, N.A., as Trustee for Residential
                                                       Asset Mortgage Products, Inc., Mortgage
                                                       Asset-Backed Pass-Through Certificates,
                                                       Series 2005-RP1 i/p/a Bank of New York
                                                       Trust, Co.***

## CERTIFICATE OF SERVICE

I certify that on May 4, 2018, the foregoing was served via the Court's ECF system, which will send notification of such filing to all counsel of record.  In accord with Local Rule 5.1.2(8)(b), I further certify that the foregoing document is available for viewing and downloading on ECF.


Dated: May 4, 2018                                              */s/ Alexander D. Bono*
                                                                          Alexander D. Bono