## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

LISA AND MARK BUTTERLINE, on behalf of   :
themselves and all others similarly situated,   :
   :
      Plaintiffs   :
   :
     v.   :    NO. 15-01429-JS
   :
THE BANK OF NEW YORK MELLON TRUST   :
COMPANY, NATIONAL ASSOCIATION   :
   :
      Defendant   :
   :

## <u>ORDER</u>

AND NOW, on this _____ day of _____, 2018 upon consideration of

Plaintiff's Motion to Amend Judgment, it is hereby ORDERED, ADJUDGED and DECREED

that said Motion is GRANTED.  Judgment in the above matter is solely entered in favor of

Plaintiffs, Lisa and Mark Butterline.

                                BY THE COURT:

                                           _____
                                                              J.

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

LISA AND MARK BUTTERLINE, on behalf of :
themselves and all others similarly situated, :
 :
   Plaintiffs :
 :
 :
   v. :
 :  NO. 15-01429-JS
THE BANK OF NEW YORK MELLON TRUST :
COMPANY, NATIONAL ASSOCIATION :
 :
   Defendant :
————————————————————:

### PLAINTIFFS' MOTION TO AMEND JUDGMENT ENTERED BY COURT

 For the reasons set forth in the accompanying Memorandum of Law in support of

Plaintiff's Motion to Amend Judgment, Plaintiff's Motion should be granted.

        Respectfully submitted,

Dated:  July 31, 2018     /s/ Daniel C. Levin
        Daniel C. Levin, Esquire

        LEVIN SEDRAN & BERMAN LLP
        510 Walnut Street, Suite 500
        Philadelphia, PA 19106

        Christopher G. Hayes, Esquire
        THE LAW OFFICE OF CHRISTOPHER G.
        HAYES
        225 S. Church Street
        West Chester, PA 19382

        William T. Wilson, Esquire
        BAILEY & EHRENBERG
        120 N. Church Street, Suite 206
        West Chester, PA 19380

        Michael Louis, Esquire
        MACELREE HARVEY, LTD.
        17 West Miner Street, PO Box 660
        West Chester, PA 19381
        *Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all others similarly situated, | : |
| | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : |
| | : |
| THE BANK OF NEW YORK MELLON TRUST | : |
| COMPANY, NATIONAL ASSOCIATION | : |
| | : |
| Defendant | : |
| | : |

NO. 15-01429-JS

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION TO AMEND JUDGMENT ENTERED BY COURT**

I.      **INTRODUCTION**

On March 19, 2015, Plaintiffs, Lisa and Mark Butterline ("Plaintiffs") brought an action

on behalf of themselves and all others similarly situated against Defendant, The Bank Of New

York Mellon Trust Company, National Association ("Defendant") for failing to reimburse

Plaintiffs and the class for surplus funds pursuant to mortgage foreclosures.  On June 20, 2018,

Defendant provided an Offer of Judgment for $25,000 directed to Plaintiffs, Lisa and Mark

Butterline.  On July 5, 2018, Plaintiffs, Lisa and Mark Butterline filed a Notice of Acceptance of

Defendant's Rule 68 Offer of Judgment on July 13, 2018 this Court entered judgment in favor of

Plaintiffs on behalf of the class.

Defendant's June 20, 2018 offer was directed solely to Plaintiffs, Lisa and Mark

Butterline, however, in entering judgment, the Court entered it in favor of Lisa and Mark

Butterline on behalf of the entire proposed class.  Plaintiffs respectfully request that the

Judgment be amended to only be entered in favor of Plaintiffs, Lisa and Mark Butterline.  This

action was not certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and

1

Defendant's Offer of Judgment was only directed to Plaintiffs, Lisa and Mark Butterline.

## II.    FACTS

Plaintiffs brought a class action complaint against Defendant for a breach of contract by way of third party beneficiary for failing to provide surplus funds to Plaintiffs and members of the class for homes which sold at a sheriff's sale and were purchased by Defendant for more than the judgment that was owed to Defendant.

After extensive briefing on the viability of the claim on June 20, 2018 Defendant provided an Offer of Judgment in favor of Plaintiffs, Lisa and Mark Butterline in the amount of $25,000 to resolve the claim.  See Exhibit "A".  This Offer of Judgment was only provided to Lisa and Mark Butterline.  In fact, the action had not been certified and had just survived a motion to dismiss filed by Defendant.  Further, notice has not been provided to the class pursuant to Rule 23 of the Federal Rules of Civil Procedure and no class members have had an opportunity to opt out or object to the proposed class.

On July 5, 2018, Plaintiffs, Lisa and Mark Butterline individually accepted Defendant's Offer of Judgment.  See Exhibit "B".  On July 13, 2018, this Court entered a judgment in favor of Lisa and Mark Butterline on behalf of the class for $25,000.  However, Defendant never directed the Offer of Judgment on behalf of the class.  See Exhibit "C" for email from defense counsel.  Further, Plaintiffs only accepted the Offer of Judgment individually and never on behalf of the class.

## III.   ARGUMENT

Under Rule 23 of the Federal Rules of Civil Procedure, before a matter can be resolved or judgment can be entered on behalf of a class, the court must consider whether the class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure.  At this time, the Court's focus

in deciding a motion under Rule 23 is on whether a class action is an appropriate vehicle for litigat[ing] the claims alleged. *Bart Dal Ponte v. American Mortgage Express Corp.*, 2006 U.S. Dist. LEXIS 57675, *7 (D.N.J. Aug. 17, 2006) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974); *In re Chiang*, 385 F.3d 256, 269-270 (3d Cir. 2004)). The Court should consider "whether the requirements of Rule 23 are met." *In Re Visa Check/Master Money Antitrust Litig.*, 280 F.3d 124, 133 (2d Cir. 2001). "[T]he legal standard is whether the evidence presented by plaintiffs establishes a reasonable basis for crediting plaintiffs' assertions." *Bynum v. District of Columbia*, 214 F.R.D. 27, 31 (D.D.C. 2003) (quotations omitted). The district should review all evidence to determine whether by preponderance of the evidence, plaintiff meets its burden under Rule 23. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320-321 (3rd Cir. 2009). Although the Court should consider factual record in evaluating the merits of the claim, disputed facts that go to the underlying claim should be viewed in a light favorable to the plaintiff. See, e.g. *In re: Prudential Insurance Company of America Sales Practices Litigation*, 962 F.Supp. at 450.

In this case, the Court has not entered a certification order pursuant to Rule 23 of the Federal Rules of Civil Procedure. Notice has not been provided to the class and class members have not had an opportunity to opt out of the class. The Offer of Judgment provided by Defendant was directed solely to Lisa and Mark Butterline. Thus, Plaintiffs respectfully request this Court amend its judgment to be entered in favor of Plaintiffs, Lisa and Mark Butterline solely.

## IV.   CONCLUSION

For the reasons stated, Plaintiffs respectfully request this Court amend its judgment to be entered solely in favor of Lisa and Mark Butterline.

Respectfully submitted,

Dated:  July 31, 2018

/s/ Daniel C. Levin
Daniel C. Levin, Esquire
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106

Christopher G. Hayes, Esquire
THE LAW OFFICE OF CHRISTOPHER G.
HAYES
225 S. Church Street
West Chester, PA 19382

William T. Wilson, Esquire
BAILEY & EHRENBERG
120 N. Church Street, Suite 206
West Chester, PA 19380

Michael Louis, Esquire
MACELREE HARVEY, LTD.
17 West Miner Street, PO Box 660
West Chester, PA 19381

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on this 31st day of July, 2018, I have served a true and correct copy of Plaintiffs' Motion to Amend Offer of Judgment upon all counsel of record via the Court's electronic notification system.

/s / Daniel C. Levin
**DANIEL C. LEVIN, ESQUIRE**

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LISA AND MARK BUTTERLINE, on behalf of
themselves and all others similarly situated,

               Plaintiffs,

        v.

THE BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION fka The
Bank of New York Trust Company, N.A. as
successor to JPMorgan Chase Bank, N.A., as
Trustee for Residential Asset Mortgage Products,
Inc., Mortgage Asset-Backed Pass-Through
Certificates, Series 2005-RP1 i/p/a Bank of New
York Trust, Co.,

               Defendant.

CIVIL ACTION
No. 2:15-cv-01429-JS

## DEFENDANT'S OFFER OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 68, Defendant The Bank of New York Mellon

Trust Company, National Association fka The Bank of New York Trust Company, N.A. as

successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products,

Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York

Trust, Co. ("*BONY Trust*") offer to allow the entry of a joint and severable judgment by the Court

in the above-captioned action in the total amount of Twenty Five Thousand Dollars and Zero Cents

($25,000.00) ("*Offer*"), inclusive of all recoverable costs, expenses and attorneys' fees incurred

by Plaintiffs as of the date of this Offer, in complete satisfaction of all claims against BONY Trust

alleged in Plaintiffs' Complaint.

This Offer is made solely for the purposes specified in Federal Rule of Civil Procedure 68, and neither this Offer, nor any judgment that may result from it, may be construed as an admission that (i) any allegations of the Complaint are true; (ii) BONY Trust is liable in this or any action; or (iii) Plaintiffs have suffered any damages, or are in any way entitled to recover any sums inclusive of costs and/or attorneys' fees.  BONY Trust expressly denies any and all liability to Plaintiffs and any judgment that may result from this Offer shall expressly so state.

The making of this Offer is a withdrawal of all previous offers, formal or informal, made by BONY Trust, and this Offer shall remain open until timely accepted or withdrawn as provided by Federal Rule of Civil Procedure 68.

This Offer will be deemed withdrawn unless Plaintiffs serve written notice of acceptance of the Offer within fourteen (14) days from the date of service.  This Offer shall not be filed with the Court unless accepted.

In the event this Offer is not timely accepted and is deemed withdrawn by the Rules, then evidence of this Offer is not admissible except in a proceeding to determine attorneys' fees, interest and costs.  In the event this Offer is not accepted and the verdict or determination is favorable to BONY Trust, as defined by Federal Rule of Civil Procedure 68, then BONY Trust shall apply for reasonable attorneys' fees, interest and costs of suit for such services as are compelled after the date of this Offer by Plaintiffs' non-acceptance of this Offer, as allowed by Federal Rule of Civil Procedure 68.

Dated:  June 20, 2018

Respectfully submitted,

/s/

Alexander D. Bono (PA 25845)
Ryan E. Borneman (PA 203540)
Jessica Priselac (PA 208524)
Lynne E. Evans (PA 313479)
**DUANE MORRIS LLP**
30 South 17th Street

Philadelphia, PA 19103
Tel: (215) 979-1000
abono@duanemorris.com
reborneman@duanemorris.com
JPriselac@duanemorris.com
leevans@duanemorris.com

*Attorneys for Defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20 day of June 2018 that a true and correct copy of the foregoing was e-mailed to counsel of record in this matter as follows:

>    Daniel C. Levin
>    DLevin@lfsblaw.com
>    **Levin Sedran Berman LLP**
>    **Counselors at Law and Proctors in Admiralty**
>    510 Walnut Street, Suite 500
>    Philadelphia, PA   19106
>
>    Christopher Hayes
>    chris@chayeslaw.com
>    The Law Office of Christopher G. Hayes
>    225 S. Church Street
>    West Chester, PA 19382
>
>    *Counsel for Plaintiffs Lisa and Mark Butterline*

/s/
Ryan E. Borneman

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

LISA AND MARK BUTTERLINE, on behalf of
themselves and all others similarly situated,

        Plaintiffs

        v.

THE BANK OF NEW YORK MELLON TRUST
COMPANY, NATIONAL ASSOCIATION

        Defendant

NO. 15-01429-JS

## PLAINTIFFS' NOTICE OF ACCEPTANCE OF
## DEFENDANT'S RULE 68 OFFER OF JUDGMENT

      Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, Plaintiffs, Lisa & Mark

Butterline, through their undersigned counsel, hereby accept and provide notice that they accept

Defendant's Rule 68 Offer of Judgment, dated June 20, 2018, attached hereto as Exhibit "A",

providing for the entry of judgment in favor of Plaintiffs and against Defendant.

                           Respectfully submitted,

Dated:  July 5, 2018

                           /s/ Daniel C. Levin
                           Daniel C. Levin, Esquire
                           LEVIN SEDRAN & BERMAN LLP
                           510 Walnut Street, Suite 500
                           Philadelphia, PA 19106

                           Christopher G. Hayes, Esquire
                           THE LAW OFFICE OF CHRISTOPHER G.
                           HAYES
                           225 S. Church Street
                           West Chester, PA 19382

                           William T. Wilson, Esquire
                           BAILEY & EHRENBERG

120 N. Church Street, Suite 206
West Chester, PA 19380

Michael Louis, Esquire
MACELREE HARVEY, LTD.
17 West Miner Street, PO Box 660
West Chester, PA 19381

*Attorneys for Plaintiffs*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a true and correct copy of the Plaintiff's Notice of Acceptance was served on

this 5th day of July, 2018 via the Court's electronic notification system.


BY:   <u>/s/ Daniel C. Levin</u>
        DANIEL C. LEVIN

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LISA AND MARK BUTTERLINE, on behalf of themselves and all others similarly situated, | : | |
| Plaintiffs, | : | |
| v. | : | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co., | : | CIVIL ACTION No. 2:15-cv-01429-JS |
| Defendant. | : | |

### DEFENDANT'S OFFER OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 68, Defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 i/p/a Bank of New York Trust, Co. (*"BONY Trust"*) offer to allow the entry of a joint and severable judgment by the Court in the above-captioned action in the total amount of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (*"Offer"*), inclusive of all recoverable costs, expenses and attorneys' fees incurred by Plaintiffs as of the date of this Offer, in complete satisfaction of all claims against BONY Trust alleged in Plaintiffs' Complaint.

This Offer is made solely for the purposes specified in Federal Rule of Civil Procedure 68, and neither this Offer, nor any judgment that may result from it, may be construed as an admission that (i) any allegations of the Complaint are true; (ii) BONY Trust is liable in this or any action; or (iii) Plaintiffs have suffered any damages, or are in any way entitled to recover any sums inclusive of costs and/or attorneys' fees. BONY Trust expressly denies any and all liability to Plaintiffs and any judgment that may result from this Offer shall expressly so state.

The making of this Offer is a withdrawal of all previous offers, formal or informal, made by BONY Trust, and this Offer shall remain open until timely accepted or withdrawn as provided by Federal Rule of Civil Procedure 68.

This Offer will be deemed withdrawn unless Plaintiffs serve written notice of acceptance of the Offer within fourteen (14) days from the date of service. This Offer shall not be filed with the Court unless accepted.

In the event this Offer is not timely accepted and is deemed withdrawn by the Rules, then evidence of this Offer is not admissible except in a proceeding to determine attorneys' fees, interest and costs. In the event this Offer is not accepted and the verdict or determination is favorable to BONY Trust, as defined by Federal Rule of Civil Procedure 68, then BONY Trust shall apply for reasonable attorneys' fees, interest and costs of suit for such services as are compelled after the date of this Offer by Plaintiffs' non-acceptance of this Offer, as allowed by Federal Rule of Civil Procedure 68.

Dated: June 20, 2018

Respectfully submitted,

/s/

Alexander D. Bono (PA 25845)
Ryan E. Borneman (PA 203540)
Jessica Priselac (PA 208524)
Lynne E. Evans (PA 313479)
**DUANE MORRIS LLP**
30 South 17th Street

2

Philadelphia, PA 19103
Tel: (215) 979-1000
abono@duanemorris.com
reborneman@duanemorris.com
JPriselac@duanemorris.com
leevans@duanemorris.com

*Attorneys for Defendant The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RP1 l/p/a Bank of New York Trust, Co.*

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 20 day of June 2018 that a true and correct copy of the

foregoing was e-mailed to counsel of record in this matter as follows:

        Daniel C. Levin
        DLevin@lfsblaw.com
        **Levin Sedran Berman LLP**
        **Counselors at Law and Proctors in Admiralty**
        510 Walnut Street, Suite 500
        Philadelphia, PA   19106

        Christopher Hayes
        chris@chayeslaw.com
        The Law Office of Christopher G. Hayes
        225 S. Church Street
        West Chester, PA 19382

        *Counsel for Plaintiffs Lisa and Mark Butterline*

        /s/
        Ryan E. Borneman

# EXHIBIT C

**Daniel Levin**

| | |
|---|---|
| **From:** | Borneman, Ryan E. <REBorneman@duanemorris.com> |
| **Sent:** | Friday, July 13, 2018 4:13 PM |
| **To:** | Daniel Levin; Christopher Hayes |
| **Cc:** | Bono, Alexander |
| **Subject:** | RE: Butterline v. Bank of New York |

Daniel,

We agree there is no certified class – the offer of judgment was to the Butterlines individually.

Regards,

Ryan



**From:** Daniel Levin <DLevin@lfsblaw.com>
**Sent:** Friday, July 13, 2018 3:19 PM
**To:** Christopher Hayes <chris@chayeslaw.com>
**Cc:** Borneman, Ryan E. <REBorneman@duanemorris.com>; Bono, Alexander <ABono@duanemorris.com>
**Subject:** Re: Butterline v. Bank of New York

Ryan

Next week I would like to discuss the order. The court issued an order of judgement for an uncertified class. It should be for only the named plaintiffs. Do you agree?

Sent from my iPhone

On Jul 13, 2018, at 2:10 PM, Christopher Hayes <chris@chayeslaw.com> wrote:

> Daniel Levin will be responsible for that.
>
> Christopher G. Hayes, Esquire
> 225 South Church St.
> West Chester, PA. 19382
> 610-431-9505
> chris@chayeslaw.com
> www.ChristopherGHayes.com
> AV Rated Since 1999

On Jul 13, 2018, at 2:03 PM, Borneman, Ryan E. <REBorneman@duanemorris.com> wrote:

1